UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JORGE CONTRERAS,<br><br>    Petitioner,<br><br>v.<br><br>RONALD DAVIS, Warden of California State Prison at San Quentin,<br><br>    Respondent. | Case No. 1:19-cv-01523-AWI-SAB<br><br>DEATH PENALTY CASE<br><br>ORDER THAT COUNSEL SHOW CAUSE WHY SANCTIONS SHOULD NOT BE IMPOSED FOR FAILURE TO OBEY THE COURT'S SCHEDULING ORDER<br><br>Deadline to Respond: January 22, 2020 |

A review of the record in this action reveals that Petitioner Jorge Contreras through counsel Brian Pomerantz and Ken Murray and Respondent Warden Ron Davis through counsel Deputy Attorneys General Kenneth Sokoler and Christina Hitomi Simpson have not complied with the Court's January 16, 2020 deadline to file a case management conference joint statement. (See Doc. No. 14 at 2-3.)

Additionally, a review of eVoucher reveals that Petitioner through counsel Pomerantz and Murray have not complied with the Court's January 16, 2020 deadline to submit an initial case budget and supporting documentation. (Id. at 3)

The Court has inherent power to sanction parties or their attorneys for improper conduct. Chambers v. Nasco, Inc., 501 U.S. 32, 43-46 (1991); Roadway Express, Inc. v. Piper, 447 U.S. 752, 766 (1980); Fink v. Gomez, 239 F.3d 989, 991 (9th Cir. 2001). District

1

courts have the inherent power to control their dockets and "in the exercise of that power, they may impose sanctions." Thompson v. Housing Auth., 782 F.2d 829, 831 (9th Cir. 1986).

Local Rule 110 provides that "failure of counsel or of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions . . . within the inherent power of the Court."

Counsel for Petitioner and Respondent respectively neither have complied with the January 16, 2020 deadline as noted above, nor contacted the Court regarding the non-compliance.

Accordingly,

1. Counsel for Petitioner and Respondent respectively shall show cause why sanctions should not be imposed by each filing a written response to this order no later than January 22, 2020 or waive any entitlement to show cause. Upon review of counsel's written response or upon a failure to respond, the Court may order a show cause hearing regarding imposition of sanctions.

2. The Clerk of the Court is directed to serve this order upon counsel for Petitioner, Brian Pomerantz (habeas@protonmail.com) and Ken Murray (kenmurraylaw@gmail.com), and counsel for Respondent, Kenneth Sokoler (kenneth.sokoler@doj.ca.gov) and Christina Hitomi Simpson (christina.simpson@doj.ca.gov).

IT IS SO ORDERED.

Dated: **January 21, 2020**

UNITED STATES MAGISTRATE JUDGE