UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JORGE CONTRERAS,<br><br>    Petitioner,<br><br>v.<br><br>RONALD DAVIS, Warden of California State Prison at San Quentin,<br><br>    Respondent. | Case No. 1:19-cv-01523-AWI-SAB<br><br>DEATH PENALTY CASE<br><br>ORDER DISCHARGING ORDER TO SHOW CAUSE<br><br>ORDER PROVIDING ADDITIONAL SCHEDULING FOR CONTINUED CASE MANAGEMENT CONFERENCE<br><br>Additional Scheduling:<br><br>Updated Joint Statement: Due by 2/17/20<br>Electronic Record: Lodged by 2/17/20<br>Initial Budget: Submitted by 2/17/20 |

    Before the Court is the joint statement of Petitioner and Respondent, through counsel, regarding case management (ECF No. 18), and their respective responses to the Court's January 21, 2020 order to show cause why sanctions should not be imposed for failure to obey its December 11, 2019 scheduling order (ECF Nos. 19 and 16 respectively).

    Counsel, in their joint statement stipulate to equitable tolling of the deadline for filing the petition and to certain pleading deadlines.

    Counsel for Petitioner respond to the show cause order by conceding inadvertent failure to comply with the Court's scheduling order and stating that notwithstanding diligent efforts, they do not yet have sufficient information to prepare an initial budget.

1

Counsel for Respondent responds to the show cause order by conceding inadvertent failure to comply with the Court's scheduling order and stating the state record is ready to be scanned for electronic lodging within three weeks.

ACCORDINGLY,

1. The Court discharges the January 21, 2020 show cause order (ECF No. 15).
2. By not later than February 17, 2020, counsel for the parties shall meet and confer and file an updated joint statement regarding case management addressing all scheduling and other matters raised by the parties and noted by the Court in its prior scheduling order (i.e. ECF No. 14).
3. By not later than February 17, 2020, counsel for Petitioner shall submit through eVoucher a complete initial budget including supporting documentation.
4. By not later than February 17, 2020, counsel for Respondent shall file a Notice of Lodging and lodge with the Court the state court record as specified below.
    a. The lodged record shall meet the following requirements:
        (i) It shall contain (a) transcripts of the state trial court proceedings; (b) appellant's and respondent's briefs on direct appeal to the California Supreme Court, and the opinion or orders of that Court; and (c) Petitioner's and Respondent's briefs in any state court habeas corpus proceedings, and all opinions, orders and transcripts of such proceedings.
        (ii) The entire record shall be Bate-stamped. Bate-stamp numbering shall be in the format AG00001, AG00002, etc. to distinguish it from other numbering systems in the record.
        (iii) The entire record shall be scanned.
        (iv) The entire record shall be converted to an optical character recognition (OCR) format.
        (v) State sealed documents shall be lodged in paper form.

        b.        The Notice of Lodging shall be filed on the Court's electronic filing system. Each item of the state court record shall be lodged as an attachment to the Notice of Lodging. For each separate attachment, the Notice of Lodging shall identify the attachment number, the Bate-stamp numbers, and the name of that part of the record, including its internal pagination, if any. For example, "Attachment #1, AG00001-AG00300 (Clerk's Transcript 1-300)." The identical identifying information shall also be included as the docket title of each electronically lodged attachment to the Notice of Lodging. To the extent possible, each separate paper volume of the state court record shall be lodged as one attachment.

        c.        The state court record need not also be lodged on CDs, and courtesy copies on CD are <u>not</u> required.

5.        The continued case management conference shall be held on February 24, 2020 at 11:15 p.m. in Department No. 9 before the undersigned as previously scheduled.

6.        Counsel are admonished that any further noncompliance with an order of the Court will be closely scrutinized for imposition of sanctions.

IT IS SO ORDERED.

Dated: __**February 4, 2020**__

UNITED STATES MAGISTRATE JUDGE

3