UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JORGE CONTRERAS,<br><br>        Petitioner,<br><br>    v.<br><br>RONALD DAVIS, Warden of San Quentin State Prison,<br><br>        Respondent. | Case No. 1:19-cv-01523-AWI-SAB<br><br><u>DEATH PENALTY CASE</u><br><br>ORDER GRANTING UNOPPOSED REQUEST TO FILE DOCUMENTS UNDER SEAL<br><br>(Doc. No. 32) |

Before the Court is Petitioner's March 3, 2020 request, by and through appointed co-counsel Brian Pomerantz and Ken Murray, to file *ex parte* and under seal his separately submitted: (i) Request to seal documents, (ii) Objections to the Guide to Case Management and Budgeting in Capital Habeas Cases in the Fresno Division of the Eastern District of California, and (iii) Proposed order on the sealing request. Petitioner states the documents proposed for sealing relate solely to confidential and privileged budgetary, attorney-client and work product matters.

Petitioner's Counsel represent that counsel for Respondent does not oppose the instant request. (Doc. No. 32 at 2.) The record reflects that no opposition has been received and the time for submitting opposition has expired. Local Rule 141(c).

The Court has reviewed the request and the noted separately submitted documents and finds good cause to grant the request.

1

Accordingly,

1. Petitioner's request is GRANTED, the Clerk of the Court is directed to file *ex parte* and under seal, with service upon only counsel for Petitioner, Brian Pomerantz and Ken Murray: (i) The request to seal documents totaling five (5) pages, (ii) The Objections to the Guide to Case Management and Budgeting in Capital Habeas Cases in the Fresno Division of the Eastern District of California totaling thirteen (13) pages, and (iii) The proposed order on the sealing request totaling one (1) page,

2. The foregoing documents and the information therein constitute confidential information which shall not be disclosed, in whole or part, to any person other than the Court and Court staff and individually named Petitioner's counsel for their use solely in connection with litigation of the habeas corpus proceeding pending before this Court,

3. No publicly filed document shall include the above documents and/or the information therein unless authorized by the Court to be filed under seal, and

4. All provisions of this order shall continue to be binding after the conclusion of this habeas corpus proceeding and specifically shall apply in the event of a retrial of all or any portion of Petitioner's criminal case, except that either party may request modification or vacation of this order upon entry of final judgment.

IT IS SO ORDERED.

Dated: __**March 16, 2020**__

UNITED STATES MAGISTRATE JUDGE