UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JORGE CONTRERAS, | Case No. 1:19-cv-01523-AWI-SAB |
| Petitioner, | <u>DEATH PENALTY CASE</u> |
| v. | ORDER REGARDING NOTICE OF INSUFFICIENCY OF LODGED RECORD |
| RONALD DAVIS, Warden of San Quentin State Prison, | (ECF No. 41) |
| Respondent. | |

    The Court, in response to concerns raised by Petitioner Jorge Contreras, through counsel, during the initial case management conference directed that the parties meet and confer regarding the sufficiency of the state record lodged electronically by Respondent on February 14, 2020, with Petitioner to file any notice of insufficiency by not later than April 24, 2020.[1]  (ECF Nos. 31 & 39 citing E.D. Cal. Local Rule 191(h)(1-2).)

    Before the Court is the notice of insufficiency in the lodged record filed by Petitioner on April 24, 2020.  (ECF No. 41.)  Therein, Petitioner states that the parties met and conferred as directed, albeit such efforts were impeded by the effects of the COVID-19 pandemic and his ongoing assembly and review of the core and non-core record.  Petitioner states his belief that:

---

[1] Respondent filed an amended index of the lodged record on February 18, 2020.

(i) he does not have copies of some of the documents listed in the index of lodged documents, (ii) there are some general and specific discrepancies in the index of lodged documents and the documents lodged including as to legibility, missing pages, and chronological order, (iii) Respondent may be amendable to amending and/or supplementing the record as lodged, noting particularly the proffered Exhibits 1-4 appended to the instant notice of insufficiency, and (iv) there are certain specified and unspecified documents allegedly in Respondent's possession but not lodged or required to be lodged under Rule 191(h)(1) that are pertinent to this proceeding and should be lodged.[2]

The record reflects that Respondent was directed to lodge the state record as described in Local Rule 191(h) which provides that:

> (1) Respondent shall as soon as possible, but in any event on or before forty-five (45) days from the date of service of the order appointing counsel, lodge with the Clerk the following: (A) transcripts of the state trial court proceedings; (B) appellant's and respondent's briefs on direct appeal to the California Supreme Court, and the opinion or orders of that Court; and (C) petitioner's and respondent's briefs in any state court habeas corpus proceedings, and all opinions, orders and transcripts of such proceedings. Lodged materials are to be marked and numbered so that they can be uniformly cited. Respondent shall file an index of the lodged materials listed above. If any items identified in paragraphs (A) through (C) above are not available, respondent shall state when, if at all, such missing material can be filed.

Petitioner challenges the sufficiency of the lodged record pursuant to Local Rule 191(h) which provides that:

> (2) If counsel for petitioner claims that respondent has not complied with paragraph (1), or if counsel for petitioner does not have copies of all the documents identified in the filed index of lodged documents, counsel for petitioner shall file a notice to that effect with the Court. Copies of any missing documents will be provided to counsel for petitioner by the Court.

The Court having reviewed Petitioner's notice of insufficiency and its attachments and the record, finds good cause to direct counsel for the parties to meet and confer on the above matters and advise the Court.

---

[2] Petitioner purports to object to the scope of Local Rule 191(h)(1).

1   Accordingly, the counsel for Petitioner and Respondent shall meet and confer on the
2 above matters and file with a Court a joint statement setting out their agreement, disagreement
3 and respective positions in the event of disagreement, by not later thirty (30) days following
4 the filed date of this order.  Current scheduling in this proceeding shall remain in effect.

IT IS SO ORDERED.

Dated:   **May 29, 2020**

UNITED STATES MAGISTRATE JUDGE