1
2
3
4
5
6
7

8                         UNITED STATES DISTRICT COURT

9                          EASTERN DISTRICT OF CALIFORNIA

10

11   JORGE CONTRERAS,                           Case No.  1:19-cv-01523-AWI-SAB

12              Petitioner,                      DEATH PENALTY CASE

13         v.                                    FINDINGS AND RECOMMENDATION
                                                 ON PETITIONER'S MOTION FOR
14   RONALD DAVIS, Warden of California State    EQUITABLE TOLLING
     Prison at San Quentin,
15                                               (ECF No. 49)
               Respondent.
16                                               OBJECTIONS DUE WITHIN THIRTY
                                                 (30) DAYS
17

18

19         Before the Court is a motion filed on July 23, 2020, by Petitioner Jorge Contreras, through

20   counsel, to equitably toll the limitations deadline under 28 U.S.C. § 2244 for the filing of his

21   federal habeas petition in this action.[1]  The motion requests that the current as tolled petition filing

22   deadline of December 9, 2020 be further equitably tolled to June 9, 2021 on grounds of

23   impediments arising from the COVID-19 pandemic.

24         On August 17, 2020, Respondent Warden Ronald Davis, through counsel, filed his

25   opposition to the equitable tolling motion.  Petitioner filed a reply in support of the equitable

26   tolling motion on August 22, 2020.  The matter was taken under submission.[2]

27   _____
     [1] On August 5, 2020, Petitioner filed a supplement to the motion.

28   [2] See ECF No. 50, at 1, n.1.

                                                1

Upon consideration of the parties' filings, the record, and controlling legal authority, the Court makes the following findings and recommendation.

## I.

## BACKGROUND AND PROCEDURAL HISTORY

On December 11, 1996, Petitioner was convicted of first degree felony murder and robbery, with the special circumstance of murder in the commission of the robbery, and sentenced to death.  See Tulare County Superior Court Case No. 37619.

On June 17, 2008, Petitioner filed his automatic appeal.  People v. George Lopez Contreras, California Supreme Court Case No. S058019.

On February 6, 2012, Petitioner filed his state habeas petition.  In re Jorge Contreras on Habeas Corpus, California Supreme Court Case No. S199915.

On December 12, 2013, the California Supreme Court affirmed Petitioner's judgment of conviction and sentence on automatic appeal.  People v. George Lopez Contreras, 58 Cal. 4th 123 (2013).

On October 9, 2019, the California Supreme Court summarily denied on the merits Petitioner's state habeas petition.  In re Jorge Contreras on Habeas Corpus, Case No. S199915.

On October 28, 2019, Petitioner commenced this federal habeas proceeding pursuant to 28 U.S.C. § 2254 by filing pro se requests for the granting of in forma pauperis status, and appointment of counsel.

On November 5, 2019, the Court granted Petitioner's requests to proceed in forma pauperis and for appointment of counsel.

On November 7, 2019, Deputy Attorney General Christina Hitomi Simpson filed her notice of appearance on behalf of Respondent.

On December 9, 2019, the Court adopted the recommendation of the Selection Board for the Eastern District of California and appointed Brian M. Pomerantz, Esq. and Ken Murray, Esq. to represent Petitioner in this federal habeas proceeding.[3]

---

[3] The order issued on December 6, 2019, and docketed on December 9, 2019. (ECF No. 12.)

On December 11, 2019, the Court set the initial case management conference, and directed counsel to meet and confer regarding initial case scheduling and to file a joint statement.

On January 22, 2020, the parties filed their joint statement, which included: (i) their agreement that Respondent would not assert the 28 U.S.C. § 2244(d)(1) limitations deadline for the filing of the federal habeas petition until December 9, 2020, i.e. one year and one day after appointment of Petitioner's counsel.

On February 26, 2020, following its review of the parties' joint statement, the Court tolled the 28 U.S.C. § 2244(d)(1) petition filing deadline to December 9, 2020, pursuant to the parties' stipulation.[4]

On February 14, 2020, Respondent lodged the record.[5]

## II.

## LEGAL STANDARD

"A habeas petitioner is entitled to equitable tolling only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." Fue v. Biter, 842 F.3d 650, 653 (9th Cir. 2016) (en banc) (quoting Holland v. Florida, 560 U.S. 631, 649 (2010)); accord Menominee Indian Tribe of Wis. v. United States, __ U.S.__, 136 S. Ct. 750, 755-56 (2016); Espinoza-Matthews v. California, 432 F.3d 1021, 1026, n.5 (9th Cir. 2005) (citing Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005)); see also Calderon v. United States Dist. Ct. (Beeler), 128 F.3d 1283, 1288-89 (9th Cir. 1997) (approving prospective equitable tolling of the one year statute of limitations under 28 U.S.C. § 2244(d) where "extraordinary circumstances" beyond a prisoner's control make it impossible to file a petition on time), partially overruled on other grounds by Calderon v. United States Dist. Ct. (Kelly V), 163 F.3d 530, 540 (9th Cir. 1998), abrogated on other grounds by Woodford v. Garceau, 538 U.S. 202 (2003).

In addition, there must be a causal link between the extraordinary circumstance and the inability to timely file the petition. Sossa v. Diaz, 729 F.3d 1225, 1229 (9th Cir. 2013)

---

[4] See ECF Nos. 12, 18, 27, 31.

[5] Respondent amended the lodged record on July 23, 2020.

1  ("[E]quitable tolling is available only when extraordinary circumstances beyond a prisoner's

2  control make it impossible to file a petition on time and the extraordinary circumstances were the

3  cause of the prisoner's untimeliness.").  A literal impossibility to file, however, is not required.

4  Grant v. Swarthout, 862 F.3d 914, 918 (9th Cir. 2017) (stating that equitable tolling is appropriate

5  even where "it would have technically been possible for a prisoner to file a petition," so long as the

6  prisoner "would have likely been unable to do so.").

7       Equitable tolling is limited to rare and exceptional circumstances and typically applied

8  sparingly.  Cadet v. State of Florida Department of Corrections, 853 F.3d 1216, 1221 (11th Cir.

9  2017).  It may be appropriate where external forces, rather than a petitioner's lack of diligence,

10  account for the failure to file a timely claim.  Miles v. Prunty, 187 F.3d 1104, 1107 (9th Cir. 1999);

11  see also Doe v. Busby, 661 F.3d 1001, 1015 (9th Cir. 2011) (the effort required is what a

12  reasonable person might be expected to deliver under his or her particular circumstances).  Among

13  the factors that courts have considered relevant in deciding whether equitable tolling of the

14  limitations period is appropriate are the complexity of the legal proceedings and whether the state

15  would suffer prejudice from the delay.  Hoyos v. Wong, Case No. 09-CV-0388 L (NLS), 2010 WL

16  596443, at **4, 5 (S.D. Cal. Feb. 16, 2010).

17       This "exercise of a court's equity powers must be made on a case-by-case basis" and it

18  "enables courts to meet new situations that demand equitable intervention, and to accord all the

19  relief necessary to correct particular injustices."  Holland, 560 U.S., at 649–50.  The petitioner

20  "bears the burden of showing that this extraordinary exclusion should apply to him."  Miranda v.

21  Castro, 292 F.3d 1063, 1065 (9th Cir. 2002); accord Milam v. Harrington, 953 F.3d 1128, 1132

22  (9th Cir. 2020).

### III.

### ARGUMENT

25       Petitioner supports his further tolling motion by pointing to general impacts from the

26  COVID-19 pandemic including: (i) continuing states of emergency at national, state and local

27  levels and within this Court, (ii) social distancing and travel restrictions, (iii) stay-at-home orders,

28  (iv) cancellation of prison visits, and (v) remote schooling and attendant parental childcare

1   responsibilities.  (ECF No. 49, at 2-17; see also ECF No. 49-2, at 3-4; ECF No. 49-3,  49-4, 49-5.)

2       Petitioner also points to case specific impacts from the ongoing COVID-19 pandemic that

3   have and will impede: (i) core and non-core record assembly and review, (ii) review of evidence,

4   (iii) the mitigation investigation, and (iv) claim development and related discovery, travel, in-

5   person meetings and interviews with Petitioner, experts, and lay witnesses, and rendition of expert

6   services.  (ECF No. 49, at 7-17; ECF No. 49-2, at 2-5.)  At bottom, Petitioner argues the defense

7   team "will continue to be unable to provide effective representation to their client until there is a

8   vaccine available or the transmission rate of COVID-19 dramatically drops."  (ECF No. 49, at 15,

9   citing ECF No. 49-3, at 2.)

10      Respondent opposes COVID-19 based anticipatory equitable tolling, arguing that the

11  motion is premature and should be denied without prejudice.  (ECF No. 52,  at 2, 4.)  Respondent

12  points to the recent Ninth Circuit decision in Smith v. Davis, 953 F.3d 582 (9th Cir. 2020) (en

13  banc) as authority for the proposition that equitable tolling of § 2244's limitations period is

14  available only retrospectively, i.e. after the filing of an untimely petition.  Respondent further

15  argues that "[i]f [Petitioner] cannot file[] a petition that includes all of his intended claims by

16  December 9, 2020, then on or before that date, he could file a 'protective petition' that includes the

17  claims that he has fully developed, thus ensuring that those claims are timely."  (ECF No. 52, at 3.)

18  Afterward, according to Respondent's counsel, Petitioner "could move [to] amend the petition

19  with any additional claims and, [at] the same time, seek equitable tolling for those claims.  See 28

20  U.S.C. § 2242; Fed. R. Civ. P. 15(a)."  (Id.)

21      Petitioner replies that the holding in Smith is not irreconcilable with Beeler; that Smith

22  does not impose a blanket ban on prospective equitable tolling; and that the COVID-19 pandemic

23  continues to be an extraordinary circumstance that has already prevented the timely filing of a

24  complete federal habeas petition notwithstanding his counsels' exercise of reasonable diligence.

25  (ECF No. 53, at 5-13.)  Petitioner replies that timely filing of a shell petition in lieu of prospective

26  equitable tolling, the approach espoused by Respondent, would deny Petitioner a constitutionally

27  adequate federal habeas petition and needlessly consume scarce judicial resources necessary to

28  resolve post-petition matters relating to amendment, tolling and exhaustion.  (Id.)  Petitioner

1   replies that notwithstanding continuing diligence, the extraordinary circumstances of the COVID-

2   19 pandemic render him presently unable to file a complete federal habeas petition by December 9,

3   2020.  (ECF No. 53, at 15.)

4                                      **IV.**

5                                   **ANALYSIS**

6          The undersigned finds that equitable tolling of the AEDPA[6] limitations deadline is

7   available prospectively, and that Petitioner is entitled to further equitable tolling to June 9, 2021,

8   based upon his ongoing reasonable diligence and the impact of the present extraordinary

9   circumstances of the continuing COVID-19 pandemic on his case.  The reasons for the Court's

10  findings are explained below.

11         **A.      Availability of Prospective Equitable Tolling**

12         This Court has rejected Respondent's identical argument that "the recent decision of the

13  Ninth Circuit in <u>Smith</u> effectively eliminates prospective equitable tolling of the AEDPA statute of

14  limitations in all cases."  <u>See</u> <u>Cowan v. Davis</u>, No. 1:19-CV-00745-DAD, 2020 WL 4698968, at

15  *3 (E.D. Cal. Aug. 13, 2020); <u>Brown v. Davis</u>, No. 1:19-CV-01796, 2020 WL 5069654, at * 5

16  (E.D. Cal. August 27, 2020).  The <u>Cowan</u> Court surveyed the legal authorities, stating that:

17           The Supreme Court has not held that equitable tolling of the 28 U.S.C. § 2244
             deadline is unavailable prior to filing of an untimely petition.  Moreover, the
18           Ninth Circuit has long countenanced prospective equitable tolling.  <u>See</u> <u>Beeler</u>,
             128 F.3d at 1285, 1289 (finding no basis for upsetting the district court's decision
19           to grant the [P]etitioner's request to prospectively equitably toll the AEDPA
             statute of limitations and extend the filing date for his federal habeas petition due
20           to a substitution of habeas counsel over which, [P]etitioner had no control);
             <u>accord</u> <u>Hargrove v. Brigano</u>, 300 F.3d 717, 721 (6th Cir. 2002) ("[W]e find that
21           prospectively tolling § 2244(d)(1)'s one year limitation period was reasonable in
             this case.")
22
             District judges of this court have, of course, long followed <u>Beeler</u> and therefore
23           authorized prospective equitable tolling.  <u>See e.g.,</u> <u>Williams v. Chappell</u>, No.
             1:12-CV-01344 LJO, 2013 WL 3863942, at **4-5 (E.D. Cal. July 24, 2013)
24           ("Prospective equitable tolling has been practiced in California federal cases since
             [<u>Beeler</u>].") (citing cases); <u>Kennedy v. Warden, San Quentin State Prison</u>, No.
25           2:13-CV-02041 LKK KJ, 2014 WL 1513371, at *8 (E.D. Cal. Apr. 16, 2014)
             (recommending pre-petition tolling, noting that "[P]etitioner has shown a number
26           of courts in this circuit have found equitable tolling appropriate pre-petition.
             Respondent cites no authority to support his position to the contrary."), findings
27

28  _____
    [6] Antiterrorism and Effective Death Penalty Act of 1996.

                                        6

and recommendations adopted at ECF No. 35 (E.D. Cal. Jun. 17, 2014); <u>Bunyard v. Davis</u>, No. 2:15-cv-01790 WBS AC DP, 2016 WL 128429, at *5 (E.D. Cal. Jan. 12, 2016) ("[T]he court concludes that the 68-day delay in appointment of counsel in this case, considered in light of the age and complexity of the case (including the fact of the penalty retrial and the size of the record), constitutes an exceptional circumstance outside [P]etitioner's control that prevents him from filing within the one-year period."); <u>Whalen v. Warden, California State Prison at San Quentin</u>, No. 1:14-cv-01865-LJO-SAB, 2015 WL 5359833, at **4-6 (E.D. Cal. Sept. 14, 2015) ("Petitioner's request for assistance from counsel was delayed the noted 82 days through no fault of his own.  For this reason and those discussed below, he was effectively unable to prepare the petition during the period of delay," and also citing the need to develop and present additional claims, the fact that the record was incomplete and voluminous, that the issues were complex, and the lack of demonstrated prejudice to the respondent).

Other federal district courts in California have relied upon the Ninth Circuit's holding in <u>Beeler</u> in granting prospective equitable tolling of the AEDPA limitations period.  <u>See e.g.</u> <u>Tully v. Davis</u>, No. 18-CV-04763-EMC, 2019 WL 1676080, at *3 (N.D. Cal. April 17, 2019) (the lack of appointed counsel for 85 days warranted tolling, noting the volume of the record, the complex nature of capital habeas litigation, and respondent's waiver of the statute of limitations for the requested period of tolling); <u>Hoyos</u>, 2010 WL 596443, at *6 (217 day delay in appointment of counsel warranted a period of tolling, concluding that "just over six months of equitable tolling will allow counsel an opportunity to complete record review, investigation, a mental health evaluation of [P]etitioner, and file the habeas petition."); <u>cf.</u> <u>Weaver v. Davis</u>, No. 18-CV-2888 BTM (LL), 2019 WL 2743969, at *3 (S.D. Cal. July 1, 2019) (denying without prejudice pre-petition equitable tolling where [P]etitioner failed to show extraordinary circumstances preventing the timely filing of his federal petition).

In short, under <u>Beeler</u>, the law of the Ninth Circuit has long been that prospective equitable tolling of the AEDPA statute of limitations is appropriate in capital habeas cases where a fact specific showing justifying such equitable tolling has been made.  In <u>Smith</u>, a non-capital federal habeas action, the question of prospective tolling of the AEDPA statute of limitation was not even before the court.  Rather, in that case the [P]etitioner had filed his federal petition two months after the expiration of the deadline for seeking federal habeas relief. <u>Smith</u>, 953 F3d at 587.   The Ninth Circuit, sitting <u>en banc</u>, rejected the [P]etitioner's retrospective "stop-clock" argument (i.e. that the limitations period was tolled during the two months delay in providing him with the trial court record), because the [P]etitioner could not show he had exercised diligence during the ten months thereafter that he otherwise had to prepare and file his federal petition.  n.3  The court in that case found the [P]etitioner had simply failed to show that he exercised the diligence required for equitable tolling under <u>Holland</u> before, during, and after he had obtained the state court record.  953 F.3d at 601-02.  In doing so, the Ninth Circuit merely held that the length of any equitable tolling cannot be mechanically determined and that the existence of extraordinary circumstances does not automatically result in equitable tolling absent a showing of the exercise of diligence through the entire time period.  <u>Id.</u> at 601.   That holding does not prohibit prospective equitable tolling of the AEDPA statute of limitations based upon extraordinary circumstances that have already taken place and had their impact (i.e. the COVID-19 pandemic), where a finding has been made by the court that those ongoing circumstances make the timely filing of a complete federal habeas petition unlikely if not impossible and where petitioner's counsel has demonstrated, and committed to the continued exercise of due

diligence.

-----------------------------------FOOTNOTE-------------------------------------------

n.3 The "stop-clock" approach extends the limitations period by the duration of the impediment to filing the petition, regardless of whether petitioner was reasonably diligent after the impediment was removed.  See Smith, 953 F.3d, at 586.

----------------------------------END FOOTNOTE---------------------------------------

Cowan, 2020 WL 4698968, at **3-4.

The Court in Cowan rejected respondent's argument that Smith implicitly overruled Beeler, stating that:

> Of course, the Ninth Circuit did not address this issue [of prospective equitable tolling] in Smith because it was clearly not even before the court in that case.  n.4. That decision can't be interpreted as deciding a question it didn't address. Moreover, the decision in Beeler remains binding Ninth Circuit precedent with respect to the court's authority to grant prospective equitable tolling of the AEDPA statute limitations where, as here, it is supported by an appropriate showing.  The Ninth Circuit in *Smith* certainly did not expressly overrule Beeler; indeed, it did not even mention the decision in Beeler.  In Smith, the court analyzed the Holland factors retrospectively on facts where an untimely federal petition had been filed and the impeding extraordinary circumstance abated long before the AEDPA limitations period had expired.  See Smith, 953 F.3d at 589-91, 598-600.  In Beeler, the court analyzed the Holland factors prospectively on facts where the petitioner sought pre-petition tolling in the face of an impediment that was ongoing during the AEDPA limitations period.  See 128 F.3d at 1289. The two cases, consistent on the law and distinguishable on their facts, are not irreconcilable.  See Miller v. Gammie, 335 F.3d 889, 893, 900 (9th Cir. 2003) (circuit precedent is implicitly overruled where intervening higher authority undercuts the underlying theory or reasoning, such that the cases are clearly irreconcilable); accord Organic Cannabis Foundation, LLC v. Comm'r., 962 F.3d 1082, 1092-93 (9th Cir. 2020); see also Close v. Sotheby's, Inc., 894 F.3d 1061, 1072-73 (9th Cir. 2018) (if a court can apply prior circuit precedent without running afoul of intervening authority, it must do so).
>
> -----------------------------------FOOTNOTE-------------------------------------------
>
> n.4 As the court in Smith itself acknowledged, "we granted rehearing en banc to resolve a conflict within our cases about the nature of the diligence required for a petitioner to be eligible for equitable tolling."  953 F.3d, at 587.
>
> ----------------------------------END FOOTNOTE---------------------------------------
>
> Of course, "overrulings by implication are disfavored, and, in the best of circumstances, a [court] ought not lightly presume the implicit overruling of an established circuit precedent."  United States v. Chhien, 266 F.3d 1, 11 (1st Cir. 2001) (citing Stewart v. Dutra Constr. Co., 230 F.3d 461, 467 (1st Cir. 2000)); see also Cooper v. MRM Inv. Co., 367 F.3d 493, 507 (6th Cir. 2004) ("Implicit overrulings, however, are disfavored . . . . When possible, we will distinguish

seemingly inconsistent decisions rather than find an overruling by implication."); <u>Mickens v. Taylor</u>, 240 F.3d 348, 359 (4th Cir. 2001) ("[O]verruling by implication is not favored."), aff'd, 535 U.S. 162 (2002); <u>SEIU Local 121RN v. Los Robles Reg'l Med. Ctr.</u>, No. 2:18-CV-03928-SVW-RAO, 2019 WL 1063389, at *10 (C.D. Cal. Jan. 15, 2019) ("Until the Ninth Circuit affirmatively answers the question of whether prior authority was implicitly overruled by intervening higher authority, the district court is constrained to apply binding Ninth Circuit precedent."); <u>Scheafnocker v. Comm'r of I.R.S.</u>, No. CIV S-05-2002 RRB EFB PS, 2008 WL 478009, at *2 (E.D. Cal. Feb. 19, 2008) (rejecting the implicit overruling of binding precedent where the intervening higher authority did not directly reach the issue considered in the prior precedent [i.e. equitable tolling in the context of a tax refund claim versus a wrongful levy claim] such that the context of the analysis was different). While there may arguably be some conceivable tension between the decisions in <u>Beeler</u> and <u>Smith</u>, that is an insufficient basis upon which to conclude that the former was implicitly overruled by the latter. <u>See Aleman Gonzalez v. Barr</u>, 955 F.3d 762, 768-69 (9th Cir. 2020); <u>United States v. Walker</u>, 953 F.3d 577, 581 (9th Cir. 2020).

Under respondent's interpretation of the decision in <u>Smith</u>, a petitioner faced with an ongoing extraordinary circumstance impeding completion of the federal petition either would need to: (i) prepare and timely file in federal court a shell (i.e. incomplete) petition, later move to amend it, and then seek relation back or equitable tolling on a claim by claim basis, or (ii) file an untimely federal petition that violates case scheduling and risks dismissal and sanctions. But neither equity nor the holding in <u>Smith</u> require that in all cases petitioner be bound to these options and the concomitant consumption of extremely scarce judicial resources. Indeed, in <u>Holland</u> the Supreme Court recognized that flexibility is inherent in equity in order to meet new situations that demand equitable intervention. <u>See</u> 560 U.S. at 650. Moreover, the Ninth Circuit in <u>Smith</u> acknowledged that equity is not meant to create blanket, prospective rules, but rather to address case specific circumstances. <u>See</u> 953 F.3d at 590.

<u>Cowan</u>, 2020 WL 4698968, at **4-5.

The Court's reasoning in <u>Cowan</u> has equal application here. Nothing before the Court provides a basis to find otherwise.

**B.      Entitlement to Prospective Equitable Tolling Due to COVID-19**

The Court has found, on facts then before it, that the ongoing exceptional circumstances arising from the COVID-19 pandemic provided a basis upon which to grant prospective equitable tolling where, despite continuing reasonable diligence, present impediments of the pandemic make it unlikely a proper federal habeas petition can be completed and filed prior to the requested as tolled deadline. <u>See Cowan</u>, 2020 WL 4698968, at *6; <u>Brown</u>, 2020 WL 5069654, at *8.

The Court in <u>Cowan</u> noted that, "[a]t the time of this order, the courthouses of this district have been closed to the public by General Order for months and will remain so for the foreseeable future, the Judicial Council of the Ninth Circuit has certified that emergency conditions existing in

1  the Eastern District of California justifying the temporary suspension of the 70–day period to bring

2  criminal defendants to trial, and that this Court's ability to function normally has been severely

3  impaired as a result of the ongoing pandemic."[7]  Nothing has changed.

4       Petitioner has pointed to present case specific impacts from the continuing COVID-19

5  pandemic that have and will impede record assembly and review, lay and expert discovery, claim

6  investigation and development, and preparation of a complete federal habeas petition,

7  notwithstanding counsel's continuing reasonable diligence.  (ECF No. 49, at 7-17; ECF No. 49-2,

8  at 2-5; ECF No. 49, at 15, citing ECF No. 49-3, at 2); see also McCleskey v. Zant, 499 U.S. 467,

9  498 (1991) (in a pre-AEDPA case, stating that "petitioner must conduct a reasonable and diligent

10  investigation aimed at including all relevant claims and grounds for relief in the first federal habeas

11  petition."), superseded by statute as recognized in Banister v. Davis, __U.S.__, 140 S. Ct. 1698,

12  1707 (2020).[8]

13       Relatedly, the Court observes the amended lodging of the record in this case spans 10,820

14  pages including: the 204 page supplemental opening brief stating 10 claims including subclaims,

15  the California Supreme Court's 68 page reasoned opinion affirming judgment of conviction and

16  sentence on automatic appeal, and the 213 page state habeas corpus petition stating 14 claims and

17  subclaims supported by 205 exhibits totaling 4109 pages.   (See ECF Nos. 44-48; see also

18  McFarland v. Scott, 512 U.S. 849, 855-56 (1994) (an attorney's assistance in preparing a capital

19  habeas petition is crucial owing to the complex nature of capital habeas proceedings and the

[7] See In re Approval of the Judicial Emergency Declared in the Eastern District of California. adopted by the Judicial Council of the Ninth Circuit on April 16, 2020.

[8] Two district courts within the Ninth Circuit have addressed requests for prospective equitable tolling based on the impact of the COVID-19 pandemic following the decision in Smith and have reached different conclusions.  In one of those cases, the motion for prospective equitable tolling was denied without prejudice and the petitioner was directed to file a shell petition which could later be amended (i.e. the same ruling Respondent seeks here).  See Fitzgerald v. Shinn, No. CV-19-5219-PHX-MTL, 2020 WL 3414700, at **4–5 (D. Ariz. June 22, 2020).  In that case, the court acknowledged the Ninth Circuit's holding in Beeler but concluded, without analysis, that the decision in Smith "implicitly rejects prospective tolling in this Circuit."  2020 WL 3414700, at *3.  In contrast, another court has granted a motion for prospective equitable tolling in the wake of Smith, recognizing that "the extraordinary circumstance of the COVID-19 pandemic is ongoing, and at the moment it is preventing [petitioner] from filing a timely amended petition."  Dunn v. Baca, No. 3:19-CV-00702-MMD-WGC, 2020 WL 2525772, at *2 (D. Nev. May 18, 2020).  For the reasons explained above, the Court concludes that the decision in Beeler remains binding precedent in this circuit and, accordingly, that prospective equitable tolling is both available and appropriate in light of the showing made by Petitioner in this case.

1  seriousness of the death penalty).

2  Respondent does not address such matters.  Indeed, Respondent does not argue the <u>Holland</u>

3  factors at all, seemingly conceding by implication that: (i) Petitioner has been reasonably diligent,

4  and (ii) the COVID-19 pandemic is an ongoing extraordinary circumstance.

5  Additionally, Respondent does not even suggest the possibility that he would suffer

6  prejudice should the requested relief be granted here.  The Court finds absolutely no reason to

7  believe that Respondent will suffer prejudice from the relatively brief (six month) further delay in

8  filing of the petition sought by Petitioner's counsel.  Nothing suggests any significant impact upon

9  the ability of Respondent to oppose any challenges raised by Petitioner to his underlying 1996

10  judgment of conviction and sentence.

11  For the reasons stated, the Court finds that Petitioner has carried his burden of showing that

12  notwithstanding the continuing exercise of reasonable diligence, the present extraordinary

13  circumstances of the COVID-19 pandemic make it unlikely that a proper federal habeas petition in

14  this case can be completed and filed prior to the requested, as tolled, deadline of June 9, 2021.

15  <u>Holland</u>, 560 U.S., at 649–50; <u>Miranda</u>, 292 F.3d, at 1065; <u>see</u> <u>also</u> <u>Grant</u>, 862 F.3d, at 918; Rules

16  Governing § 2254 Cases, Rule 2, 28 U.S.C.A. foll. § 2254.  For the same reasons, the Court finds

17  that were a motion for equitable tolling to accompany a federal habeas petition filed on June 9,

18  2021, Petitioner would carry his burden on the motion.

19  / / /

20  / / /

21  / / /

22  / / /

23  / / /

24  / / /

25  / / /

26  / / /

27  / / /

28  / / /

**V.**

**FINDINGS AND RECOMMENDATION**

Accordingly, based upon the findings above, it is recommended that the motion for further equitable tolling to and including June 9, 2021 (ECF No. 49) be granted.

These findings and recommendation will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within **thirty (30) days** after the filed date of these findings and recommendation, either party may file written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendation."  Any failure to file objections within the specified time may result in the waiver of rights on appeal.  Wilkerson v. Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **September 18, 2020**

UNITED STATES MAGISTRATE JUDGE