UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JORGE CONTRERAS,<br><br>Petitioner,<br><br>v.<br><br>RONALD DAVIS, Warden of California State Prison at San Quentin,<br><br>Respondent. | Case No. 1:19-cv-01523-AWI-SAB<br><br>DEATH PENALTY CASE<br><br>FINDINGS AND RECOMMENDATION ON PETITIONER'S SECOND MOTION FOR EQUITABLE TOLLING<br><br>(ECF No. 65)<br><br>FOURTEEN (14) DAY DEADLINE TO OBJECT |

On April 20, 2021, Petitioner Jorge Contreras, through counsel, moved to equitably toll the limitations deadline under 28 U.S.C. § 2244 for the filing of his federal habeas petition in this action. The motion, Petitioner's second, requests that the current, as tolled petition filing deadline of June 9, 2021, be further equitably tolled to and including December 9, 2021.

Respondent Warden Ronald Davis, through counsel, timely filed his response to the motion on May 11, 2021. Petitioner timely filed a reply in support of the motion on May 20, 2021. No hearing date has been set and the undersigned finds that none is required. The matter was taken under submission.[1]

Upon consideration of the parties' filings, the record, and controlling legal authority, the undersigned makes the following findings and recommendation.

---
[1] See ECF No. 67 at 1, n.1.

1

## I.

## BACKGROUND

On December 11, 1996, Petitioner was convicted of first degree felony murder and robbery, with the special circumstance of murder in the commission of the robbery, and sentenced to death. See Tulare County Superior Court Case No. 37619.

On June 17, 2008, Petitioner filed his automatic appeal. People v. George Lopez Contreras, California Supreme Court Case No. S058019.

On February 6, 2012, Petitioner filed his state habeas petition. In re Jorge Contreras on Habeas Corpus, California Supreme Court Case No. S199915.

On December 12, 2013, the California Supreme Court affirmed Petitioner's judgment of conviction and sentence on automatic appeal. People v. George Lopez Contreras, 58 Cal. 4th 123 (2013).

On October 9, 2019, the California Supreme Court summarily denied on the merits Petitioner's state habeas petition. In re Jorge Contreras on Habeas Corpus, Case No. S199915.

On October 28, 2019, Petitioner commenced this federal habeas proceeding pursuant to 28 U.S.C. § 2254 by filing pro se requests for *in forma pauperis* status and appointment of counsel.

On December 9, 2019, the Court adopted the recommendation of the Selection Board for the Eastern District of California and appointed Brian M. Pomerantz, Esq. and Ken Murray, Esq. to represent Petitioner in this federal habeas proceeding.[2]

On February 14, 2020, Respondent lodged the record.[3]

On February 26, 2020, the Court tolled the 28 U.S.C. § 2244(d)(1) petition filing deadline to December 9, 2020 pursuant to the parties' stipulation regarding delay in appointment of federal habeas counsel.[4]

On September 18, 2020, in response to Petitioner's first motion for equitable tolling filed July 23, 2020 (ECF No. 49), the undersigned issued his findings and recommendation that

---

[2] The order issued on December 6, 2019 and docketed on December 9, 2019. (ECF No. 12.)
[3] Respondent amended the lodged record on July 23, 2020. (ECF Nos. 44-48.)
[4] See ECF Nos. 12, 18, 27, 31.

equitable tolling of the 28 U.S.C. § 2244(d)(1) petition filing deadline was available prospectively, and that Petitioner was entitled to further equitable tolling to June 9, 2021. (ECF No. 55.)

On October 23, 2020, the assigned United States District Judge adopted-in-full the undersigned's findings and recommendation granting Petitioner's first motion for further equitable tolling of the AEDPA[5] habeas petition deadline to June 9, 2021 based upon Petitioner's ongoing reasonable diligence and impacts of the continuing COVID-19 pandemic then before the Court. (ECF No. 59.)

## II.

## DISCUSSION

Petitioner now argues that notwithstanding continuing diligent efforts by his counsel and defense team, the COVID-19 impacts identified in the prior tolling motion continue as extraordinary circumstances impeding investigation, development and presentation of a compete federal habeas petition prior to December 9, 2021. (ECF No. 65 at 5-17; ECF Nos. 49-2 through 49-5.) He observes the COVID-19 pandemic remains dangerous, with continuing states of judicial and governmental emergency, limited vaccinations, and unvaccinated family members of the defense team. (ECF No. 65 at 6; ECF No. 70 at 2-4.) He observes Petitioner's present refusal to be vaccinated. (ECF No. 70 at 4.)

Petitioner argues that counsel and the defense team have and will continue their diligent efforts at: conducting online research; remotely communicating with Petitioner and prior counsel; drafting the record based claims; requesting, assembling and reviewing the core and non-core record; researching and locating potential witnesses and preparing for interviews; researching and consulting with potential experts; preparing a presumptive mitigation plan; and consulting with the defense team. (ECF No. 65 at 5-17; ECF Nos. 49-2 through 49-5.)

Petitioner argues that the ongoing COVID-19 pandemic has and will limit: contact prison visits, interviews and expert evaluations; collection of core and non-core records;

---

[5] Antiterrorism and Effective Death Penalty Act of 1996.

3

obtaining background materials; claim investigation and development including in-person interviews of potential witnesses domestically, and in Mexico where COVID-19 and crime related travel limitations persist; consultation with experts; and the time and resources counsel and the defense team can devote this proceeding. (Id.; see also ECF No. 70 at 4-5.)

Petitioner argues that the impact of these COVID-19 limitations is particularly pronounced in this case due to: the complexity of issues; the extent of the investigation required in this case, consistent with American Bar Association (hereinafter "ABA") guidelines for defense counsel at capital trials, incorporated in the Court's Criminal Justice Act ("CJA") plan; Petitioner's status as a Mexican national whose primary language is Spanish; and Petitioner's present refusal to be vaccinated. (Id.; ECF No. 70 at 2.)

Respondent opposes any further equitable tolling of the applicable limitations deadline, revisiting argument previously considered and rejected by the Court that prospective equitable tolling is unavailable in the Ninth Circuit following the decision in Smith v. Davis, 953 F.3d 582 (9th Cir. 2020) (*en banc*), rendering the pending motion premature. (ECF No. 69 at 2.) Still, Respondent acknowledges the Court's previous rejection of this argument and in the event it does so again, states his non-opposition to an additional ninety (90) days of equitable tolling based on the ongoing COVID-19 pandemic and the information set out in Petitioner's motion, as to claims not already barred by the statute of limitations. (Id.)

Respondent argues that additional equitable tolling exceeding ninety (90) days is unsupported by the instant motion. Respondent observes the availability and distribution of COVID-19 vaccines and agues "a reasonable likelihood that the impediments now facing Petitioner, including school closures, the closures of buildings that contain background records, travel limitations, and prison visiting restraints may subside appreciably sooner than December 2021." (Id. at 2-3.) Respondent argues that "should the current progress against COVID-19 ultimately stall or recede, Petitioner could then seek additional tolling." (Id. at 3.)

Respondent further argues that the ABA guidelines are not alone binding on capital habeas counsel or normative of a reasonable capital habeas defense investigation. (Id. citing Bobby v. Van Hook, 558 U.S. 4, 8-9 (2009); Harrington v. Richter, 562 U.S. 86, 102-03

(2011), quoting Jackson v. Virginia, 443 U.S. 307, 332 n.5 (1979).)

"A habeas petitioner is entitled to equitable tolling only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." Fue v. Biter, 842 F.3d 650, 653 (9th Cir. 2016) (*en banc*), quoting Holland v. Florida, 560 U.S. 631, 649 (2010); see also Espinoza-Matthews v. California, 432 F.3d 1021, 1026, n.5 (9th Cir. 2005), citing Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005); Calderon v. United States Dist. Ct. (Beeler), 128 F.3d 1283, 1288-89 (9th Cir. 1997) (approving prospective equitable tolling of the one year statute of limitations under 28 U.S.C. § 2244(d) where "extraordinary circumstances" beyond a prisoner's control make it impossible to file a petition on time), partially overruled on other grounds by Calderon v. United States Dist. Ct. (Kelly V), 163 F.3d 530, 540 (9th Cir. 1998), abrogated on other grounds by Woodford v. Garceau, 538 U.S. 202, 206 (2003).

In addition, there must be a causal link between the extraordinary circumstance and the inability to timely file the petition. Sossa v. Diaz, 729 F.3d 1225, 1229 (9th Cir. 2013) ("[E]quitable tolling is available only when extraordinary circumstances beyond a prisoner's control make it impossible to file a petition on time and the extraordinary circumstances were the cause of the prisoner's untimeliness."). A literal impossibility to file, however, is not required. Grant v. Swarthout, 862 F.3d 914, 918 (9th Cir. 2017) (stating that equitable tolling is appropriate even where "it would have technically been possible for a prisoner to file a petition," so long as the prisoner "would have likely been unable to do so.").

Equitable tolling is limited to rare and exceptional circumstances and typically applied sparingly. Cadet v. State of Florida Department of Corrections, 853 F.3d 1216, 1221 (11th Cir. 2017). It may be appropriate where external forces, rather than a petitioner's lack of diligence, account for the failure to file a timely claim. Miles v. Prunty, 187 F.3d 1104, 1107 (9th Cir. 1999); see also Doe v. Busby, 661 F.3d 1001, 1015 (9th Cir. 2011) (the effort required is what a reasonable person might be expected to deliver under his or her particular circumstances). Among the factors that courts have considered relevant in deciding whether equitable tolling of the limitations period is appropriate are the complexity of the legal proceedings and whether

the state would suffer prejudice from the delay.  Hoyos v. Wong, Case No. 09-cv-0388 L (NLS), 2010 WL 596443, at **4, 5 (S.D. Cal. Feb. 16, 2010).

This "exercise of a court's equity powers must be made on a case-by-case basis" and it "enables courts to meet new situations that demand equitable intervention, and to accord all the relief necessary to correct particular injustices."  Holland, 560 U.S., at 649–50.  The petitioner "bears the burden of showing that this extraordinary exclusion should apply to him."  Miranda v. Castro, 292 F.3d 1063, 1065 (9th Cir. 2002); accord Milam v. Harrington, 953 F.3d 1128, 1132 (9th Cir. 2020).

Here, the undersigned declines Respondent's invitation to reconsider the Court's prior ruling rejecting the argument that prospective equitable tolling is unavailable as a matter of law.  Respondent provides no basis for reconsideration of this Court's prior order addressing and rejecting that contention.  (See ECF Nos. 55 & 59); see also Fed. R. Civ. P. 60(b); Harvest v. Castro, 531 F.3d 737, 749 (9th Cir. 2008) (Rule 60(b)(6) is to be used sparingly as an equitable remedy to prevent manifest injustice); Local Rule 230(j).

The undersigned finds that at this point in time and on the facts and evidence now before it, the noted extraordinary circumstances arising from the ongoing COVID-19 pandemic make the filing of a complete federal habeas petition extremely unlikely, if not impossible, for another six (6) months, notwithstanding the existing and anticipated exercise of reasonable diligence by Petitioner and his counsel.

Respondent does not argue the Holland factors in the context of facts and evidence before the Court.  Indeed, at least implicitly, Respondent appears to concede that: (i) Petitioner has been reasonably diligent, and (ii) the COVID-19 pandemic is and will be an extraordinary circumstance for at least the next several months.  (ECF No. 69 at 2-3.)

Respondent does not suggest he would suffer any prejudice should the requested relief be granted.  The undersigned finds no reason to believe that Respondent would suffer any prejudice from the six (6) month delay in the filing of the petition sought by Petitioner's counsel.  Nothing before the Court suggests any significant impact upon the ability of Respondent to oppose any challenges raised by Petitioner to his underlying judgment of

conviction.

The undersigned concludes the exceptional and extraordinary circumstances of the COVID-19 pandemic continue to impede Petitioner's right to the assistance of appointed habeas counsel in preparing his federal habeas petition. 18 U.S.C. § 3599(a)(2); McFarland v. Scott, 512 U.S. 849, 855-57 (1994) (given the complex nature of capital habeas proceedings and the seriousness of the possible penalty, an attorney's assistance in preparing a federal habeas corpus petition is crucial and includes a right for that counsel meaningfully to research and present a defendant's claims); McCleskey v. Zant, 499 U.S. 467, 498 (1991) (in the pre-AEDPA context, stating that "[P]etitioner must conduct a reasonable and diligent investigation aimed at including all relevant claims and grounds for relief in the first federal habeas petition."), superseded by statute as recognized in Banister v. Davis, __U.S.__, 140 S. Ct. 1698, 1707 (2020). Respondent's argument discounting the ABA guidelines is not a basis to find otherwise.

Relatedly, the undersigned previously observed this case involves complex issues and a voluminous record, suggesting that an extensive investigation is required of the defense team. The amended lodging of the record in this case spans 10,820 pages including: the 204 page supplemental opening brief stating 10 claims including subclaims; the California Supreme Court's 68 page reasoned opinion affirming judgment of conviction and sentence on automatic appeal; and the 213 page state habeas corpus petition stating 14 claims and subclaims supported by 205 exhibits totaling 4109 pages. (See ECF No. 55 at 10, citing ECF Nos. 44-48.)

For the reasons stated, the undersigned finds that Petitioner has carried his burden of showing that notwithstanding the continuing exercise of reasonable diligence, the present extraordinary circumstances of the COVID-19 pandemic make it unlikely that a proper federal habeas petition in this case can be completed and filed prior to the requested, as tolled, deadline of December 9, 2021. Holland, 560 U.S., at 649–50; Miranda, 292 F.3d, at 1065; see also Grant, 862 F.3d, at 918; Rules Governing § 2254 Cases, Rule 2, 28 U.S.C.A. foll. § 2254. For the same reasons, the undersigned finds that were a motion for equitable tolling to

accompany a federal habeas petition filed on December 9, 2021, Petitioner would carry his burden on the motion.

### III.

### FINDINGS AND RECOMMENDATION

Accordingly, based upon the findings above, it is recommended that the motion for further equitable tolling to and including December 9, 2021 (ECF No. 65) be granted.

These findings and recommendation will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within **fourteen (14) days** after the filed date of these findings and recommendation, any party may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Any failure to file objections within the specified time may result in the waiver of rights on appeal. <u>Wilkerson v. Wheeler</u>, 772 F.3d 834, 838-39 (9th Cir. 2014), citing <u>Baxter v. Sullivan</u>, 923 F.2d 1391, 1394 (9th Cir. 1991).

IT IS SO ORDERED.

Dated: **May 21, 2021**

UNITED STATES MAGISTRATE JUDGE