# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JORGE CONTRERAS,<br><br>    Petitioner,<br><br>v.<br><br>RONALD DAVIS, Warden of San Quentin State Prison,<br><br>    Respondent. | Case No. 1:19-cv-01523-AWI-SAB<br><br><u>DEATH PENALTY CASE</u><br><br>ORDER: (1) DENYING PETITIONER'S MOTION FOR MISCELLANEOUS RELIEF, and (2) DIRECTING THAT RESPONDENT FILE AN AMENDED LODGING OF THE STATE RECORD<br><br>(ECF No. 62) |

Before the Court is a motion filed on March 29, 2021 by Petitioner, through counsel, requesting: (i) judicial notice of certain lodged state habeas records as exhibits designated and incorporated in his yet to be filed federal habeas petition, and (ii) recognition of his proffered revised portion of the lodged Reporter's Transcript as the operative transcript.

On April 16, 2021, Respondent Warden Ronald Davis, through counsel, timely responded to the motion. On April 21, 2021, Petitioner timely filed a reply in support of the motion. On April 22, 2021, Respondent filed a sur-response.

No hearing date has been set and the Court finds that none is required. The matter has been taken under submission.[1] Upon consideration of the parties' filings, the record, and controlling legal authority, the Court will deny the motion, and direct that Respondent file an amended lodging of the state record, as explained below.

---

[1] See ECF No. 64 at 2, n.1.

1

I.

DISCUSSION

Petitioner requests judicial notice of 205 exhibits to the state habeas petition totaling 4,110 pages lodged in this proceeding (hereinafter "State Petition Exhibits"), as exhibits 1-205 designated and incorporated in his yet to be filed federal habeas petition. (ECF No. 62 at 2, citing ECF Nos. 47-18, 47-19, 47-20, 48-01, 48-02, 48-03, 48-04, 48-05, 48-06, 48-07 and 48-10.) Petitioner states the requested relief will avoid duplicative filings and the confusion arising from cross-citation. (Id.)

Respondent states his non-opposition to Petitioner's request. (ECF No. 68 at 2.)

Pursuant to Federal Rule of Evidence ("FRE") 201, a court "must take judicial notice if a party requests it and the court is supplied with the necessary information." Fed. R. Evid. 201(c). Judicial notice permits a court to consider an adjudicative fact "that is not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b)(1)–(2); *see* Fed. R. Evid. 201(b), advisory committee's note ("With respect to judicial notice of adjudicative facts, the tradition has been one of caution in requiring that the matter be beyond reasonable controversy.").

Ironshore Specialty Ins. Co. v. Everest Ins. Co., 473 F. Supp. 3d 1028, 1037 (C.D. Cal. 2020).

It is well established that a court can take judicial notice of its own files and records under Rule 201 of the Federal Rules of Evidence. Molus v. Swan, No. 05cv452–MMA (WMc), 2009 WL 160937, *2 (S.D. Cal. Jan. 22, 2009) ("Courts also may take judicial notice of their own records . . ." ; see also Vasserman v. Henry Mayo Newhall Memorial Hosp., 65 F.Supp.3d 932, 943-44 (C.D. Cal. 2014) (taking judicial notice of the operative complaint in the action before the court); NovelPoster v. Javitch Canfield Group, No. 13–CV–05186–WHO, 2014 WL 5594969, *4 n. 7 (N.D. Cal. Nov. 3, 2014) ("In conjunction with the motion, defendants requested judicial notice of various documents, including NovelPoster's ex parte application for a temporary restraining order in this case and this Court's subsequent order.... Defendants' request for judicial notice of the TRO application and order is GRANTED").

Gerritsen v. Warner Bros. Ent. Inc., 112 F. Supp. 3d 1011, 1034 (C.D. Cal. 2015); see also Spell v. Stone, No. CV 19-5886 JGB(JC), 2019 WL 3766558, at *1 (C.D. Cal. Aug. 8, 2019), citing Harris v. County of Orange, 682 F.3d 1126, 1131-32 (9th Cir. 2012) (court may take judicial notice of undisputed matters of public record including documents on file in federal or state courts).

Even so, "[A litigant] need not seek judicial notice of documents filed in the same case. An accurate citation will suffice." NovelPoster, 2014 WL 5594969, at \*\*4, n.7. Moreover, just because the document itself is susceptible to judicial notice does not mean that every assertion of fact within that document is judicially noticeable for its truth. Ironshore Specialty Ins. Co., 473 F. Supp. 3d at 1037.

Here, Petitioner seeks judicial notice of exhibits to be designated in his forthcoming federal habeas petition. Because the federal petition has not yet been filed, the exhibits Petitioner expects to designate therein are not presently judicially noticeable adjudicative facts. See Fed. R. Evid. 201; In re Homestore.com, Inc. Sec. Litig., 347 F. Supp. 2d 814, 816 (C.D. Cal. 2004) (under Lee v. City of Los Angeles, 250 F.3d 668, 688-89 (9th Cir.2001), a court may take judicial notice of court records and court proceedings).

To the extent Petitioner requests incorporation by reference of the State Petition Exhibits expected to be included in the forthcoming federal habeas petition, the request is likewise premature. See Riley v. Chopra, No. CV 18-3371 FMO (SKX), 2020 WL 5217154, at \*1 (C.D. Cal. June 19, 2020) ("Unlike rule-established judicial notice, incorporation-by-reference is a judicially created doctrine that treats certain documents as though they are part of the complaint itself.").

> Under the incorporation-by-reference doctrine, "[a] court may consider evidence on which the complaint necessarily relies if: (1) the complaint refers to the document; (2) the document is central to the plaintiff's claim; and (3) no party questions the authenticity of the copy attached to the 12(b)(6) motion." Marder v. Lopez, 450 F.3d 445, 448 (9th Cir. 2006).

Aledlah v. S-L Distribution Co., LLC, No. 20-CV-00234-JSC, 2020 WL 2927980, at \*3 (N.D. Cal. June 3, 2020). Courts also may consider documents under the doctrine at the pleadings stage in "rare instances" where the complaint does not refer to the documents, but "the claim[s] necessarily depend[ ] on them." Khoja v. Orexigen Therapeutics, Inc., 899 F.3d 988, 1002 (9th Cir. 2018), cert. denied, 139 S.Ct. 2615 (2019); see also United States v. Ritchie, 342 F.3d 903, 907 (9th Cir. 2003) ("[A] defendant may seek to incorporate a document into the complaint if the plaintiff refers extensively to the document or the document forms the basis of the

plaintiff's claim."); Coto Settlement v. Eisenberg, 593 F.3d 1031, 1038 (9th Cir. 2010) ("We have extended the doctrine ... to consider documents in situations where the complaint necessarily relies upon a document or the contents of the document are alleged in the complaint, the document's authenticity is not in question and there are no disputed issues as to the document's relevance."). Still, a federal habeas petition must comply with Rule 2 of the Rules Governing § 2254 Cases which arguably states that such a petition must be complete in and of itself, at least to the extent that the petition is required to specify "all the grounds for relief available to the petitioner" and to "state the facts supporting each ground." See Pickering v. McDonald, No. ED CV 12-01045-JVS, 2013 WL 1873209, at *4 (C.D. Cal. Mar. 28, 2013), report and recommendation adopted, No. ED CV 12-01045-JVS, 2013 WL 1873186 (C.D. Cal. May 3, 2013).

Additionally, Petitioner requests recognition of his proffered revised portion of the previously lodged Reporter's Transcript (hereinafter the "Revised Reporter's Transcript") as the operative transcript. (ECF No. 62 at 3; see also Doc. Nos. 41-1 to 41-3 [PET00001-PET-02268].) The Revised Reporter's Transcript, Petitioner suggests, is in chronological order, more complete, and of better quality than the version included with Respondent's Amended Notice of Lodging. (Id.) Petitioner states that he cannot lodge the proffered Revised Reporter's Transcript, such being within the purview of Respondent. (See e.g., ECF No. 41 at 3.)

Local Rule 191(h) provides that:

> (1) Respondent shall … lodge with the Clerk the following: (A) transcripts of the state trial court proceedings[….] Lodged materials are to be marked and numbered so that they can be uniformly cited. Respondent shall file an index of the lodged materials listed above.

Relatedly, the Court, by case management order, directed that Respondent lodge the state record by filing a Notice of Lodging and lodging the state court record in electronic format on the Court's electronic filing system, using the Court's preferred format. (See ECF No. 14 at 2; ECF No. 20 at 2-3.)

The record reflects that Respondent lodged the state record on February 14, 2020.

1  (ECF Nos. 21-26.)  On July 23, 2020, Respondent, in response to Petitioner's notice of record
2  insufficiency and appended Revised Reporter's Transcript (ECF No. 41 and Ex.'s 1-3 thereto),
3  and the Court's direction that the parties meet and confer thereon, (ECF No. 31 at 1-2; ECF
4  No. 42 at 2-3), and the parties' agreement that Respondent would lodge a revised Reporter's
5  Transcript (ECF No. 43 at 2) filed an Amended Notice of Lodging of the Record and Second
6  Amended Index of the Record, including a revised Reporter's Transcript.  (ECF No. 44 at 1;
7  see also ECF No. 45-48.)

Respondent, in response to Petitioner's instant motion, states his non-opposition to the Revised Reporter's Transcript being recognized as the operative transcript.  (ECF No. 68 at 2.) He provides a Cross-Index of Petitioner's Revised Reporter's Transcript and the Reporter's Transcript filed in the Amended Notice of Lodging.  (ECF No. 63 at 2-3.)  He also purports to lodge an augmentation to the record by attaching to his response to the instant motion, multiple pages included in the Revised Reporter's Transcript but missing from the previously lodged Reporter's Transcript.  (See ECF No. 63 at 1-2; ECF No. 63-1 [Reporter's Transcript entitled "Volume 6, September 24, 1996, MISSING OR UNREADABLE PAGES."].)

However, the request for recognition of the Revised Reporter's Transcript as operative will be denied.  Respondent, notwithstanding his apparent agreement that the Revised Reporter's Transcript is complete, legible, and chronologically correct, has failed to amend the state record and state record index by filing a Notice of Lodging and lodging the Revised Reporter's Transcript.  (See ECF No. 14 at 2; ECF No. 20 at 2-3; see also Local Rule 190(h)(1).)  Respondent will be directed to do so.

## II.

## ORDER

Accordingly, Petitioner's motion for judicial notice of State Petition Exhibits as designated and incorporated in his forthcoming federal habeas petition (ECF No. 62) is denied without prejudice to renewal through a timely filed federal habeas petition.  Petitioner's motion that the Revised Reporter's Transcript be recognized as the operative transcript (id.) is denied. Respondent is directed to amend the state record and state record index by filing a Notice of

Lodging and lodging the Revised Reporter's Transcript in electronic format on the Court's electronic filing system, in the manner previously directed by the Court, by not later than forty-five (45) days following the filed date of this order.

IT IS SO ORDERED.

Dated: **May 25, 2021**

_____
UNITED STATES MAGISTRATE JUDGE