UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JORGE CONTRERAS,<br><br>    Petitioner,<br><br>  v.<br><br>RONALD DAVIS, Warden of San Quentin State Prison,<br><br>    Respondent.[1] | Case No. 1:19-cv-01523-AWI-SAB<br><br>DEATH PENALTY CASE<br><br>ORDER DENYING PETITIONER'S MOTION FOR RECONSIDERATION BY DISTRICT JUDGE OF MAGISTRATE JUDGE'S RULING<br><br>(ECF No. 75) |

    On June 9, 2021, Petitioner Jorge Contreras, through counsel, timely moved the District Court for reconsideration in-part of the assigned Magistrate Judge's May 26, 2021 order denying his March 29, 2021 motion for miscellaneous relief and directing that Respondent file an amended lodging of the state record.

    Respondent Warden Ronald Davis has not opposed the reconsideration motion and the time for doing so has passed. Eastern District of California Local Rule (hereinafter "L.R.") 303(d).

    No hearing date has been set and the Court finds that none is required. The matter is deemed submitted for a decision.[2] L. R. 303(e).

---

[1] Ron Broomfield, Acting Warden of San Quentin State Prison, is substituted for Ronald Davis, former Warden of San Quentin State Prison, pursuant to Federal Rules of Civil Procedure, Rule 25(d).

[2] See Standing Order in Light of Ongoing Judicial Emergency in the Eastern District of California, and General Orders in the Eastern District of California regarding COVID-19 Emergency available at:
http://www.caed.circ9.dcn/index.cfm/iCAED/coronavirus-covid-19-guidance/

1

1       Having considered Petitioner's instant motion, the record and the controlling law, the

2 Court will deny reconsideration, as explained below.

### I. BACKGROUND

4       On December 11, 1996, Petitioner was convicted of first degree felony murder and

5 robbery, with the special circumstance of murder in the commission of the robbery, and

6 sentenced to death. See Tulare County Superior Court Case No. 37619.

7       On June 17, 2008, Petitioner filed his automatic appeal. People v. George Lopez

8 Contreras, California Supreme Court Case No. S058019. On December 12, 2013, the California

9 Supreme Court affirmed Petitioner's judgment of conviction and sentence. People v. George

10 Lopez Contreras, 58 Cal. 4th 123 (2013).

11       On February 6, 2012, Petitioner filed his state habeas petition. In re Jorge Contreras on

12 Habeas Corpus, California Supreme Court Case No. S199915. On October 9, 2019, the

13 California Supreme Court summarily denied the petition on the merits. Id.

14       On October 28, 2019, Petitioner began this federal habeas proceeding pursuant to 28

15 U.S.C. § 2254 by filing *pro se* requests for *in forma pauperis* status and appointment of counsel.

16 (ECF Nos. 1 & 2.) The Court adopted the recommendation of the Selection Board for the

17 Eastern District of California, and on December 9, 2019 appointed Brian Pomerantz, Esq. and

18 Ken Murray, Esq. to represent Petitioner in this proceeding. (ECF No. 12.)

19       On February 14, 2020, Respondent lodged the state court record. (ECF Nos. 21-26.) The

20 Court, in response to Petitioner's assertion the lodged record was insufficient, twice ordered the

21 parties to meet and confer regarding the record lodged by Respondent and Petitioner's proffered

22 revisions to portions of the lodged Reporter's Transcript (the latter hereinafter referred to as the

23 "Revised Reporter's Transcript"). (See ECF No. 31, at 1-2 citing L. R. 191(h)(1-2); ECF No.

24 42, at 2-3; see also ECF No. 41 and Exhibits 1-3 thereto.) Thereupon, the parties agreed that

25 Respondent would re-lodge the record including a revised Reporter's Transcript. (ECF No. 43,

26 at 2.)

27       On February 26, 2020, the Court tolled the 28 U.S.C. § 2244(d)(1) petition filing deadline

28 to December 9, 2020 pursuant to the parties' stipulation regarding delay in appointment of

1 federal habeas counsel. (See ECF Nos. 12, 18, 27, 31.)

2 On July 23, 2020, Respondent filed an Amended Notice of Lodging of the Record and
3 Second Amended Index of the Record, including a revised Reporter's Transcript. (ECF Nos. 44-
4 48.)

5 The Court twice granted further equitable tolling of the habeas petition deadline based
6 upon Petitioner's ongoing reasonable diligence and continuing impacts of the ongoing COVID-
7 19 pandemic then before the Court, such that the federal petition is due December 9, 2021. (ECF
8 Nos. 59 & 74.)

## II. DISCUSSION

Petitioner requests the Court overrule in-part the Magistrate Judge's May 26, 2021 order to the extent it denies recognition of his proffered Revised Reporter's Transcript as the operative transcript, and adopt the Revised Reporter's Transcript as operative for this proceeding. As grounds for reconsideration, Petitioner argues that the Magistrate Judge's ruling "will cause unnecessary work by counsel for both parties, and the implementation of Petitioner's requested relief would make the case review easier for this Court and those that follow." (ECF No. 75, at 2.)

A district court may refer pretrial issues to a magistrate judge to either hear and decide or issue findings and recommendations. 28 U.S.C. § 636(b)(1); Khrapunov v. Prosyankin, 931 F.3d 922, 930-31 (9th Cir. 2019); Bhan v. NME Hosps., Inc., 929 F.2d 1404, 1414 (9th Cir. 1991). If a party objects to a nondispositive pretrial ruling by a magistrate judge, the district court will review or reconsider the ruling under the "clearly erroneous or contrary to law" standard. 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a);[3] Khrapunov, 931 F.3d, at 931; Grimes v. City of San Francisco, 951 F.2d 236, 240-41 (9th Cir. 1991); see also L. R. 303(f).

A magistrate judge's factual findings or discretionary decisions are "clearly erroneous" when the district court is left with the definite and firm conviction that a mistake has been

---

[3] The Federal Rules of Civil Procedure apply in habeas corpus proceedings "to the extent that they are not inconsistent with any statutory provisions or [the Rules Governing Section 2254 Cases]." Rule 12, Rules Governing § 2254 Cases; see also Fed. R. Civ. P. 81(a)(4).

3

1 committed. Security Farms v. International Bhd. of Teamsters, 124 F.3d 999, 1014 (9th Cir. 1997); Avalos v. Foster Poultry Farms, 798 F.Supp.2d 1156, 1160 (E.D. Cal. 2011). This standard is significantly deferential, parties seeking to overturn the ruling of a magistrate judge bear a heavy burden. Security Farms, 124 F.3d, at 1014; Avalos, 798 F.Supp.2d, at 1160; Dochniak v. Dominium Management Services, Inc., 240 F.R.D. 451, 452 (D. Minn. 2006); Citicorp. v. Interbank Card Ass'n, 87 F.R.D. 43, 46 (S.D.N.Y. 1980). The district court "may not simply substitute its judgment for that of the deciding court." Grimes, 951 F.2d, at 241; Avalos, 798 F.Supp.2d, at 1160.

The "contrary to law" standard allows independent, plenary review of purely legal determinations by the magistrate judge. PowerShare, Inc. v. Syntel, Inc., 597 F.3d 10, 15 (1st Cir. 2010); Haines v. Liggett Group, Inc., 975 F.2d 81, 91 (3d Cir. 1992); Avalos, 798 F.Supp.2d, at 1160; Jadwin v. County of Kern, 767 F.Supp.2d 1069, 1110-11 (E.D. Cal. 2011). "An order is contrary to law when it fails to apply or misapplies relevant statutes, case law, or rules of procedure." Calderon v. Experian Info. Solutions, Inc., 290 F.R.D. 508, 511 (D. Idaho 2013); Jadwin, 767 F.Supp.2d, at 1111.

The district court has the authority to reconsider any aspect of a magistrate judge's pre-trial order. Schur v. L.A. Weight Loss Ctrs., Inc., 577 F.3d 752, 760 (7th Cir. 2009); Allen v. Sybase, Inc., 468 F.3d 642, 658 (10th Cir. 2006); Cole v. United States Dist. Court for the Dist. of Idaho, 366 F.3d 813, 823 n.14 (9th Cir. 2004).

Here, Petitioner has provided no sufficient basis for the undesigned to conclude that the Magistrate Judge's May 26, 2021 order is clearly erroneous or contrary to law. The record reflects the Magistrate Judge considered Petitioner's argument on the motion below, revisited in the instant reconsideration motion, that the Revised Reporter's Transcript is superior in form and content to the version included with Respondent's Amended Notice of Lodging. (ECF No. 72, at 4.) The Magistrate Judge considered Petitioner's concession that any lodging of the Revised Reporter's Transcript is within the purview of Respondent. (Id.) The Magistrate Judge considered Respondent's non-opposition to recognizing the Revised Reporter's Transcript as the operative transcript. (ECF No. 72, at 5, citing ECF No. 63, at 1-3, ECF No. 63-1, ECF No. 68, at


2.)

The Magistrate Judge did not err in finding that Respondent, notwithstanding his apparent agreement the Revised Reporter's Transcript is complete, legible, and chronologically correct, failed to amend the state record and state record index by filing a Notice of Lodging and lodging the Revised Reporter's Transcript, in the manner required by Eastern District of California Local Rules and case management orders in this proceeding.  (ECF No. 72, at 5-6, citing ECF No. 14, at 2, ECF No. 20, at 2-3; see also L. R. 191(h)(1).)

The Magistrate Judge properly determined that Respondent shall amend the state record and state record index by filing a Notice of Lodging and lodging the Revised Reporter's Transcript.  (ECF No. 72, at 5-6.)

Nothing before the undersigned suggests, on deferential review, that the Magistrate Judge was mistaken in his noted factual findings and discretionary decisions, or that he failed to apply or misapplied relevant statutes, case law, or rules of procedure.  Petitioner's merely precatory reconsideration request, unsupported by factual or legal analysis, falls short of his burden on reconsideration.

Accordingly, Petitioner's motion for reconsideration (ECF No. 75) is DENIED.

IT IS SO ORDERED.

Dated:   July 28, 2021                              _____
                                                    SENIOR  DISTRICT  JUDGE

5