UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JORGE CONTRERAS,<br><br>    Petitioner,<br><br>v.<br><br>RONALD DAVIS, Warden of California State Prison at San Quentin,<br><br>    Respondent.[1] | Case No. 1:19-cv-01523-AWI-SAB<br><br>DEATH PENALTY CASE<br><br>ORDER (1) ADOPTING FINDING AND RECOMMENDATION GRANTING EQUITABLE TOLLING TO AND INCLUDING FEBRUARY 9, 2022, and (2) DIRECTING RESPONDENT'S RESPONSE TO PETITIONER'S OBJECTIONS TO FINDINGS AND RECOMMENDATION DENYING FURTHER EQUITABLE TOLLING |

    Petitioner Jorge Contreras, a state prisoner convicted and sentenced to death in Tulare County Superior Court on December 11, 1996, proceeds through appointed counsel, Brian M. Pomerantz, Esq. and Ken Murray, Esq., in this proceeding commenced on October 28, 2019 pursuant to 28 U.S.C. § 2254. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

    Before the Court is the motion filed October 6, 2021 by Petitioner's counsel to equitably toll the limitations deadline under 28 U.S.C. § 2244 for the filing of his federal habeas petition in this action. (ECF No. 81.) The motion, Petitioner's third, requests that the current as tolled petition filing deadline of December 9, 2021 be further equitably tolled to and including June 9, 2022 on

---

[1] Ron Broomfield, Warden of San Quentin State Prison, is substituted for Ronald Davis, former Warden of San Quentin State Prison, pursuant to Federal Rules of Civil Procedure, Rule 25(d).

grounds of continuing impediments arising from the COVID-19 pandemic.

On November 19, 2021, the magistrate judge issued his findings and recommendation that Petitioner's motion be granted-in-part such that Petitioner shall file his federal petition for writ of habeas corpus on or before February 9, 2022, and that Petitioner's motion otherwise be denied without prejudice to further equitable tolling based upon specific impacts of the COVID-19 pandemic on the facts and circumstances of this case. (ECF No. 85.) The findings and recommendation were filed and served on November 19, 2021, and contained notice that any objections thereto were to be filed by not later than fourteen (14) days thereafter. (Id. at 11.) Respondent did not object to the findings and recommendation. Petitioner requested, and the magistrate judge granted an extension of the deadline to object to the findings and recommendation, to and including December 10, 2021. (ECF No. 87.) On December 9, 2021, Petitioner timely filed his objections, spanning 145 pages including 100 pages of newly submitted materials.

Petitioner objects to the portion of the findings and recommendation denying equitable tolling from February 10, 2022 to June 9, 2022, on grounds the magistrate judge erred by failing adequately to consider: (i) the COVID-19 risks inherent in defense team investigation within San Quentin State Prison (where he lives) and Tulare County, California (where his family and lay witnesses live), (ii) the defense team's own COVID-19 risk factors and personal safety concerns, (iii) the need for safe, face-to-face (i.e. unmasked), in-person, one-on-one field investigation of his federal claims, (iv) the amount of investigation and development of federal claims yet to be accomplished, (v) the complexities of preparing the federal petition, and (vi) his statutory entitlement to an unimpeded one-year period to investigate, develop and present federal claims.

It appears that Petitioner's objections, which relate to arguments considered and rejected by the magistrate judge, rely upon over 100 pages of supporting materials that were not presented to or considered by the magistrate judge. Respondent has not responded to Petitioner's objections and newly submitted supporting materials, and the time for doing so has passed. (Local Rule 304.)

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C) and Local Rule 304, this Court has conducted a *de novo* review of the case. Having carefully reviewed the entire file,

including the findings and recommendation and Petitioner's objections and newly submitted materials, the Court finds the portion of the findings and recommendation granting tolling of the petition filing deadline to and including February 9, 2022, unopposed by the parties, to be supported by the record and proper analysis. The Court will hold the balance of the findings and recommendation denying equitable tolling for the period February 10, 2022 to June 9, 2022, in abeyance of Respondent's response to Petitioner's objections and newly submitted materials. 28 U.S.C. § 636(b)(1)(C); see also Brown v. Roe, 279 F.3d 742, 744 (9th Cir. 2002) (citing United States v. Howell, 231 F.3d 615, 621 (9th Cir. 2000)) (a district court has discretion to consider evidence presented for the first time in a party's objection to a magistrate judge's recommendation).

Accordingly, the Court adopts the portion of the November 19, 2021 findings and recommendation on Petitioner's third motion for equitable tolling granting equitable tolling of the limitations deadline under 28 U.S.C. § 2244. (ECF No. 85.) Petitioner shall file his federal habeas petition in this action on or before February 9, 2022. The Court holds the balance of the findings and recommendation denying equitable tolling for the period February 10, 2022 to June 9, 2022 (id.) in abeyance of Respondent's response to Petitioner's objections and newly submitted materials (see ECF No. 88). Respondent's response shall be filed by not later than fourteen (14) days from the service date of this order.

IT IS SO ORDERED.

Dated:  January 5, 2022

SENIOR DISTRICT JUDGE