UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JORGE CONTRERAS,<br><br>    Petitioner,<br><br>v.<br><br>RONALD DAVIS, Warden of California State Prison at San Quentin,<br><br>    Respondent.[1] | Case No. 1:19-cv-01523-AWI-SAB<br><br>DEATH PENALTY CASE<br><br>ORDER (1) DECLINING TO ADOPT FINDINGS AND RECOMMENDATION DENYING WITHOUT PREJUDICE EQUTIABLE TOLLING BEYOND FEBRUARY 9, 2022, and (2) GRANTING FURTHER EQUITABLE TOLLING TO AND INCLUDING JUNE 9, 2022 |

    Petitioner Jorge Contreras, a state prisoner convicted and sentenced to death in Tulare County Superior Court on December 11, 1996, proceeds through appointed counsel, Brian M. Pomerantz, Esq. and Ken Murray, Esq., in this proceeding commenced on October 28, 2019, pursuant to 28 U.S.C. § 2254. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

    Before the Court is the magistrate court's November 19, 2021 recommendation denying without prejudice Petitioner's October 6, 2021 motion to equitably toll, on grounds of continuing impediments arising from the COVID-19 pandemic, the deadline under 28 U.S.C. § 2244 to file

---

[1] Ron Broomfield, Warden of San Quentin State Prison, is substituted for Ronald Davis, former Warden of San Quentin State Prison, pursuant to Federal Rules of Civil Procedure, Rule 25(d).

1

1 his federal petition in the case for the period February 10, 2022 to and including June 9, 2022.

2     The Court, on January 7, 2022, adopted the magistrate court's recommendation granting unopposed equitable tolling on such grounds to and including February 9, 2022, and held in abeyance the magistrate court's recommendation denying equitable tolling beyond February 9, 2022, pending Respondent's response to Petitioner's December 9, 2021 objections to the recommendation and evidence newly submitted with the recommendation. Respondent, on January 19, 2022, filed his response and evidence newly submitted therewith. On January 29, 2022, Petitioner filed supplemental authority in support of his objections.[2]

    In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C) and Local Rule 304, the Court has conducted a *de novo* review of the case. Having carefully reviewed the entire file, and for the reasons explained below, the Court will: (1) decline to adopt the recommendation denying without prejudice equitable tolling beyond February 9, 2022, and (2) grant Petitioner's motion for further equitable tolling to and including June 9, 2022, on grounds of continuing impediments arising from the COVID-19 pandemic.

## DISCUSSION

    Petitioner objects that the magistrate court erred in recommending equitable tolling beyond February 9, 2022, be denied. He revisits his argument to the magistrate court that COVID-19 and its Delta variant impede safe in-person, face-to-face, one-on-one investigation within San Quentin State Prison (where he lives) and Tulare County, California (where his family and lay witnesses live), and necessary expert consultation and evaluation. (See ECF No. 88 at 6, 8, 10-38.)[3] He revisits argument to the magistrate court that the constitutionally required investigation and development of record and non-record claims is complex and extensive, and that vaccines and inadequate and unenforced COVID-19 safety protocols do not sufficiently mitigate the risks of contracting and transmitting the virus. (Id.) He argues for the first time that

---

[2] The Court takes judicial notice of the proffered supplemental authority, an order issued on January 28, 2022, by United States District Judge Dale Drozd, granting further equitable tolling in a separate capital habeas proceeding, Brown v. Davis, E. D. Cal. Case No. 1:19-cv-01796 DAD, ECF No. 37. Fed. R. Evid. 201(b).

[3] Throughout this order, reference is to CM/ECF system pagination

1  the post-recommendation emergence of the COVID-19 Omicron variant and surge raise and
2  exacerbate these same impediments to field investigation and record and non-record claim
3  development.  (See ECF No. 88 at 7, 9-10; see also ECF No. 88-3 at 34.)

4  Additionally, Petitioner objects that the magistrate court erred by denying him his
5  statutory entitlement to an unimpeded one-year of the assistance of counsel to investigate,
6  develop and present federal claims.  (See ECF No. 88 at 20, citing 28 U.S.C. § 2244(d)(1).)

7  Petitioner supports his objections with information and evidence not  presented to or
8  considered by the magistrate court.  (See ECF Nos. 88-1 - 88-5.)

9  Respondent responds to the objections and supporting proffer by arguing that the
10 magistrate court did not err in finding Petitioner failed to carry his burden of showing the
11 COVID-19 pandemic remains an extraordinary circumstance justifying further equitable tolling.
12 (See ECF No. 90 at 2.)  He argues the mere "continuing theoretical possibility" of COVID-19
13 transmission, and speculation that unidentified non-record witnesses and new evidence would
14 lead to the development of colorable new claims, are not alone extraordinary circumstances
15 preventing timely development and presentation of a federal habeas petition, which need only
16 include fully exhausted claims.  (See ECF No. 90 at 3-9.)

17 Respondent argues that Petitioner has not been reasonably diligent in preparing and
18 presenting his federal petition.  (See ECF No. 90 at 6-9.)  He suggests that: over 70% of
19 Californians and 90% of San Quentin inmates have been vaccinated and 80% of San Quentin
20 inmates have received booster shots (see ECF No. 90 at 5; ECF No. 90-1 at 2), San Quentin has
21 been open for confidently legal phone calls and mostly open for confidential in-person legal
22 visits for at least the twelve month period of alleged statutory entitlement to the assistance of
23 counsel (see ECF No. 90 at 5-6, citing ECF No. 90-1; see also ECF No. 90-2), and Counsel and
24 the defense team have been able to safely travel and meet with and interview reasonably
25 necessary record witnesses by complying  with COVID-19 safety guidelines, policies, and
26 protocols (see ECF No. 90 at 3, 6-9).

27 Additionally, Respondent argues that Petitioner cannot show diligence under Holland v.
28 Florida, 560 U.S. 631, 649 (2010)), by delaying the field investigation until circumstances are

3

1  ideal, or developing unexhausted evidence and claims.  (Id.)

2  Respondent supports his response to the objections and supporting proffer with
3  information and evidentiary facts not presented to or considered by the magistrate court.  (See
4  ECF No. 90-1 - 90-2.)

5  The Court, upon *de novo* review of the record and consideration of the newly proffered
6  evidence and matters judicially noticed, finds that notwithstanding existing and anticipated
7  reasonable diligence by Petitioner and Counsel, extraordinary circumstances raised by the
8  ongoing COVID-19 pandemic including the Omicron variant and surge, make the investigation,
9  development, and presentation of a complete federal habeas petition unlikely if not impossible,
10 prior to the requested as tolled date of June 9, 2022, as explained below.[4]  See Brown v. Roe, 279
11 F.3d 742, 744 (9th Cir. 2002) (citing United States v. Howell, 231 F.3d 615, 621 (9th Cir. 2000))
12 (a district court has discretion to consider evidence presented for the first time in a party's
13 objection to a magistrate court's recommendation).

14 It is undisputed the magistrate court observed the controlling legal standard:

> "A habeas petitioner is entitled to equitable tolling only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." Fue v. Biter, 842 F.3d 650, 653 (9th Cir. 2016) (*en banc*) (quoting Holland v. Florida, 560 U.S. 631, 649 (2010)); see also Espinoza-Matthews v. California, 432 F.3d 1021, 1026 n.5 (9th Cir. 2005) (citing Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005)); Calderon v. United States Dist. Ct. (Beeler), 128 F.3d 1283, 1288-89 (9th Cir. 1997) (approving prospective equitable tolling of the one year statute of limitations under 28 U.S.C. § 2244(d) where "extraordinary circumstances" beyond a prisoner's control make it impossible to file a petition on time), partially overruled on other grounds by Calderon v. United States Dist. Ct. (Kelly V), 163 F.3d 530, 540 (9th Cir. 1998), abrogated on other grounds by Woodford v. Garceau, 538 U.S. 202 (2003).
>
> In addition, there must be a causal link between the extraordinary circumstance and the inability to timely file the petition. See Sossa v. Diaz, 729 F.3d 1225, 1229 (9th Cir. 2013) ("[E]quitable tolling is available only when extraordinary circumstances beyond a prisoner's control make it impossible to file a petition on time and the extraordinary circumstances were the cause of the prisoner's untimeliness."). A literal impossibility to file, however, is not required. Grant v. Swarthout, 862 F.3d 914, 918 (9th Cir. 2017) (acknowledging that equitable tolling is appropriate even where "it would have technically been possible for a prisoner to file a petition," so long as the prisoner "would have likely been unable

---

[4] The Court, for the reasons stated, finds that were a motion for equitable tolling to accompany a federal habeas petition filed on June 9, 2022, Petitioner would carry his burden on the motion.

to do so.").

Equitable tolling is limited to rare and exceptional circumstances and typically applied sparingly. Cadet v. State of Florida Department of Corrections, 853 F.3d 1216, 1221 (11th Cir. 2017). It may be appropriate where external forces, rather than a petitioner's lack of diligence, account for the failure to file a timely claim. Miles v. Prunty, 187 F.3d 1104, 1107 (9th Cir. 1999); see also Doe v. Busby, 661 F.3d 1001, 1015 (9th Cir. 2011) (the effort required is what a reasonable person might be expected to deliver under his or her particular circumstances). Among the factors that courts have considered relevant in deciding whether equitable tolling of the limitations period is appropriate are the complexity of the legal proceedings and whether the state would suffer prejudice from the delay. Hoyos v. Wong, Case No. 09-cv-0388 L (NLS), 2010 WL 596443, at *4–5 (S.D. Cal. Feb. 16, 2010).

This "exercise of a court's equity powers must be made on a case-by-case basis" and it "enables courts to meet new situations that demand equitable intervention, and to accord all the relief necessary to correct particular injustices." Holland, 560 U.S., at 649–50. The petitioner "bears the burden of showing that this extraordinary exclusion should apply to him." Miranda v. Castro, 292 F.3d 1063, 1065 (9th Cir. 2002); accord Milam v. Harrington, 953 F.3d 1128, 1132 (9th Cir. 2020).

(ECF No. 85 at 6-8.)

The magistrate court, applying that standard to the facts and evidence then before it, fairly and properly found Petitioner failed to present case specific evidentiary facts that exceptional circumstances raised by the COVID-19 pandemic entitled him to equitable tolling beyond February 9, 2022. (ECF No. 85 at 8-10, citing Jurado v. Wong, 2009 WL 3320494, at *7 (S.D. Cal. Oct.14, 2009) (the court considered petitioner's showing of the work to be done to complete a comprehensive federal petition and thereupon equitably tolled for only a portion of the time consumed by the extraordinary circumstance); Bunyard v. Davis, 2016 WL 128429, at *6 (equitable tolling for full duration of exceptional circumstance denied where petitioner made no particularized showing that the portions of the record they lacked were so crucial that nothing else could be done until they were reviewed); see also Blair Smith, Plaintiff, v. United State of America, Defendant, No. C21-5747-BHS-SKV, 2021 WL 5910486, at *4 (W.D. Wash. Dec. 1, 2021) (citing Garcia v. United States, C21-0322-JLR, 2021 WL 3403540, at *2-3 (W.D. Wash. August 4, 2021)) (the COVID-19 pandemic does not automatically warrant equitable tolling, because the party seeking tolling must still show that he was pursuing his rights diligently and that the pandemic specifically prevented him from presenting his claim).

5

1       However, Petitioner has augmented his arguments to the magistrate court with new case
2  specific evidentiary facts of impediments and health and safety concerns raised by the COVID-
3  19 pandemic.  (See e.g., ECF Nos. 88-1, 88-3.)  The newly proffered evidence, not before or
4  considered by the magistrate court, provides factual support for COVID-19 impediments to
5  Counsel's investigation of record and non-record claims and related mental state and mitigation
6  evidence.  (Id.)

7       Moreover, in the days following the magistrate court's recommendation, the emergence
8  of the Omicron variant and surge caused the relative risk of COVID-19 infection and illness
9  presented by in-person contact with Petitioner, witnesses and experts, and related travel and
10 personal interaction to trend significantly upward, even among the vaccinated.  The Court, in this
11 regard, takes notice of: (i) the relative rise in COVID-19 cases and deaths nationwide (*see*
12 https://covid.cdc.gov/covid-data-tracker/#trends_dailycases [dailydeaths],
13 https://www.cdc.gov/coronavirus/2019-ncov/variants/omicron-variant.html,
14 https://www.cdc.gov/coronavirus/2019-ncov/science/forecasting/mathematical-modeling-
15 outbreak.html (last visited Feb. 3, 2022), and within California (*see* https://covid19.ca.gov/state-
16 dashboard/#county-statewide) (last visited Feb. 3, 2022), (ii) the current high COVID-19
17 transmission level throughout California (*see* https://covid.cdc.gov/covid-data-tracker/#county-
18 view?list_select_state=California&data-type=Risk&list_select_county=6107) (last visited Feb.
19 3, 2022), and (iii) the current COVID-19 modified program in effect at all California prisons
20 including San Quentin (where Petitioner lives) excluding all visitors during the period January 9,
21 2022 through at least February 6, 2022 (*see* www.cdcr.ca.gov/visitors/) (last visited Feb. 3, 2022;
22 see also ECF No. 90 at 5 citing ECF No. 90-1, ECF No. 90-2).  Fed. R. Evid. 201(b); see also
23 Brown, E. D. Cal. Case No. 1:19-cv-01796 DAD, ECF No. 37, at 7-9.  Relatedly, some federal
24 courts in California have temporarily suspended jury trials until the end of February 2022.  (See
25 Brown, E. D. Cal. Case No. 1:19-cv-01796 DAD, ECF No. 37 at 8 n.4 and citations therein.)

26      The Omicron surge and resultant re-implementation of COVID-19 safety restrictions and
27 practices, and heightened concern and hesitance over COVID-19 transmissibility and illness,
28 present continuing impediments to the defense team's investigation and development of record

6

and non-record evidence and potentially colorable claims. For example, Counsel and the defense team and their households include individuals at increased risk of COVID-19 infection and at least one such individual has suffered a breakthrough infection. The defense team variously has been delayed and denied with regard to prison visits, assembly and discovery of relevant records, access to lay witnesses some of whom are at increased risk of COVID-19 infection, and examination, analysis, and opinion work by experts, some of whom have refused to travel to San Quentin and evaluate Petition in the current circumstances. (See ECF Nos. 88-1, 88-3 at 34-35.)

Petitioner is not entitled to 365 impediment-free days to prepare and file his federal petition, as he suggests. See Smith v. Davis, 953 F.3d 582, 591-92 (9th Cir. 2020) (rejecting argument that AEDPA provides petitioners with a full year to prepare a habeas petition); accord Kayer v. Schriro, No. CR-07-2120-PHX-DGC, 2007 WL 4150213, at *2-3 (D. Ariz. Nov. 19, 2007). Still, on the facts of this case, the extraordinary COVID-19 impediments raised by the Omicron surge undoubtedly have delayed and will delay assembly and development of investigative facts and expert opinion. (See ECF Nos. 88-1, 88-3 at 34-35.)

Furthermore, Petitioner adequately has supported existing and anticipated reasonable diligence in the face of the evolving COVID-19 pandemic. Respondent did not object to the magistrate court's finding of continuing reasonable diligence in support of the current as tolled date of February 9, 2022. (See ECF No. 85 at 8; see also ECF No. 90.) Respondent's argument in response to Petitioner's objections, that Petitioner need only file a protective petition containing claims previously exhausted in state court and thus cannot show diligence by pursuing unexhausted evidence and potential new colorable claims, already has been rejected by the Court. (See ECF Nos. 55, 59); see also Rules Governing § 2254 Cases, Rules 2, 28 U.S.C.A. foll. § 2254; Ayestas v. Davis, 138 S. Ct. 1080, 1094 (2018) (proper application of the "reasonably necessary" standard of 18 U.S.C. § 3599(f) requires courts to consider the potential merit of the claims that the applicant wants to pursue, the likelihood that the services will generate useful and admissible evidence, and the prospect that the applicant will be able to clear any procedural hurdles standing in the way); Rhines v. Weber, 544 U.S. 269, 277 (2005) (petitioner may file a federal mixed petition for state exhaustion in limited circumstances); cf.

1  Smith, 953 F.3d at 601 (when a petitioner acts diligently to prepare a habeas petition, it matters
2  not if he recycles arguments previously made by counsel to state courts).

3  In light of the foregoing, the general availability of COVID-19 vaccines, boosters, masks,
4  social distancing, and other safety practices noted by respondent, alone are unlikely to mitigate
5  the noted exceptional circumstances in a way that would allow presentation of a complete federal
6  habeas petition prior to the requested as tolled date of June 9, 2022.  Particularly so, given the
7  size and complexity of this capital habeas case, and the apparent extent of the mitigation
8  investigation to be conducted, as noted by the magistrate court.  (See ECF No. 85 at 9, citing
9  ECF No. 71 at 7, ECF No. 55 at 10, and ECF Nos. 44-48.)

10  Additionally, Respondent does not suggest he would suffer any prejudice should the
11  petition filing deadline be further tolled to June 9, 2022.  (See ECF No. 90.)  The Court finds no
12  reason to believe the relief granted hereunder would have a significant impact upon
13  Respondent's ability to oppose any challenges raised by Petitioner to his underlying 1996
14  judgment of conviction.

15  The Court concludes the noted extraordinary circumstances of the COVID-19 pandemic
16  continue to impede Petitioner's right to the assistance of appointed habeas counsel in preparing
17  and presenting his federal habeas petition prior to June 9, 2022, notwithstanding Counsel's
18  existing and anticipated reasonable diligence. 18 U.S.C. § 3599(a)(2); McFarland v. Scott, 512
19  U.S. 849, 855-57 (1994) (given the complex nature of capital habeas proceedings and the
20  seriousness of the possible penalty, an attorney's assistance in preparing a federal habeas corpus
21  petition is crucial and includes a right for that counsel meaningfully to research and present a
22  defendant's claims); McCleskey v. Zant, 499 U.S. 467, 498 (1991) (in the pre-AEDPA context,
23  stating that "[P]etitioner must conduct a reasonable and diligent investigation aimed at including
24  all relevant claims and grounds for relief in the first federal habeas petition."), superseded by
25  statute as recognized in Banister v. Davis, __U.S.__, 140 S. Ct. 1698, 1707 (2020).

26  Accordingly, the Court (1) declines to adopt the magistrate court's recommendation
27  denying without prejudice equitable tolling beyond February 9, 2022, and (2) grants Petitioner's
28  motion for further equitable tolling to and including June 9, 2022 (ECF No. 81), on grounds of

continuing impediments arising from the COVID-19 pandemic.

IT IS SO ORDERED.

Dated: February 8, 2022

_____
SENIOR DISTRICT JUDGE

9