UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JORGE CONTRERAS, | Case No. 1:19-cv-01523-AWI-SAB |
| Petitioner, | DEATH PENALTY CASE |
| v. | FINDINGS AND RECOMMENDATION ON PETITIONER'S FOURTH MOTION FOR EQUITABLE TOLLING |
| RONALD DAVIS, Warden of California State Prison at San Quentin, | |
| Respondent.[1] | (ECF No. 94) |
| | FOURTEEN (14) DAY DEADLINE TO OBJECT |

On March 8, 2022, Petitioner Jorge Contreras, through counsel, moved to equitably toll the limitations deadline under 28 U.S.C. § 2244(d)(1) for the filing of his federal habeas petition in this action. The motion, Petitioner's fourth, requests that the current as tolled petition filing deadline of June 9, 2022, be further equitably tolled to and including August 1, 2022.

Respondent Warden Ronald Davis, through counsel, timely filed his response to the motion on April 5, 2022. Petitioner timely filed his reply in support of the motion on that same day. No hearing date has been set and the Court finds that none is required. The matter is deemed submitted.[2]

---

[1] Ron Broomfield, Acting Warden of San Quentin State Prison, is substituted for Ronald Davis, former Warden of San Quentin State Prison, pursuant to Federal Rules of Civil Procedure, Rule 25(d).
[2] See ECF No. 96.

1

Upon consideration of the pleadings, and the record, the Court makes the following findings and recommendation.

## I.
## BACKGROUND

The facts of this case, reflected in the Court's docket, are summarized as follows.

On December 11, 1996, Petitioner was convicted of first degree felony murder and robbery, with the special circumstance of murder in the commission of the robbery found true, and sentenced to death.  Tulare County Superior Court Case No. 37619.

Petitioner's conviction was affirmed on appeal.  People v. George Lopez Contreras, 58 Cal. 4th 123 (2013).  His state petition for writ of habeas corpus was summarily denied on the merits.  In re Jorge Contreras on Habeas Corpus, California Supreme Court Case No. S199915.

On October 28, 2019, Petitioner began this federal habeas proceeding pursuant to 28 U.S.C. § 2254.

On December 9, 2019, the Court appointed Brian M. Pomerantz and Ken Murray to represent Petitioner in the case,.

The Court granted Petitioner's three prior motions for equitable tolling of the petition filing deadline, on grounds of extraordinary circumstances raised by the COVID-19 pandemic. (ECF Nos. 59, 74, 89, 92.)

## II.
## DISCUSSION

Petitioner moves for an additional fifty-three (53) days of tolling, representing time lost to the COVID-19 pandemic.  He supports the motion by (1) revisiting arguments and evidence presented in support of his prior tolling motions (see ECF No. 94 at 1-3, incorporating ECF Nos. 49, 53, 65, 70, 81, 84, 88), and (2) pointing to other capital cases pending in the district's Fresno division where the Court granted equitable tolling to August 1, 2022, on grounds of the ongoing COVID-19 pandemic (see Brown v. Davis, E.D. Cal. Case No. 1:19-cv-01796-DAD;

McWhorter v. Davis, E.D. Cal. Case No. 1:20-cv-00215-JLT).[3]

Respondent opposes any further equitable tolling of the § 2244(d)(1) petition filing deadline. He argues that Petitioner has not carried his burden of presenting new facts that (1) the risk of COVID-19 transmission and illness remains an extraordinary circumstance (see ECF No. 97 at 2-5; see also ECF Nos. 83-1 through 83-5 [regarding COVID-19 programming at San Quentin State Prison); California Penal Code § 5058.7 [mandating confidential legal phone calls at state correctional facilities upon counsel's request, since January 1, 2021]), and (2) counsel have been reasonably diligent under the constraints imposed by the COVID-29 pandemic. For example, he states Petitioner has not demonstrated that: COVID-19 closures actually delayed preparation of a federal petition (see ECF No. 97 at 2), a mere continuing theoretical possibility of COVID transmission constitutes an extraordinary circumstance, and presentation of an initial federal petition containing only non-record evidence and claims has been impeded by COVID-19. (Id.; see also ECF No. 83 at 2, 4-10.)

"A habeas petitioner is entitled to equitable tolling only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." Fue v. Biter, 842 F.3d 650, 653 (9th Cir. 2016) (*en banc*) (quoting Holland v. Florida, 560 U.S. 631, 649 (2010)); see also Espinoza-Matthews v. California, 432 F.3d 1021, 1026 n.5 (9th Cir. 2005) (citing Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005)); Calderon v. United States Dist. Ct. (Beeler), 128 F.3d 1283, 1288-89 (9th Cir. 1997) (approving prospective equitable tolling of the one year statute of limitations under 28 U.S.C. § 2244(d) where "extraordinary circumstances" beyond a prisoner's control make it impossible to file a petition on time), partially overruled on other grounds by Calderon v. United States Dist. Ct. (Kelly V), 163 F.3d 530, 540 (9th Cir. 1998), abrogated on other grounds by Woodford v. Garceau, 538 U.S. 202 (2003).

In addition, there must be a causal link between the extraordinary circumstance and the inability to timely file the petition. See Sossa v. Diaz, 729 F.3d 1225, 1229 (9th Cir. 2013)

---

[3] Reference is to CM/ECF system pagination unless otherwise stated.

("[E]quitable tolling is available only when extraordinary circumstances beyond a prisoner's control make it impossible to file a petition on time and the extraordinary circumstances were the cause of the prisoner's untimeliness."). A literal impossibility to file, however, is not required. Grant v. Swarthout, 862 F.3d 914, 918 (9th Cir. 2017) (acknowledging that equitable tolling is appropriate even where "it would have technically been possible for a prisoner to file a petition," so long as the prisoner "would have likely been unable to do so.").

Equitable tolling is limited to rare and exceptional circumstances and typically applied sparingly. Cadet v. State of Florida Department of Corrections, 853 F.3d 1216, 1221 (11th Cir. 2017). It may be appropriate where external forces, rather than a petitioner's lack of diligence, account for the failure to file a timely claim. Miles v. Prunty, 187 F.3d 1104, 1107 (9th Cir. 1999); see also Doe v. Busby, 661 F.3d 1001, 1015 (9th Cir. 2011) (the effort required is what a reasonable person might be expected to deliver under his or her particular circumstances). Among the factors that courts have considered relevant in deciding whether equitable tolling of the limitations period is appropriate are the complexity of the legal proceedings and whether the state would suffer prejudice from the delay. Hoyos v. Wong, Case No. 09-cv-0388 L (NLS), 2010 WL 596443, at *4–5 (S.D. Cal. Feb. 16, 2010).

The "exercise of a court's equity powers must be made on a case-by-case basis" and it "enables courts to meet new situations that demand equitable intervention, and to accord all the relief necessary to correct particular injustices." Holland, 560 U.S., at 649–50. The petitioner "bears the burden of showing that this extraordinary exclusion should apply to him." Miranda v. Castro, 292 F.3d 1063, 1065 (9th Cir. 2002); accord Milam v. Harrington, 953 F.3d 1128, 1132 (9th Cir. 2020).

Here, the Court finds that Petitioner has shown, at least inferentially: continuing extraordinary circumstances of COVID-19 likely impede preparation of a complete federal petition prior to the requested as tolled date of August 1, 2022, continuing and anticipated reasonable diligence by counsel, and the lack of prejudice to Respondent from the brief fifty-three (53) days of further tolling requested by Petitioner.

First, the Court finds the COVID-19 pandemic, though somewhat diminished following

1  the Omicron surge, has delayed and continues to limit investigation and development of
2  evidence from Petitioner and lay and expert witnesses.  (See e.g., ECF Nos. 49-2, 84-1, 88-1,
3  88-3 at 34-35.)  It appears that in-person investigation and interaction involving Petitioner and
4  lay and expert witnesses, some of whom are at increased risk of COVID-19 infection and
5  illness or concerned and hesitant in that regard, is ongoing and will required time beyond the
6  current petition filing deadline.  (Id.)  While the rate of COVID-19 transmission in Marin
7  County, California (where Petitioner lives) and Tulare County, California (where the trial took
8  place and some witnesses reside) is low (see cdc.gov/coronavirus/2019-ncov/your-
9  health/covid-by-county.html, last visited April 13, 2022), the specter of COVID-19 infection
10 and illness remains.  California still records nearly 2100 new cases daily, including over 80
11 new cases in Marin County occupying nearly half of the available ICU beds, and over 450 new
12 cases in Tulare County occupying more than half of the available ICU beds (see
13 covid19.ca.gov/state-dashboard, last visited April 13, 2022).
14       Particularly, the Omicron variant surge and its aftermath have delayed and continue to
15 limit access to Petitioner by the defense team and experts, matters Petitioner reasonably could
16 not have anticipated at the time he filed his third tolling motion on October 6, 2021.  The Court
17 is persuaded that the investigation and development of possible new mental state and
18 mitigation evidence, including expert neuropsychological opinion, requires time beyond the
19 current petition filing deadline due to delays and backlogs resulting from COVID-19, and
20 pandemic limitations on travel and in-person contact and related hesitancies.  (See e.g., ECF
21 No. 81 at 22-27; ECF No. 84 at 14-15; ECF No. 84-1; ECF No. 88-1.)
22       For example, as recently as December 9, 2021, Petitioner's counsel advised the Court
23 that expert neuropsychologists were being vetted, and that those under consideration required a
24 number of months for review of the case, evaluation of Petitioner, and rendering of an opinion.
25 (ECF No. 88-1 at 3-5.)  The Court takes notice that following closure due to the Omicron
26 surge, San Quentin has reopened for some in-person legal visitation, limited to Fridays through
27 Sundays, by up to two people, with appointments scheduled at least one week in advance.  (See
28 cdcr.ca.gov/visitors/visiting-status, last visited April 13, 2022.)  Presumably, there is a backlog

for visiting at San Quentin following the closure for Omicron.

Next, the Court finds that Petitioner has raised an inference that counsel have been and will continue to be reasonably diligence in the face of the ongoing pandemic. See Ford v. Gonzalez, 683 F.3d 1230, 1237 (9th Cir. 2012) (citing Holland, 560 U.S. at 653) ("The diligence required for equitable tolling purposes is reasonable diligence, not maximum feasible diligence."). For example, counsel point to previously proffered facts supporting (1) continuing communication with Petitioner by available means, (2) continuing assembly and review of the record, (3) continuing development of the mitigation plan, (4) continuing efforts at developing expert opinion, and (5) continuing efforts at development and presenting record and non-record claims. (See e.g., ECF No. 81 at 16-17, 23, 27-28; ECF No. 84 at 14-15; ECF No. 84-1; ECF No. 88-1.)

Relatedly, the Court previously rejected Respondent's suggestion that Petitioner need only file a protective petition containing record claims, and that Petitioner cannot show diligence by pursuing unexhausted evidence and potential new colorable claims. (See ECF No. 92 at 7-8, citing ECF Nos. 55, 59); see also Rules Governing § 2254 Cases, Rule 2, 28 U.S.C.A. foll. § 2254; Ayestas v. Davis, 138 S. Ct. 1080, 1094 (2018) (proper application of the "reasonably necessary" standard of 18 U.S.C. § 3599(f) requires courts to consider the potential merit of the claims that the applicant wants to pursue, the likelihood that the services will generate useful and admissible evidence, and the prospect that the applicant will be able to clear any procedural hurdles standing in the way); Rhines v. Weber, 544 U.S. 269, 277 (2005) (petitioner may file a federal mixed petition for state exhaustion in limited circumstances); cf. Smith v. Davis, 953 F.3d 582, 601 (9th Cir. 2020) (when a petitioner acts diligently to prepare a habeas petition, it matters not if he recycles arguments previously made by counsel to state courts).

Finally, the Court observes the size and complexity of this capital habeas case, the apparent extent of the mitigation investigation to be conducted within California and Mexico, and Respondent's apparent concession that further equitable tolling would not be prejudicial. (See ECF No. 97; see also ECF No. 92 at 8; ECF No. 85 at 9, citing ECF No. 71 at 6-7; ECF

No. 55 at 10-11; ECF Nos. 44-48.)  It remains that Respondent does not suggest he would suffer any prejudice should the requested brief period of additional tolling be granted.  The Court finds no reason to believe that further tolling of fifty-three (53) days would have a significant impact upon Respondent's ability to oppose any challenges raised by Petitioner to his underlying 1996 judgment of conviction.

The ongoing extraordinary circumstances raised by the COVID-19 pandemic discussed above, have impeded Petitioner's right to the assistance of appointed habeas counsel in preparing a complete federal petition.  18 U.S.C. § 3599(a)(2); McFarland v. Scott, 512 U.S. 849, 855-57 (1994) (given the complex nature of capital habeas proceedings and the seriousness of the possible penalty, an attorney's assistance in preparing a federal habeas corpus petition is crucial and includes a right for that counsel meaningfully to research and present a defendant's claims); McCleskey v. Zant, 499 U.S. 467, 498 (1991) (in the pre-AEDPA context, stating that "petitioner must conduct a reasonable and diligent investigation aimed at including all relevant claims and grounds for relief in the first federal habeas petition."), superseded by statute as recognized in Banister v. Davis, __U.S.__, 140 S. Ct. 1698, 1707 (2020).

For all the reasons stated, the Court finds that Petitioner has carried his burden of showing that notwithstanding the continuing exercise of reasonable diligence, the present extraordinary circumstances of the COVID-19 pandemic make it unlikely that a proper federal habeas petition in this case can be completed and filed prior to August 1, 2022.  Holland, 560 U.S., at 649–50; Miranda, 292 F.3d, at 1065; see also Grant, 862 F.3d, at 918; Rules Governing § 2254 Cases, Rule 2, 28 U.S.C.A. foll. § 2254.  For the same reasons, the Court finds that were a motion for equitable tolling to accompany a federal habeas petition filed on August 1, 2022, Petitioner would carry his burden on the motion. However, this was will the last extension the court will provide, absent the appropriate legal standard and not for the reasons already stated.

# III.

# FINDINGS AND RECOMMENDATION

Accordingly, based upon the findings above, it is recommended that Petitioner's fourth motion for equitable tolling (ECF No. 94) be granted, such that Petitioner shall file his federal petition for writ of habeas corpus on or before August 1, 2022,

These findings and recommendation will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within **fourteen (14) days** following service of these findings and recommendation, any party may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Any failure to file objections within the specified time may result in the waiver of rights on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **April 15, 2022**

UNITED STATES MAGISTRATE JUDGE