UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JORGE CONTRERAS,<br><br>        Petitioner,<br><br>   v.<br><br>RONALD DAVIS, Warden of San Quentin State Prison,<br><br>        Respondent.[1] | Case No.  1:19-cv-01523-AWI-SAB<br><br>DEATH PENALTY CASE<br><br>ORDER REFERRING CASE TO THE SELECTION BOARD DUE TO THE WITHDRAWAL OF CO-COUNSEL KENNETH MURRAY |

On April 22, 2022, Kenneth Murray filed notice of his withdrawal as co-counsel representing Petitioner Jorge Contreras in this proceeding.  (ECF No. 100.)  Mr. Murray points to his medical and emotional conditions that prevent him from effectively representing Petitioner.  (ECF No. 100-1.)

The record reflects that on December 6, 2019, the Court appointed Mr. Murray and Brian Pomerantz to represent Petitioner as co-counsel for all purposes in this proceeding, pursuant to 18 U.S.C. § 3599.  (ECF No. 12); see also E.D. Cal. L.R. 191(c).

The local rules of this district require an attorney who would withdraw and leave his or her client without representation to obtain leave of the court upon motion noticed to the client and all parties, in conformity with the requirements of the California Rules of Professional Conduct.  E.D. Cal. L.R. 182(d).  In such a case, the decision to grant or deny counsel's motion

---

[1] Pursuant to Federal Rules of Civil Procedure, Rule 25(d), Ron Broomfield, Warden of San Quentin State Prison, shall be substituted as Respondent in place of his predecessor wardens.

1 to withdraw is committed to the court's discretion upon consideration of the reasons for
2 withdrawal, potential delay in resolution of the case, and potential prejudice to the litigants and
3 the administration of justice.   See Copeland v. Challenge Sec. Servs., Inc., No.
4 218CV01435TLNCKD, 2020 WL 315997, at *1 (E.D. Cal. Jan. 21, 2020).

      Also, federal courts often look to applicable state rules in determining whether adequate grounds exist to excuse counsel from further representation. Stewart v. Boeing Co., No. CV 12-05621 RSWL, 2013 WL 3168269, at *1 (C.D. Cal. June 19, 2013) (citing Denney v. City of Berkeley, No. C 02–5935 JL, 2004 WL 2648293 at *2–*3 (N.D. Cal. Nov.18, 2004) (looking to the California Code of Professional Conduct when determining counsel's motion to withdraw); see also Cal. Prof. Conduct, Rule 1.16(b)(8) (permissive withdrawal allowed where counsel's mental or physical condition renders it difficult for the member to carry out the employment effectively); Cal. Prof. Conduct, Rule 1.16(d) (counsel may not withdraw unless he "has taken reasonable steps to avoid reasonably foreseeable prejudice to the rights of the client).

      Here, the Court observes that co-counsel Pomerantz continues to represent Petitioner for all purposes in this case, and that withdrawing co-counsel Murray will assist with transition to replacement co-counsel. (ECF Nos. 100, 100-1.) Furthermore, to the extent the parties' joint stipulation, filed concurrently with co-counsel's notice of withdrawal, suggests Mr. Murray's departure may necessitate further equitable tolling of the petition filing deadline, such matters as may properly be before the Court will be addressed separately, in due course. (ECF No. 101.)

      Accordingly,

1. The Court, consistent with its practice in capital habeas cases, refers this matter to the Selection Board for the Eastern District of California for their recommendation of suitable replacement co-counsel. The Selection Board shall consider the availability of the Sacramento Office of the Federal Defender as replacement co-counsel. Assistant Federal Defender David Harshaw shall submit the Board's recommendation of counsel to the Court under seal by emailing it to ApprovedSealed@caed.uscourts.gov, promptly upon issuance.

2. The Clerk of the Court is directed to serve this order upon: (i) counsel for the

parties, and (ii) and David Harshaw, Assistant Federal Defender, 801 I Street, Third Floor, Sacramento, CA 95814, (Email) david_harshaw@fd.org.

3. Co-counsel for Petitioner, Mr. Pomerantz, shall provide him with a copy of this order.

IT IS SO ORDERED.

Dated:   **May 2, 2022**

UNITED STATES MAGISTRATE JUDGE

3