1

2

3

4

5

6

7                    UNITED STATES DISTRICT COURT

8                    EASTERN DISTRICT OF CALIFORNIA

9

| | |
|---|---|
| 10  JORGE CONTRERAS, | Case No.  1:19-cv-01523-AWI-SAB |
| 11        Petitioner, | DEATH PENALTY CASE |
| 12     v. | ORDER (1) DENYING STIPULATED MOTION FOR FURTHER EQUITABLE |
| 13  RONALD DAVIS, Warden of San Quentin State Prison, | TOLLING, and (2) EXTENDING THE DEADLINE TO OBJECT TO FINDINGS AND RECOMMENDATION ON FOURTH |
| 14        Respondent.[1] | MOTION FOR EQUITABLE TOLLING |
| 15 | (Seven-Day Deadline) |
| 16 | |
| 17 | |

18        Before the Court is a joint motion filed April 22, 2022, by the parties, through respective

19   counsel, stipulating to equitable tolling of the 28 U.S.C. 2244(d)(1) petition filing deadline from

20   the current as tolled date of June 9, 2022, to a date six months following the Court's appointment

21   of a replacement for Kenneth Murray, whose notice of withdrawal as co-counsel for Petitioner

22   was filed the same day as the joint motion.  (ECF Nos. 101, 100, respectively.)

23        The Court, having considered the motion, the record, and the controlling law, and finding

24   the matter amenable to decision without a hearing pursuant to Eastern District of California

25   Local Rule 230(g), shall deny the motion as premature, without prejudice to renewal upon a

26   showing sufficient under Holland v. Florida, 560 U.S. 631 (2010), as discussed below.

27   _____

28   [1] Pursuant to Federal Rules of Civil Procedure, Rule 25(d), Ron Broomfield, Warden of San Quentin State Prison, shall be substituted as Respondent in place of his predecessor wardens.

# I. BACKGROUND

The facts of this case, reflected in the Court's docket, are summarized as follows.

On December 11, 1996, Petitioner was convicted of first degree felony murder and robbery, with the special circumstance of murder in the commission of the robbery found true, and sentenced to death.

Petitioner's conviction was affirmed on appeal, and his state petition for writ of habeas corpus was summarily denied on the merits.

On October 28, 2019, Petitioner began this proceeding pursuant to 28 U.S.C. § 2254.  On December 6, 2019, the Court appointed as co-counsel Brian M. Pomerantz, Esq., and Ken Murray, Esq., to represent him in the case for all purposes, pursuant to 18 U.S.C. § 3599.

The Court granted Petitioner's several motions for equitable tolling of the 28 U.S.C. § 2244(d)(1) petition filing deadline, on grounds of extraordinary impacts raised by the COVID-19 pandemic.  The current as tolled deadline for Petitioner to file his federal habeas petition is June 9, 2022.

On March 8, 2022, Petitioner, through counsel, filed a motion to equitably toll the June 9, 2022 deadline to August 1, 2022, again on grounds of continuing extraordinary impacts raised by the COVID-19 pandemic.  On April 15, 2022, the magistrate judge issued his findings and recommendation granting the motion.  The findings and recommendation are pending disposition with the Court.

# II. DISCUSSION

The parties stipulate that "further equitable tolling is appropriate to assure that Mr. Contreras' replacement co-counsel has time to learn the record and meaningfully contribute to the preparation of the petition for writ of habeas corpus."  (ECF No. 101 at 3.)  Co-counsel Pomerantz states his belief that "[b]ased on the size of the record, and in consultation with potential replacements and others … replacement counsel cannot learn the core record and meaningfully contribute to the case with anything less than a six-month window."  (Id.)  He points to capital cases in this and other federal districts where equitable tolling was allowed for delay in appointing counsel to represent *pro se* petitioners.  (ECF No. 101, at 3-4, cases cited

therein.)

The parties further stipulate that the April 29, 2022 deadline to object to the magistrate's pending findings and recommendation should be stayed until the Court rules on the instant request for further tolling.  (ECF No. 101, at 4.)  They argue the findings and recommendation would be moot should the motion be granted.  (Id.)

The parties finally stipulate to certain post-petition scheduling, that the Respondent shall file an answer or other responsive pleading no later than six months after the filing of the petition, with Petitioner to reply no later than six months after the filing of the answer, or as otherwise agreed after the filing of a responsive pleading other than an answer.  (ECF No. 101, at 5.)

"A habeas petitioner is entitled to equitable tolling only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing."  Fue v. Biter, 842 F.3d 650, 653 (9th Cir. 2016) (*en banc*) (quoting Holland, 560 U.S., at 649); see also Espinoza-Matthews v. California, 432 F.3d 1021, 1026 n.5 (9th Cir. 2005) (citing Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005)); Calderon v. United States Dist. Ct. (Beeler), 128 F.3d 1283, 1288-89 (9th Cir. 1997) (approving prospective equitable tolling of the one year statute of limitations under 28 U.S.C. § 2244(d) where "extraordinary circumstances" beyond a prisoner's control make it impossible to file a petition on time), partially overruled on other grounds by Calderon v. United States Dist. Ct. (Kelly V), 163 F.3d 530, 540 (9th Cir. 1998), abrogated on other grounds by Woodford v. Garceau, 538 U.S. 202 (2003).

"[E]quitable tolling is available only when extraordinary circumstances beyond a prisoner's control make it impossible to file a petition on time and the extraordinary circumstances were the cause of the prisoner's untimeliness."  Sossa v. Diaz, 729 F.3d 1225, 1229 (9th Cir. 2013), but see Grant v. Swarthout, 862 F.3d 914, 918 (9th Cir. 2017) (acknowledging that equitable tolling is appropriate even where "it would have technically been possible for a prisoner to file a petition," so long as the prisoner "would have likely been unable to do so.").  It may be appropriate where external forces, rather than a petitioner's lack of

1    diligence, account for the failure to file a timely claim.  Miles v. Prunty, 187 F.3d 1104, 1107

2    (9th Cir. 1999).  Among the factors that courts have considered relevant in deciding whether

3    equitable tolling of the limitations period is appropriate are the complexity of the legal

4    proceedings and whether the state would suffer prejudice from the delay.  Hoyos v. Wong, Case

5    No. 09-cv-0388 L (NLS), 2010 WL 596443, at *4–5 (S.D. Cal. Feb. 16, 2010).

6          Equitable tolling is limited to rare and exceptional circumstances and typically applied

7    sparingly.  Cadet v. State of Florida Department of Corrections, 853 F.3d 1216, 1221 (11th Cir.

8    2017). This "exercise of a court's equity powers must be made on a case-by-case basis" and it

9    "enables courts to meet new situations that demand equitable intervention, and to accord all the

10    relief necessary to correct particular injustices."  Holland, 560 U.S., at 649–50.  The petitioner

11    "bears the burden of showing that this extraordinary exclusion should apply to him."  Miranda v.

12    Castro, 292 F.3d 1063, 1065 (9th Cir. 2002); accord Milam v. Harrington, 953 F.3d 1128, 1132

13    (9th Cir. 2020).

14          Here, the request for further equitable tolling is premature and insufficiently supported.

15    Petitioner has not made a sufficient showing, under Holland, that Mr. Murray's departure

16    constitutes an extraordinary circumstance preventing timely filing of the federal petition.

17    Petitioner is not without counsel.  Mr. Pomerantz continues to represent Petitioner for all

18    purposes.  Thus, Petitioner's reliance upon cases granting equitable tolling for delay in the

19    appointment of counsel to represent *pro se* petitioners, is misplaced.  (ECF No. 101, at 3-4; see

20    also Whalen v. Warden, E.D. Cal. Case No. 1:14-cv-01865-JLT, ECF No. 38, at 4-10; Harris v.

21    Davis, E.D. Cal. Case No. 1:16-cv-01572-DAD, ECF No. 24, at 4-8; Doolin v. Davis, E.D. Cal.

22    Case No. 09-cv-1453-AWI-SAB, ECF No. 39, at 2-5; San Nicholas v. Ayers, E.D. Cal. Case No.

23    06-cv-00942-DAD, ECF No. 32, at 8; Stanley v. Martel, Case No. 3-07-cv-4727-EMC, 2011 WL

24    3154792, at **1-2 (N.D. Cal. July 26, 2011); Bunyard v. Davis, Case No. 2:15-cv-1790 WBS

25    AC DP, 2016 WL 128429, at *2-6 (E.D. Cal. Jan. 12, 2016), findings and recommendations

26    adopted by 2016 WL 366230 (E.D. Cal. Jan. 29, 2016); Cruz v. Chappell, Case No. 13-cv-

27    02792-JST, 2014 WL 693595, at **2-3 (N.D. Cal. Feb. 21, 2014).

28          Petitioner has not demonstrated that the withdrawal of co-counsel Murray alone denies

1    him the right to the assistance of counsel in preparing his federal petition.  See e.g., Stanley,

2    2011 WL 3154792, at *1 (equitable tolling is not automatic in capital habeas actions in which

3    counsel is not promptly appointed, but rather is available only on a case-by-case basis

4    considering the particulars of the action); Bunyard, 2016 WL 128429, at *4 (citing Lott v.

5    Mueller, 304 F.3d 918, 924-25 (9th Cir. 2002)) ("the confluence of numerous factors" may

6    prevent timely filing and support equitable tolling).

7          Particularly, Petitioner does not point to facts in the record that Mr. Murry's departure

8    makes it unlikely if not impossible for him to investigate, develop, and present his federal

9    petition by the magistrate's recommended as tolled date.  For example, no facts before the Court

10   suggest: (i) how much time the appointed individual reasonably will need for record review,

11   investigation, and related consultation, relative to areas of responsibility, (ii) the percentage of

12   case review, investigation, and petition preparation counsel have completed in general, and Mr.

13   Murray has completed in particular, and (iii) how much time counsel reasonably will need to

14   complete the petition including whether obstacles remain, and if so, to what extent.  See e.g.,

15   Beeler, 128 F.3d, at 1289 (equitable tolling granted where much of the work of withdrawing lead

16   counsel was unusable by replacement co-counsel); Jurado v. Wong, No. 08CV1400 JLS (JMA),

17   2009 WL 3320494, at *7 (S.D. Cal. Oct.14, 2009) (equitable tolling granted for delay in

18   appointment of counsel, but only to extent of the work necessary to complete a comprehensive

19   federal petition).

20         Additionally, Petitioner has not demonstrated how, if at all, the extraordinary

21   circumstances raised by COVID-19 (i.e. the basis for tolling under the pending April 15, 2022,

22   findings and recommendation granting tolling to August 1, 2022), impact and/or are impacted by

23   the alleged extraordinary circumstances raised by the withdrawal and replacement of Mr.

24   Murray.  For example, the magistrate judge found continuing COVID-19 impediments to

25   investigation and development of lay and expert evidence.  Yet nothing before the Court

26   addresses these continuing COVID-19 impediments in the context of replacement co-counsel.

27         For the reasons stated, the Court sees no need to stay the time for filing objections to the

28   pending findings and recommendation.  Nonetheless, out of an abundance of caution, the Court

will extend the deadline for filing objections to the findings and recommendation to a date seven days from and after service of this order.

Accordingly, the joint motion for further equitable tolling of the 28 U.S.C. § 2244(d)(1) deadline for filing Petitioner's federal petition, (ECF No. 101), is denied, without prejudice.  The joint motion to stay the deadline for filing objections to the magistrate judge's pending finding and recommendation issued on April 15, 2022, (id.), is denied.  The deadline for the parties to file written objections to the findings and recommendation, (ECF No. 99), is extended to a date seven days following service of this order.

IT IS SO ORDERED.

Dated:   May 16, 2022   

_____
SENIOR  DISTRICT  JUDGE