1

2

3

4

5

6

7

8           UNITED STATES DISTRICT COURT

9             EASTERN DISTRICT OF CALIFORNIA

10

11  JORGE CONTRERAS,                     Case No.  1:19-cv-01523-AWI-SAB

12          Petitioner,                  DEATH PENALTY CASE

13      v.                               ORDER OVERRULING PETITIONER'S
                                         OBJECTIONS TO ASSIGNMENT OF A
14  RONALD DAVIS, Warden of San Quentin  MAGISTRATE JUDGE
    State Prison,[1]
15                                       (ECF No. 95)

16

17          Before the Court are objections to the assignment of a magistrate judge to the case,

18  filed on March 8, 2022, by counsel for Petitioner, Brian Pomerantz and Ken Murray

19  (hereinafter "Objections").

20          The Court having considered the Objections, the record, and the controlling law, and

21  finding the matter amenable to decision without a hearing pursuant to Eastern District of

22  California Local Rule 230(g), overrules the Objections, as explained below.

23                                       **I.**

24                                  **BACKGROUND**

25          The facts underlying this case, reflected in the Court's docket, are summarized as

26  follows.

27  _____

28  [1] Pursuant to Federal Rule of Civil Procedure 25(d), Ron Broomfield, Warden of San Quentin State Prison, shall
    be substituted as Respondent in place of his predecessor wardens.

On December 11, 1996, Petitioner was convicted of first degree felony murder and robbery, with the special circumstance of murder in the commission of the robbery found true, and sentenced to death.

Petitioner's conviction was affirmed on appeal, and his state petition for writ of habeas corpus was summarily denied on the merits.

On October 28, 2019, Petitioner began this proceeding pursuant to 28 U.S.C. § 2254. On November 6, 2019, the Court assigned Magistrate Judge Stanley Boone to the case. On December 6, 2019, the Court appointed as co-counsel Brian M. Pomerantz, Esq., and Ken Murray, Esq., to represent Petitioner in the case for all purposes, pursuant to 18 U.S.C. § 3599.

The Court granted Petitioner's several motions for equitable tolling of the 28 U.S.C. § 2244(d)(1)) petition filing deadline, on grounds of extraordinary impacts raised by the COVID-19 pandemic. The current as tolled deadline for Petitioner to file his federal habeas petition is June 9, 2022.

On March 8, 2022, Petitioner, through counsel, filed a motion to equitably toll the June 9, 2022 deadline to August 1, 2022, again on grounds of continuing extraordinary impacts raised by the COVID-19 pandemic. On April 15, 2022, the magistrate judge issued his findings and recommendation granting the motion. The findings and recommendation are pending disposition with the Court.

**II.**

**DISCUSSION**

Petitioner objects to the assignment of a magistrate judge to the case on grounds the assistance of a magistrate judge is unnecessary, and the two-tiered review process is irreparably harming his case.

First, Petitioner argues that the Court does not need the assistance of a magistrate judge. He argues that this case is like other capital habeas cases pending in the Eastern District of California that are handled solely by a district judge. (ECF No. 95, at 3-5.) He also argues that the circumstances underlying the District's previously declared judicial emergency have abated, obviating any related need for magistrate judge assistance. (Id.; see also ECF No. 53-1;

2

1   E.D. Cal. General Order 649; E.D. Cal. Standing Orders in Light of Ongoing Judicial

2   Emergency.)

3         However, Petitioner lacks standing to challenge the Court's assignment of a magistrate

4   judge to the case.  District judges may refer pretrial matters, including petitions seeking habeas

5   corpus relief, to magistrate judges without the consent of the parties.  28 U.S.C. § 636(b)(1)(4);

6   see also E.D. Cal. Local Rule 302 (duties to be performed by magistrate judges), E.D. Cal.

7   Local Rule 304 (magistrate judges' authority in excepted matters), and E.D. Cal. Local Rule

8   121(e) (automatically assigning a magistrate judge to all capital habeas petitions filed in the

9   District's Sacramento division).

10        A party to litigation has no power to interfere with a district judge's statutory authority

11  to delegate various responsibilities to magistrates as long as the delegation is within the

12  confines of the Federal Magistrates Act, 28 U.S.C. §§ 631-39.   Foster v. Gloucester Cty. Bd.

13  of Chosen Freeholders, 465 F. Supp. 293, 296 (D.N.J. 1978); see also U.S. v. Reyna-Tapia,

14  328 F.3d 1114, 1122 (9th Cir. 2003) (citing Peretz v. U.S., 501 U.S. 923, 928 (1991)) ("[T]he

15  underlying purpose of the Federal Magistrates Act is to improve the effective administration of

16  justice."); Alaimalo v. United States, 317 F. App'x 619, 620 (9th Cir. 2008) (the Magistrates

17  Act authorized the district court to refer a federal petitioner's habeas corpus petition to a

18  magistrate judge for consideration of preliminary matters and preparation of findings and

19  recommendations).

20        Even if Petitioner had standing to object to the referral and assignment of a magistrate

21  judge to this case, the fact that he waited twenty-seven months to do so appears to waive any

22  objection.  See e.g., Mylett v. Jeane, 879 F.2d 1272, 1275 (5th Cir. 1989) (party waived

23  procedural challenge to magistrate judge referral where he waited four months and the pretrial

24  conference had been held).

25        Petitioner's due process rights are adequately protected by the fact that, absent his

26  consent, a district court judge acts as the ultimate decision maker on dispositive matters, with

27  broad discretion to accept, reject, or modify the magistrate's proposed findings, receive

28  evidence, conduct a hearing, and make de novo determinations of contested matters.  U.S. v.

3

1   Raddatz,  100 S. Ct. 2406, 2415 (1980); accord Pacemaker Diagnostic Clinic of America, Inc.

2   v. Instromedix, Inc., 725 F.2d 537, 544 (9th Cir. 1984).

3          Next, Petitioner argues that delay inherent in the two-tiered (i.e. magistrate judge -

4   district judge) review process has impeded fair and cost-effective equitable tolling for impacts

5   raised by the COVID-19 pandemic.  He points to his recently granted third motion for

6   equitable tolling, which was pending during the Omicron variant surge.  He suggests that he

7   had to file the motion earlier, spend more time and Criminal Justice Act funding on briefing it,

8   and wait longer for resolution of it than capital habeas petitioners proceeding in this District

9   without an assigned magistrate judge.  Particularly, he argues that he was unable to anticipate

10  and plead in the first instance the extraordinary circumstances raised by the Omicron surge

11  because of the early filing deadline required for magistrate judge review.

12         However, on the facts and circumstances of this case, the Court is unpersuaded that

13  reference to the magistrate judge denied Petitioner fair process on his third tolling motion, or

14  otherwise.  The Court's consideration of the magistrate judge's findings and recommendations

15  on Petitioner's opposed third motion for equitable tolling, the objections and responses thereto,

16  and the newly proffered evidence therewith, was consistent with the controlling law and not a

17  denial of fair process.  (See ECF No. 92, at 1-2, citing 28 U.S.C. § 636(b)(1)(B)(C)); see also

18  Fed. R. Civ. P. 72; E.D. Cal. Local Rules 302 and 304.

19         Petitioner was afforded a full and fair opportunity to demonstrate the requisite

20  extraordinary circumstances and reasonable diligence in support of his third tolling motion.

21  For example, he requested and the assigned magistrate judge granted an extension of time to

22  file objections to the findings and recommendations; the objections filed included 100 pages of

23  newly submitted evidence.  (ECF Nos. 86, 87, 88, respectively.)  The Court then adopted the

24  uncontested portion of the magistrate judge's findings and recommendations, consistent with

25  Petitioner's request, and held the contested portion in abeyance of Respondent's response to

26  Petitioner's objections and newly submitted evidence.  (ECF No. 88, at 5; ECF No. 89.)  The

27  Court then accepted and considered Respondent's response to the objections, the parties' newly

28  submitted evidence, and Petitioner's supplemental authority in support of his objections to the

1    findings and recommendations.  (ECF No. 89, at 3; ECF No. 92, at 1-2.).

2          In light of this course of filings and review by the Court, it appears that the Petitioner is

3    not taking the delegation of the magistrate judge seriously, despite the firm rooting of the

4    propriety and authority of the referral as explained above.  For example, Petitioner seems to

5    argue that magistrate judge review somehow impeded his ability to fully support the third

6    tolling motion; that he could have presented the motion in a more complete fashion, without

7    the need for supplemental evidence and documents, if the case were assigned only to a district

8    judge.  The Court does not find Petitioner's argument well-founded or supported by the record.

9    Particularly so, as the Petitioner elected to submit "new" evidence and material after issuance

10   of the magistrate judge's findings and recommendations.

11         The Court granted further equitable tolling of the petition filing deadline to June 9,

12   2022, the date requested by Petitioner in his third tolling motion.  (ECF No. 92, at 8-9.)  The

13   Court, in the course thereof, concluded that (1) the magistrate judge, considering the facts and

14   evidence then before him, fairly and properly denied equitable tolling beyond February 9, 2022

15   (ECF No. 92, at 5-6), and (2) Petitioner's newly proffered evidence along with judicially

16   noticed facts of the Omicron surge not considered by the magistrate judge, supported

17   exceptional circumstances for further equitable tolling to and including June 9, 2022 (ECF No.

18   92, at 5-8).

19         Significantly, the Omicron surge occurred after the magistrate judge issued his finding

20   and recommendations and while they were pending with the Court.  Thus, the magistrate judge

21   referral did not delay or otherwise impact the Court's *de novo* review of facts raised by the

22   Omicron surge as good cause for further equitable tolling.  See e.g., Webb v. Califano, 468 F.

23   Supp. 825, 830-31 (E.D. Cal. 1979) (suggesting the assistance of a magistrate judge might be

24   counterproductive to the extent *de novo* review moots the time expended by the magistrate

25   judge).

26         Any extent to which Petitioner's equitable tolling motion may have been pending

27   longer than similar motions filed by capital habeas petitioners proceeding without an assigned

28   magistrate judge, is not alone a basis for denial of due process.  (See ECF No. 95, at 3-5.)

Apart from the delay that is inherent in the referral process, nothing before the Court suggests that Petitioner was denied a fair process when considering the facts of his case against those of the cases he notes.  See Holland v. Florida, 560 U.S. 631, 649-50 (the exercise of a court's equity powers must be made on a case-by-case basis).  For example, Petitioner concedes that he received a more timely resolution of his third equitable tolling motion than at least one of his noted capital habeas petitioners proceeding without an assigned magistrate judge.  (See ECF No. 95, at 2-3, citing Cowan v. Cates, E.D. Cal. Case No. 1:19-cv-00745-DAD, ECF Nos. 29, 30.)

Also, Petitioner's time and effort spent preparing objections to the magistrate judge's findings and recommendations, and an unfiled protective petition setting out record claims, does not alone suggest an unfair process or harm to his case.  As discussed above, the objections, provided for by law, included new evidence and facts of the waxing Omicron surge not available to the magistrate judge.  As for the protective petition, record claims presumably will be presented in Petitioner's § 2254 petition filed in this proceeding.

Finally, Petitioner seems to argue that the assigned magistrate judge denied him a fair rate of reimbursement for Criminal Justice Act travel costs.  (ECF No. 95, at 4-5.)  But even if Petitioner were to make a factual showing in support, he must do so in the manner provided by the Criminal Justice Act, rather than in the Objections.  See Judicial Council of the Ninth Circuit, Criminal Justice Act Policies and Procedures, revised January 31, 2022, at section VI, H; see also E.D. Cal. General Order No. 582 re Adoption of Criminal Justice Act Plan.

ACCORDINGLY, Petitioner's Objections to the assignment of a magistrate judge to the case, are OVERRULED.

IT IS SO ORDERED.

Dated:   May 17, 2022   

_____
SENIOR DISTRICT JUDGE