UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JORGE CONTRERAS,<br><br>    Petitioner,<br><br>  v.<br><br>RONALD DAVIS, Warden of San Quentin State Prison,<br><br>    Respondent.[1] | Case No.  1:19-cv-01523-AWI-SAB<br><br><u>DEATH PENALTY CASE</u><br><br>ORDER (1) GRANTING FURTHER EQUITABLE TOLLING TO FEBRUARY 1, 2023, and (2) DENYING AS MOOT STAY OF THE AUGUST 1, 2022, PETITION FILING DEADLINE |

On July 1, 2022, counsel for Petitioner moved to further equitably toll the 28 U.S.C. § 2244(d)(1) petition filing deadline from the current as tolled date of August 1, 2022, to February 1, 2023.  (ECF No. 109.)  On July 6, 2022, counsel for Petitioner further moved to stay the August 1, 2022, petition filing deadline during the pendency of the equitable tolling motion. (ECF No. 111.)

Counsel for Respondent has not opposed the further tolling motion and the time for doing so has passed.  Local Rule 230(c).  Counsel for Petitioner represents that counsel for Respondent does not oppose the stay request.  (ECF No. 111, at 4.)

The Court, having considered the motions, the record, and the controlling law, and

---

[1] Pursuant to the Federal Rules of Civil Procedure, Rule 25(d), Ron Broomfield, Warden of San Quentin State Prison, shall be substituted as Respondent in place of his predecessor wardens.

1

finding the matters amenable to decision without a hearing pursuant to Local Rule 230(g), shall grant further equitable tolling to February 1, 2023, and deny as moot the motion to stay the August 1, 2022, petition filing deadline, as discussed below.

## I. BACKGROUND

The facts of this case, reflected in the Court's docket, are summarized as follows.

On December 11, 1996, Petitioner was convicted of first degree felony murder and robbery, with the special circumstance of murder in the commission of the robbery found true, and sentenced to death. The California Supreme Court affirmed Petitioner's conviction on direct appeal, and summarily denied on the merits his petition for writ of habeas corpus.

On October 28, 2019, Petitioner began this federal proceeding pursuant to 28 U.S.C. § 2254.

On December 6, 2019, the Court appointed as co-counsel Brian M. Pomerantz, Esq., and Ken Murray, Esq., to represent Petitioner in the case for all purposes, pursuant to 18 U.S.C. § 3599.

Counsel for Respondent lodged the record on February 14, 2020, and then lodged an amended record on July 23, 2020.

The Court granted Petitioner's multiple motions for equitable tolling of the 28 U.S.C. § 2244(d)(1)) petition filing deadline on grounds of extraordinary impacts raised by the COVID-19 pandemic.

On April 22, 2022, Mr. Murray filed a notice of withdrawal.

On May 16, 2022, the Court denied without prejudice, as premature and insufficient under *Holland v. Florida*,[2] the parties' stipulated motion for six months' open-ended equitable tolling in contemplation of appointment of a replacement for Mr. Murray.

On June 28, 2022, the Court adopted the June 24, 2022, recommendation of the Selection Board for the Eastern District of California, and appointed Craig M. Cooley as replacement co-counsel.

/////

---

[2] 560 U.S. 631 (2010).

2

## II. DISCUSSION

Counsel for Petitioner argue that notwithstanding their reasonable diligence, Mr. Murray's withdrawal from the case and Mr. Cooley's substitution as co-counsel raise extraordinary impediments to investigation, development and presentation of a complete federal habeas petition prior to February 1, 2023. Particularly, counsel argue that Mr. Cooley requires a period of six months to learn the case and complete the substantial (i.e. more than 60%) portion of Mr. Murray's work investigating, developing, and drafting non-record claims, that remains undone. Relatedly, Mr. Pomerantz suggests that the need to replace the current mitigation specialist, and other cases requiring his attention, have prevented him from advancing the petition in the absence of co-counsel, and continue to impede completion of the federal petition.

Additionally, counsel for Petitioner argue that a stay of the current August 1, 2022, petition filing deadline pending a ruling on the instant further tolling motion, is necessary to provide protection against a potential default of the petition filing deadline. Counsel for Petitioner represent that counsel for Respondent does not oppose the stay request.

"A habeas petitioner is entitled to equitable tolling only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." Fue v. Biter, 842 F.3d 650, 653 (9th Cir. 2016) (*en banc*) (quoting Holland, 560 U.S., at 649); see also Espinoza-Matthews v. California, 432 F.3d 1021, 1026 n.5 (9th Cir. 2005) (citing Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005)); Calderon v. United States Dist. Ct. (Beeler), 128 F.3d 1283, 1288-89 (9th Cir. 1997) (approving prospective equitable tolling of the one year statute of limitations under 28 U.S.C. § 2244(d) where "extraordinary circumstances" beyond a prisoner's control make it impossible to file a petition on time), partially overruled on other grounds by Calderon v. United States Dist. Ct. (Kelly V), 163 F.3d 530, 540 (9th Cir. 1998), abrogated on other grounds by Woodford v. Garceau, 538 U.S. 202 (2003).

"[E]quitable tolling is available only when extraordinary circumstances beyond a prisoner's control make it impossible to file a petition on time and the extraordinary circumstances were the cause of the prisoner's untimeliness." Sossa v. Diaz, 729 F.3d 1225,

1229 (9th Cir. 2013), but see Grant v. Swarthout, 862 F.3d 914, 918 (9th Cir. 2017) (acknowledging that equitable tolling is appropriate even where "it would have technically been possible for a prisoner to file a petition," so long as the prisoner "would have likely been unable to do so."). It may be appropriate where external forces, rather than a petitioner's lack of diligence, account for the failure to file a timely claim. Miles v. Prunty, 187 F.3d 1104, 1107 (9th Cir. 1999). Among the factors that courts have considered relevant in deciding whether equitable tolling of the limitations period is appropriate are the complexity of the legal proceedings and whether the state would suffer prejudice from the delay. Hoyos v. Wong, Case No. 09-cv-0388 L (NLS), 2010 WL 596443, at *4–5 (S.D. Cal. Feb. 16, 2010).

Equitable tolling is limited to rare and exceptional circumstances and typically applied sparingly. Cadet v. State of Florida Department of Corrections, 853 F.3d 1216, 1221 (11th Cir. 2017). This "exercise of a court's equity powers must be made on a case-by-case basis" and it "enables courts to meet new situations that demand equitable intervention, and to accord all the relief necessary to correct particular injustices." Holland, 560 U.S., at 649–50. The petitioner "bears the burden of showing that this extraordinary exclusion should apply to him." Miranda v. Castro, 292 F.3d 1063, 1065 (9th Cir. 2002); accord Milam v. Harrington, 953 F.3d 1128, 1132 (9th Cir. 2020).

Here, the Court finds that on the facts and evidence now before it, counsel for Petitioner have carried the burden of showing extraordinary circumstances under Holland entitling Petitioner to an additional six months' tolling for presentation of a complete federal habeas petition. Petitioner had no control over the withdrawal of Mr. Murray, which occurred at a time when the bulk of Mr. Murray's assigned claim investigation and development remained undone and potentially colorable new claims remained undrafted. Mr. Cooley avers that he needs six months as a condition of accepting appointment, in order to "review the voluminous record, meet Mr. Contreras, and help Mr. Pomerantz identify and retain a mitigation specialist and other mental health experts for mitigation purposes." (ECF No. 109-1, at 2-4; see also ECF No. 109-2; Beeler, 128 F.3d, at 1289 (extraordinary circumstances for equitable tolling found where much of the work product left behind by withdrawing counsel was not usable by replacement counsel).

1    The Court previously observed that Mr. Murray's withdrawal did not alone deny
2 Petitioner's right to the assistance of counsel in preparing his federal petition. (ECF No. 103, at
3 4-5, citing Lott v. Mueller, 304 F.3d 918, 924-25 (9th Cir. 2002)) ("the confluence of numerous
4 factors" may prevent timely filing and support equitable tolling); Jurado v. Wong, No.
5 08CV1400 JLS (JMA), 2009 WL 3320494, at *7 (S.D. Cal. Oct.14, 2009) (equitable tolling
6 granted for delay in appointment of counsel, but only to extent of the work necessary to complete
7 a comprehensive federal petition).)  Counsel for Petitioner support the instant motion with
8 additional facts regarding the substantial work facing Mr. Cooley as replacement co-counsel.
9 (See ECF No. 109, at 6.)  Moreover, Mr. Cooley's assessment of the length of tolling required is
10 informed by what he knows of the facts and circumstances of the case, and his stated experience
11 in such matters. (See ECF No. 109-1.)

12    The Court again observes the size and complexity of this capital habeas case, where the
13 amended lodging of the record spans 10,820 pages including: the 204 page supplemental opening
14 brief stating 10 claims including subclaims; the California Supreme Court's 68 page reasoned
15 opinion affirming judgment of conviction and sentence on automatic appeal; and the 213 page
16 state habeas corpus petition stating 14 claims and subclaims supported by 205 exhibits totaling
17 4109 pages. (See e.g., ECF Nos. 71, at 7; 85, at 9; 99, at 6-7.)

18    Furthermore, moving counsel have sufficiently demonstrated ongoing and anticipated
19 reasonable diligence with regard to the extraordinary conditions raised by the departure of Mr.
20 Murray and the arrival of Mr. Cooley.  For example, the Court observes (1) moving counsel's
21 stated professional and personal responsibilities in other matters, (2) the recurring COVID-19
22 restrictions upon in-person visitation including expert evaluation at San Quentin State Prison
23 (where Petitioner lives), (3) Mr. Cooley's stated willingness to visit Petitioner in-person and
24 accompany expert(s) on such visits as they become available, (4) the noted delay in the process
25 of selecting Mr. Cooley as replacement co-counsel, and (5) Mr. Cooley's informed estimate of
26 the time needed for him to fully participate in the preparation of the federal petition. (See ECF
27 Nos. 109, at 4-10; 109-1; see also ECF No. 109-2.)

28    Respondent has not opposed the instant motion for further equitable tolling.  Nothing

1  before the Court suggests that Respondent would suffer any prejudice should the requested
2  period of additional tolling be granted.

3       Of course, it is concerning that Mr. Pomerantz seems largely unable to quantify counsel's
4  progress over the last two-plus years of reviewing the record, investigating and developing
5  claims, and preparing the petition.[3]  Mr. Pomerantz suggests this is because the field
6  investigation necessary to inform the mitigation plan is incomplete due to the impediments
7  discussed above, impediments that he suggests have been exaggerated by the Court's "piecemeal
8  application of equitable tolling" in the case.  (See ECF No. 109, at 7.)  Putting aside such
9  concerns for the time being, the Court finds that Petitioner is entitled to further equitable tolling
10 on grounds of the withdrawal and replacement of co-counsel, for the reasons stated.

11      On the facts and evidence now before the Court, the extraordinary impediments raised by
12 the withdrawal and replacement of co-counsel have impeded Petitioner's right to the assistance
13 of appointed habeas counsel in preparing a complete federal habeas petition.  18 U.S.C. §
14 3599(a)(2); McFarland v. Scott, 512 U.S. 849, 855-57 (1994) (given the complex nature of
15 capital habeas proceedings and the seriousness of the possible penalty, an attorney's assistance in
16 preparing a federal habeas corpus petition is crucial and includes a right for that counsel
17 meaningfully to research and present a defendant's claims); McCleskey v. Zant, 499 U.S. 467,
18 498 (1991) (in the pre-AEDPA context, stating that "petitioner must conduct a reasonable and
19 diligent investigation aimed at including all relevant claims and grounds for relief in the first
20 federal habeas petition."), superseded by statute as recognized in Banister v. Davis, __U.S.__,
21 140 S. Ct. 1698, 1707 (2020).

22      For all the reasons stated, the Court finds that Petitioner has carried his burden of
23 showing that notwithstanding the continuing exercise of reasonable diligence by Petitioner and
24 his counsel, the present extraordinary circumstances raised by the withdrawal and replacement of
25 co-counsel make it unlikely that a proper federal habeas petition in this case can be completed

---

[3] "Answering the Court's query regarding the percentage of case review, investigation, and petition preparation counsel have completed in general, the answer is *who knows*." (ECF No. 109, at 6.)

and filed prior to February 1, 2023. Holland, 560 U.S., at 649–50; Miranda, 292 F.3d, at 1065; see also Grant, 862 F.3d, at 918; Rules Governing § 2254 Cases, Rule 2, 28 U.S.C.A. foll. § 2254. For the same reasons, the Court finds that were a motion for equitable tolling to accompany a federal habeas petition filed on February 1, 2023, Petitioner would carry his burden on the motion.

Accordingly, the motion to further equitably toll the 28 U.S.C. § 2244(d)(1) deadline (ECF No. 109), is granted. Petitioner shall file his federal habeas petition by not later than February 1, 2023. The motion to stay the August 1, 2022, petition filing deadline (ECF No. 111), is denied as moot.

IT IS SO ORDERED.

Dated: July 21, 2022

SENIOR DISTRICT JUDGE