# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JORGE CONTRERAS,<br><br>　　　　　Petitioner,<br><br>　　v.<br><br>RON BROOMFIELD[1],<br><br>　　　　　Respondent. | Case No.  1:19-cv-01523-AWI-SAB<br><br>DEATH PENALTY CASE<br><br>ORDER REGARDING PETITIONER'S REQUEST TO SEAL<br><br>(Doc. No. 113) |

## I.

## INTRODUCTION

On October 25, 2022, Petitioner Jorge Contreras, through counsel Brian Pomerantz and Craig Cooley, filed a notice of a request to seal documents on the public docket; the notice is associated with a motion that will be filed *ex parte* and under seal to transfer this case to the Sacramento Division in order to resolve a conflict.  See Doc. No. 113.  Petitioner has submitted under seal and *ex parte* the underlying request/motion to seal documents, the motion to transfer this case to the Sacramento Division, supporting exhibits 1 through 4 to the motion to transfer, and a proposed order.

Petitioner states that the motion and four supporting exhibits must be filed under seal "so as not to publicly divulge budget matters which are normally sealed." Doc. No. 113 at 2.  Petitioner further states that the documents to be sealed, the *ex parte* motion and four supporting exhibits, and the proposed sealing order, have not been served upon Respondent because case budgeting matters are presumptively confidential and handled *ex parte*.  See id.  Respondent has not opposed

---

[1] Ron Broomfield, appointed as warden of San Quentin State Prison in September 2021, is substituted as Respondent in place of his predecessor wardens.  Fed. R. Civ. P. 25(d).

1

or otherwise responded to Petitioner's publicly filed notice of request to seal, and the time for doing so has passed.  L.R. 141(c).

## II.

## LEGAL STANDARD

Pursuant to the Local Rules of the United States District Court, Eastern District of California, documents may only be sealed by written order of the Court upon the showing required by applicable law.  L.R. 141(a).  Courts have long recognized a "general right to inspect and copy public records and documents, including judicial records and documents."  Kamakana v. City & Cnty. of Honolulu, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting Nixon v. Warner Commc'ns, Inc., 435 U.S. 589, 597 & n. 7 (1978)).  Nevertheless, this access to judicial records is not absolute. Kamakana, 447 F.3d at 1172.  Courts distinguish a category of documents that is not subject to the right of public access because the documents have "traditionally been kept secret for important policy reasons."  Times Mirror Co. v. United States, 873 F.2d 1210, 1219 (9th Cir. 1989).

Since resolution of disputes on the merits "is at the heart of the interest in ensuring the public's understanding of the judicial process and of significant public events[,]' . . . 'compelling reasons' must be shown to seal judicial records attached to a dispositive motion."  Kamakana, 447 F.3d at 1179.  Where applicable, compelling reasons must be demonstrated by the party seeking to seal a judicial record.  See id. at 1178.  The Ninth Circuit previously drew a clear distinction between dispositive and non-dispositive motions in determining whether compelling reasons must be shown to seal such documents, stating: "[i]n sum, we treat judicial records attached to dispositive motions differently from records attached to non-dispositive motions."  Id. at 1179. More recently, the Ninth Circuit has clarified that the focus in determining whether compelling reasons must be shown is not on the dispositive nature of the motion, but whether the motion at issue is more than tangentially related to the merits of the case.  Center for Auto Safety v. Chrysler Grp., LLC, 809 F.3d 1092, 1101 (9th Cir. 2016).  Therefore, compelling reasons must be shown to seal a motion that is more than tangentially related to the merits of the case, or records attached thereto.  Id.

1    Additionally, under the Criminal Justice Act, 18 U.S.C. § 3006A (hereinafter "CJA"), funding documents generally are filed *ex parte* and under seal. Phillips v. Chappel, 2015 U.S. Dist. LEXIS 57647, at *2 (E.D. Cal. Apr. 30, 2015) (citing, e.g., 18 U.S.C. § 3006A(e); Guidelines for Administering the CJA and Related Statutes, Vol. 7 of the Guide to Judiciary Policy, ("Guidelines"), § 230.26.20(c) ("Case budgets should be submitted ex parte and filed and maintained under seal.")). Under 18 U.S.C. § 3599(f), *ex parte* consideration of funding applications filed pursuant to the CJA requires a showing of the need for confidentiality. Under the Guidelines, *ex parte* applications for services other than counsel must be placed under seal until the final disposition of the case in the trial court, subject to further order of the court. Guidelines, § 310.30. "Maintaining the secrecy of the application prevents the possibility that an open hearing may cause defendants to reveal their defense." Id.

### III.

### DISCUSSION

The Court has reviewed the request to seal documents and the contents of the documents to be sealed. The Court finds that Petitioner's motion to transfer and supporting exhibits 1 through 4 contain or reflect CJA funding and payment information, as well as information regarding attorney appointment, representation, procedures, and strategies and the attorney client relationship, that are inherently confidential and that the need to maintain such confidentiality outweighs the presumption of public access to the judicial record, whether under the good cause or compelling reasons standard. See 18 U.S.C. § 3006A; 18 U.S.C. § 3599(f); Kamakana, 447 F.3d at 1178-79; United States v. Gonzales, 150 F.3d 1246, 1266 (10th Cir. 1998); Miroth v. Cnty. of Trinity, 2022 WL 3965789, at *1 (E.D. Cal. Aug. 31, 2022); Doolin v. Cullen, 2010 WL 3943523, at *1 (E.D. Cal. Oct. 1, 2010). Thus, the Court will grant Petitioner's request to seal.

### IV.

### ORDER

Accordingly, IT IS HEREBY ORDERED that:

1.    Petitioner's request to file documents under seal (Doc. No. 113) is GRANTED;

3

2. The Clerk of the Court is DIRECTED to file under seal Petitioner's 3-page Request to Seal Documents, 36-page *ex parte* motion to transfer the case to the Sacramento Division of the Eastern District of California, and the motion to transfer's supporting exhibits 1 through 4 (which total 25 pages);

3. The sealed documents are not to be served upon counsel for Respondent and shall remain under seal until further order of the Court;

4. The foregoing documents, including information contained therein, constitute confidential information which shall not be disclosed, in whole or part, to any person other than the Court and Court staff for their use solely in connection with the litigation of the habeas corpus proceeding pending before this Court;

5. No publicly filed document shall include the above documents and/or the information set forth therein unless authorized by the Court to be filed under seal; and

6. All provisions of this order shall continue to be binding after the conclusion of this habeas corpus proceeding and specifically shall apply in the event of a retrial of all or any portion of Petitioner's criminal case, except that Petitioner maintains the right to request modification or vacation of this order upon entry of final judgment.

IT IS SO ORDERED.

Dated:   November 2, 2022                              _____
                                                       SENIOR DISTRICT JUDGE