1

2

3

4

5

6

7

8                              UNITED STATES DISTRICT COURT

9                              EASTERN DISTRICT OF CALIFORNIA

10

11   JORGE CONTRERAS,                              Case No.  1:19-cv-01523-AWI-SAB

12              Petitioner,                        DEATH PENALTY CASE

13       v.                                        ORDER REGARDING PETITIONER'S
                                                   REQUEST TO SEAL *EX PARTE* MOTION
14   RON BROOMFIELD, Warden of California          TO STAY THE CASE
     State Prison at San Quentin,
15
                Respondent.[1]
16

17

18

19                                       I.

20                                  INTRODUCTION

21       On December 19, 2022, Petitioner, through counsel Brian Pomerantz and Craig Cooley,

22   filed on the public docket a notice of request seal the following documents submitted to the

23   Court *in camera*: (1) an *ex parte* motion to stay the case, (2) an Appendix A to the motion, and

24   (3) a proposed order regarding the motion.[2]  (See Doc. No. 118.)

25   _____

26   [1] Ron Broomfield, appointed as warden of San Quentin State Prison in September 2021, is substituted as
     Respondent in place of his predecessor wardens.  Fed. R. Civ. P. 25(d).

27   [2] Petitioner refers to a document titled request to seal documents, which was not included with his *in camera*
     submissions.
28
                                          1

1

II.

2

BACKGROUND

3       On December 11, 1996, Petitioner was convicted of first degree felony murder and

4  robbery, with the special circumstance of murder in the commission of the robbery found true,

5  and sentenced to death.  The California Supreme Court affirmed Petitioner's conviction on

6  direct appeal, and summarily denied on the merits his petition for writ of habeas corpus.

7       On October 28, 2019, Petitioner began this federal proceeding pursuant to 28 U.S.C. §

8  2254.

9       On December 6, 2019, the Court appointed as co-counsel Brian M. Pomerantz, Esq.,

10 and Ken Murray, Esq., to represent Petitioner in the case for all purposes, pursuant to 18

11 U.S.C. § 3599.

12      Counsel for Respondent lodged the record on February 14, 2020, and then lodged an

13 amended record on July 23, 2020.

14      On June 28, 2022, the Court appointed Craig Cooley a co-counsel in place Ken Murray,

15 who filed notice of withdrawal on April 22, 2022.

16      The Court granted Petitioner's multiple motions for equitable tolling of the 28 U.S.C. §

17 2244(d)(1)) petition filing deadline on grounds of extraordinary impacts raised by the COVID-

18 19 pandemic.  The first federal petition is due February 1, 2023.

19

III.

20

DISCUSSION

21      Petitioner argues that the documents submitted *in camera* must be sealed and not served

22 upon Respondent because they contain or reflect confidential case budgeting information that

23 is protected from public disclosure.  (See Doc. No. 118); see also 18 U.S.C. § 3599(f); 18

24 U.S.C. § 3006A.  Relatedly, he argues the motion to stay must proceed *ex parte* on grounds his

25 cause will be irreparably damaged if he is forced to proceed by regular notice.

26      A.      The Request to Proceed *Ex Parte* on the Stay Motion is Inadequately Supported

27      Petitioner moves to stay the case based upon his *in camera* proffer of documents to be

28 sealed.  He proposes to proceed *ex parte* on the motion, without regular written notice.  He

2

1    states that Respondent has not been served with the moving documents that were submitted *in*

2    *camera*.  (See Doc. No. 118.)

3         In general, a written motion must be served on all parties unless it may be heard *ex*

4    *parte*.  Fed. R. Civ. P. 5(a)(1)(D); see also Rainey v. Taylor, No. SACV 19-00219-VAP, 2019

5    WL 4383958, at *2 (C.D. Cal. Apr. 11, 2019) ("*Ex parte* relief is appropriate only in the face

6    of real urgency.  Both the Federal Rules of Civil Procedure and the Local Rules of this Court

7    contemplate that noticed motions should be the rule because noticed motions provide a

8    framework for the fair, orderly, and efficient resolution of disputes.")

9         An application to proceed *ex parte* is available only in limited
     circumstances for good cause shown.  The Court observes that:
10        The "opportunities for legitimate *ex parte* applications are
          extremely limited." In re Intermagnetics America, Inc., 101 B.R.
11        191, 193 (C.D.Cal.1989). See also *Mission Power Engineering
          Co. v. Continental Casualty Co.,* 883 F.Supp. 488, 489 (C.D.
12        Cal.1995) (stating that to be proper, an *ex parte* application must
          demonstrate that there is good cause to allow the moving party to
13        "go to the head of the line in front of all other litigants and
          receive special treatment"). As the court in Intermagnetics stated:
14        "... [E]x parte applications contravene the structure and spirit of
          the Federal Rules of Civil Procedure and the Local Rules of this
15        court. Both contemplate that noticed motions should be the rule
          and not the exception … They demand priority consideration,
16        where such consideration is seldom deserved. In effect, they put
          the applicant 'ahead of the pack,' without cause or justification."

17
          The use of such a procedure is justified only when (1) there is a
18        threat of immediate or irreparable injury; (2) there is danger that
          notice to the other party may result in the destruction of evidence
19        or the party's flight; or (3) the party seeks a routine procedural
          order that cannot be obtained through a regularly
20        noticed motion (i.e., to file an overlong brief or shorten the time
          within which a motion may be brought).

21

22   Horne v. Wells Fargo Bank, N.A., 969 F. Supp. 2d 1203, 1205 (C.D. Cal. 2013)

23        The party seeking *ex parte* relief must show that his case will be "irreparably

24   prejudiced if the underlying motion is heard according to regular noticed motion procedures[;]"

25   and "that the moving party is without fault in creating the crisis that requires *ex parte* relief, or

26   that the crisis occurred as a result of excusable neglect."  Mission Power Eng'g Co. v. Cont'l

27   Cas. Co., 883 F. Supp. 488, 492 (C.D. Cal. 1995).

28        The Court, based upon the information before it, finds that Petitioner fails to support his

1   request for *ex parte* relief  with a showing of irreparable prejudice raised by the merits of the

2   underlying motion to stay the case.  See Al Otro Lado, Inc. v. Wolf, No. 17-CV-02366-BAS-

3   KSC, 2020 WL 8617490, at *1 (S.D. Cal. Dec. 7, 2020) citing Mission Power, 883 F. Supp. at

4   492; Yokohama Tire Corp. v. Dealers Tire Supply, Inc., 202 F.R.D. 612, 613 (D. Ariz. 2001)

5   (holding that a party's "perception of the urgency" to obtain relief is insufficient under

6   the *ex parte* standard).  A showing of "irreparable prejudice" generally requires consideration

7   of the proposed motion "because if it is meritless, failure to hear it cannot be prejudicial."

8   Mission Power, 883 F. Supp. at 492.

9       When considering whether to stay proceedings, courts consider (1) the possible damage

10  which may result from the granting of a stay; (2) the hardship or inequity which a party may

11  suffer in being required to go forward; and (3) the orderly course of justice measured in terms

12  of the simplifying or complicating of issues, proof, and questions of law which could be

13  expected to result from a stay.  Lockyer v. Mirant Corp., 398 F.3d 1098, 1110 (9th Cir. 2005).

14  However, "if there is even a fair possibility that the stay . . . will work damage to someone else,

15  the stay may be inappropriate absent a showing by the moving party of hardship or

16  inequity."  Dependable Highway Exp., Inc. v. Navigators Ins. Co., 498 F.3d 1059, 1066 (9th

17  Cir. 2007).

18      Petitioner fails adequately to address these factors with anything more than unsupported

19  inference.  See Clinton v. Jones, 520 U.S. at 708 (citing Landis v. North American Co., 299

20  U.S. at 255) (the party seeking a stay bears the burden of establishing its need).  His *in camera*

21  proffer in support of staying the case consists of arguments previously considered and rejected

22  by the Court.  Moreover, the stay he requests is of uncertain duration.  See Cartmill v. Sea

23  World, Inc., No. 10CV00361 DMS (POR), 2010 WL 4569922, *2 (S.D. Cal. Nov. 5, 2010)

24  (citing Keshishzadeh v. Arthur J. Gallagher Serv. Co., Nos. 09-cv-168 LAB (RBB), 09-cv-

25  1273 LAB (RBB), 2010 WL 1904887, *2 (S.D. Cal. May 12, 2010) ("The potential length of a

26  stay is a relevant consideration in determining whether to grant [an application seeking such

27  relief]."); see also Richards v. Ernst & Young LLP, No. C 08-4988 JF (HRL), 2010 WL

28  682314, *4 (N.D. Cal. Feb. 24, 2010) (considering, *inter alia*, the likely length of any stay

1    when deciding whether to grant a motion to stay).

2         Any potential prejudice to Respondent should the stay be granted, including potential

3    lost and stale evidence as a result of the stay, cannot be assessed adequately at present because

4    Respondent has not been provided an opportunity to review and respond to the motion.

5         Nothing before the Court suggests the requested stay would promote economy of time

6    and effort for itself, for counsel, and for the litigants.  See McConnell v. Lassen County,

7    California, No. CIV S-05-0909 FCD DAD, 2007 WL 4170622, *1 (E.D. Cal. Nov. 20, 2007).

8    Quite the opposite, given the Court's prior rejection of Petitioner's arguments in support of the

9    stay.

10        Additionally, Petitioner has not shown his need to proceed *ex parte* relates to other than

11   to his own fault or inexcusable neglect.  Here again, the *in camera* proffer shows the request

12   for *ex parte* relief relates to matters previously considered and ruled upon by the Court.  See

13   Env't Def. Ctr. v. Bureau of Ocean Energy Mgmt., No. CV168418PSGFFMX, 2019 WL

14   10786008, at *1 (C.D. Cal. Aug. 6, 2019), citing Mission Power Eng'g Co.,  883 F. Supp. at

15   492 (a party seeking relief outside of the regular noticed motion procedures must show that it is

16   "without fault in creating the crisis that requires *ex parte* relief, or that the crisis occurred as a

17   result of excusable neglect.").

18        Finally, to the extent Petitioner's instant motion to stay and Appendix A thereto may

19   seek reconsideration of a prior order of the Court in the case, he has not demonstrated

20   entitlement to such relief.  See Fed. R. Civ. P. 60(b), Rule 60(b)(6); Harvest v. Castro, 531

21   F.3d 737, 749 (9th Cir. 2008); U.S. v. Westlands Water Dist., 134 F.Supp.2d 1111, 1131 (E.D.

22   Cal. 2001; Local Rule 230(j).

23        In sum, *ex parte* motions are rarely justified.  Petitioner has not demonstrated his

24   entitlement to proceed *ex parte* on the underlying motion to stay.  Especially so where, as here,

25   Respondent will have no opportunity to argue or file opposing papers.  See Mission Power,

26   883 F. Supp. at  490 (even where the adversary has a chance to be heard, *ex parte* motions "are

27   inherently unfair . . . pose a threat to the administration of justice . . . [and] debilitate the

28   adversary system.").   " [L]awyers too often simply make allegations that have no supporting

5

1  evidence to back them up." Id. at 491.   At this point, Petitioner has not made out "a clear case

2  of hardship or inequity" in being required to go forward by regular noticed motion.  See In re

3  American Apparel, Inc. Shareholder Derivative Litigation, No. CV 10-06576 MMM (RCx),

4  2012 WL 9506072, *44 (C.D. Cal. July 31, 2012) (citing Landis, 299 U.S. at 255).

5         Accordingly, the request to proceed on the *ex parte* motion to stay the case is

6  DENIED.  The request to seal documents is moot on that basis, and DENIED.

7

8  IT IS SO ORDERED.

9  Dated:   **December 23, 2022**

   _____
   UNITED STATES MAGISTRATE JUDGE

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28