# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JORGE CONTRERAS,<br><br>　　　　　Petitioner,<br><br>　v.<br><br>RON BROOMFIELD, Warden of California State Prison at San Quentin,<br><br>　　　　　Respondent.[1] | Old Case No. 1:19-cv-01523-JLT-SAB<br>New Case No. 1:19-cv-01523-JLT<br><br><u>DEATH PENALTY CASE</u><br><br>ORDER FOLLOWING CASE REASSIGNMENT |

On January 9, 2023, Kimberly J. Mueller, Chief United States District Judge for the Eastern District of California, reassigned the case from District Judge Anthony W. Ishii to the undersigned. The court, having reviewed and considered the record and in furtherance of its case management responsibilities and for good cause shown, finds and directs as follows:

1. The reference to United States Magistrate Judge Stanley A. Boone (Doc. No. 10) is VACATED. The new case number for this action, which must be used on all documents filed with the court, is: **1:19−CV−01523−JLT**. All future pleadings and/or correspondence must be so numbered. The parties are advised that use of an incorrect case number, including initials, may result in a delay of documents being processed and copies thereof being correctly distributed and received by the appropriate judicial officer.

---

[1] Ron Broomfield, appointed as warden of San Quentin State Prison in September 2021, is substituted as Respondent in place of his predecessor wardens. Fed. R. Civ. P. 25(d).

1

2. Petitioner's Objections to the Magistrate Judge's Order regarding the request to seal an *ex parte* motion to stay the case (Doc. No. 120), having been rendered moot by the vacated reference to the Magistrate Judge, is DENIED on that basis.

3. The joint motion for expedited remote status conference with the district court (Doc. No. 122) is DENIED at this time.

4. Instead, counsel for petitioner, Brian Pomerantz and Craig Cooley, and counsel for respondent, Deputy Attorney General Christina Hitomi Simpson, are directed to file a **joint status report within 10 days**. The report SHALL include the parties' position as to the Court issuing an amended case schedule—and proposing new dates—and the need for further tolling of the 28 U.S.C. § 2244(d)(1) petition filing deadline under the standard set out in *Holland v. Florida*, 560 U.S. 631 (2010). Petitioner may separately raise any necessarily related Criminal Justice Act funding issue *ex parte* and under seal.

5. The parties will be advised by minute order should the court find it necessary to set a status conference.

6. All currently set dates and deadlines in the case remain in full force and effect.

IT IS SO ORDERED.

Dated:  **January 13, 2023**

UNITED STATES DISTRICT JUDGE

2