UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JORGE CONTRERAS,<br><br>            Petitioner,<br><br>      v.<br><br>RON BROOMFIELD, Warden of<br>California State Prison at San Quentin,<br><br>            Respondent.[1] | Case No. 1:19-cv-01523-JLT<br><br>DEATH PENALTY CASE<br><br>ORDER (1) GRANTING FURTHER<br>EQUITABLE TOLLING TO AUGUST 1,<br>2023, and (2) MODIFYING CASE<br>SCHEDULING |

I.

INTRODUCTION

Before the Court is the joint status report filed on January 23, 2023 by counsel for petitioner, Brian Pomerantz and Craig Cooley, and counsel for respondent, Deputy Attorney General Christina Hitomi Simpson, in response to the court's January 13, 2023 order following reassignment of the case. (*See* Docs. 124, 123.) Counsel jointly propose (1) further equitable tolling of the 28 U.S.C. § 2244(d) petition filing deadline from the current as tolled date of February 1, 2023 to August 1, 2023, and (2) modifications to the Court's current post-petition scheduling.

---

[1] Ron Broomfield, appointed as warden of San Quentin State Prison in September 2021, is substituted as respondent in place of his predecessor wardens. Fed. R. Civ. P. 25(d).

1

Having reviewed the report, the record and the controlling law, and finding the matter amenable to decision without a status conference, the Court will grant further equitable tolling and thereupon modify case scheduling as stipulated to by the parties, subject to the approved Phase II Budget, as explained below.

II.

BACKGROUND

The facts of this case, reflected in the Court's docket, are summarized as follows.

On December 11, 1996, petitioner was convicted of first degree felony murder and robbery, with the special circumstance of murder in the commission of the robbery found true, and sentenced to death. The California Supreme Court affirmed petitioner's conviction on direct appeal, and summarily denied on the merits his petition for writ of habeas corpus.

On October 28, 2019, petitioner began this federal proceeding pursuant to 28 U.S.C. § 2254.

On December 6, 2019, the Court appointed as co-counsel Brian M. Pomerantz, Esq., and Ken Murray, Esq., to represent petitioner in the case for all purposes, pursuant to 18 U.S.C. § 3599.

Counsel for respondent lodged the record on February 14, 2020, and then lodged an amended record on July 23, 2020.

Mr. Murray filed notice of withdrawal as co-counsel on April 22, 2022. On June 28, 2022, the Court appointed Craig M. Cooley as replacement co-counsel.

The original 28 U.S.C. § 2244(d) deadline for petitioner to file his first federal habeas corpus petition was December 9, 2020. The Court granted petitioner's multiple motions for equitable tolling on grounds of extraordinary impacts raised by the COVID-19 pandemic, and more recently the replacement of co-counsel.

III.

DISCUSSION

Counsel for petitioner seek further equitable tolling under the standard set out in *Holland v. Florida*, 560 U.S. 631 (2010), arguing that notwithstanding their reasonable diligence, delays

in consideration and approval of the Criminal Justice Act ("CJA") Phase II Budget, which includes initial funding for replacement co-counsel Cooley, denied petitioner the assistance of Mr. Cooley in preparing and presenting the federal petition that is currently due February 1, 2023. Counsel for petitioner additionally argue for further equitable tolling on grounds the case is complex, and respondent will not suffer prejudice should the requested extension of time be granted.

Counsel for respondent acquiesces in petitioner's arguments, stipulating to the requested further equitable tolling.

"A habeas petitioner is entitled to equitable tolling only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Fue v. Biter*, 842 F.3d 650, 653 (9th Cir. 2016) (*en banc*) (quoting *Holland*, 560 U.S. at 649); *see also Espinoza-Matthews v. California*, 432 F.3d 1021, 1026 n.5 (9th Cir. 2005) (citing *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)); *Calderon v. United States Dist. Ct.* (*Beeler*), 128 F.3d 1283, 1288-89 (9th Cir. 1997) (approving prospective equitable tolling of the one year statute of limitations under 28 U.S.C. § 2244(d) where "extraordinary circumstances" beyond a prisoner's control make it impossible to file a petition on time), partially overruled on other grounds by *Calderon v. United States Dist. Ct.* (*Kelly V*), 163 F.3d 530, 540 (9th Cir. 1998), abrogated on other grounds by *Woodford v. Garceau*, 538 U.S. 202 (2003).

"[T]he diligence required for equitable tolling purposes is 'reasonable diligence,' not 'maximum feasible diligence.'" *Holland*, 560 U.S. at 653. Petitioner must demonstrate reasonable diligence both before and after the impediment to timely filing was removed. *Smith v. Davis*, 953 F.3d 582, 599 (9th Cir. 2020). The diligence requirement is a causation requirement. *Rodriguez v. Cisneros*, No. 222CV06540MWFGJS, 2023 WL 362377 at *3 (C.D. Cal. Jan. 23, 2023) (citing *Smith*, 953 F.3d at 597, 600). The extraordinary circumstance relied upon by the petitioner must be "the cause of the untimely filing of the federal habeas petition." Id. (citing *Spitsyn v. Moore*, 345 F.3d 796, 799 (9th Cir. 2003)).

"[E]quitable tolling is available only when extraordinary circumstances beyond a

1   prisoner's control make it impossible to file a petition on time and the extraordinary

2   circumstances were the cause of the prisoner's untimeliness." *Sossa v. Diaz*, 729 F.3d 1225,

3   1229 (9th Cir. 2013), *but see Grant v. Swarthout*, 862 F.3d 914, 918 (9th Cir. 2017)

4   (acknowledging that equitable tolling is appropriate even where "it would have technically been

5   possible for a prisoner to file a petition," so long as the prisoner "would have likely been unable

6   to do so."). It may be appropriate where external forces, rather than a petitioner's lack of

7   diligence, account for the failure to file a timely claim. *Miles v. Prunty*, 187 F.3d 1104, 1107 (9th

8   Cir. 1999).

9       Equitable tolling is limited to rare and exceptional circumstances and typically applied

10  sparingly. *Cadet v. State of Florida Department of Corrections*, 853 F.3d 1216, 1221 (11th Cir.

11  2017). This "exercise of a court's equity powers must be made on a case-by-case basis" and it

12  "enables courts to meet new situations that demand equitable intervention, and to accord all the

13  relief necessary to correct particular injustices." *Holland*, 560 U.S. at 649–50. The petitioner

14  "bears the burden of showing that this extraordinary exclusion should apply to him." *Miranda v.*

15  *Castro*, 292 F.3d 1063, 1065 (9th Cir. 2002); accord *Milam v. Harrington*, 953 F.3d 1128, 1132

16  (9th Cir. 2020).

17      Among the factors that courts have considered relevant in deciding whether equitable

18  tolling of the limitations period is appropriate are the complexity of the legal proceedings and

19  whether the state would suffer prejudice from the delay. *Hoyos v. Wong*, Case No. 09-cv-0388 L

20  (NLS), 2010 WL 596443 at **4–5 (S.D. Cal. Feb. 16, 2010).

21      Here, petitioner's representations raise extraordinary circumstances effectively denying

22  him access to co-counsel Cooley's services during all but two weeks of the six months of

23  equitable tolling granted by the court following his appointment. (*See* Doc. 124 at 4-6); 18

24  U.S.C. § 3599(a)(2); *McFarland v. Scott*, 512 U.S. 849, 855-57 (1994) (given the complex nature

25  of capital habeas proceedings and the seriousness of the possible penalty, an attorney's assistance

26  in preparing a federal habeas corpus petition is crucial and includes a right for that counsel

27  meaningfully to research and present a defendant's claims); *McCleskey v. Zant*, 499 U.S. 467,

28  498 (1991) (in the pre-AEDPA context, stating that "petitioner must conduct a reasonable and

4

1   diligent investigation aimed at including all relevant claims and grounds for relief in the first

2   federal habeas petition."), superseded by statute as recognized in *Banister v. Davis*, __U.S.__,

3   140 S. Ct. 1698, 1707 (2020).

4          The record reflects that Mr. Cooley was appointed to the case late June 2022 with the

5   expectation that he would have at least six months to review the record and assist with

6   preparation of a complete first federal petition. (*See* Doc. 106; Doc. 109-1; Doc. 112 at 5; *see*

7   *also* Doc. 109-2); *Beeler*, 128 F.3d at 1289 (extraordinary circumstances for equitable tolling

8   found where much of the work product left behind by withdrawing counsel was not usable by

9   replacement counsel). Petitioner's counsel represents that delays in the CJA Phase II Budget

10  process which they initiated in mid-July 2022, left Mr. Cooley without a funded CJA account

11  until January 18, 2023. (*See* Doc. 124 at 4-6.)

12         Mr. Cooley, during the time his appointment was unfunded, was without a Court

13  authorized scope of work and unable to assist in preparing the portion of the federal petition for

14  which he is responsible. (*Id.*); *see also* Guide to Judiciary Policy, Vol 7 Defender Services, Part

15  A Guidelines for Administering the CJA and Related Statutes, Chapter 6: Federal Death Penalty

16  and Capital Habeas Corpus Representations, § 640.20(e) ("An approved budget should guide

17  counsel's use of time and resources by indicating the services for which compensation is

18  authorized."). Petitioner's access to Mr. Cooley was effectively denied during the period Mr.

19  Cooley was unfunded. *See Jurado v. Wong,* No. 08CV1400 JLS (JMA), 2009 WL 3320494 at *7

20  (S.D. Cal. Oct.14, 2009) (equitable tolling granted for delay in appointment of counsel, to extent

21  of the work necessary to complete a comprehensive federal petition); *Lott v. Mueller*, 304 F.3d

22  918, 923 (9th Cir. 2002) (citing *Corjasso v. Ayers*, 278 F.3d 874 (9th Cir. 2002)) (equitable

23  tolling granted due to court's lengthy delay in ruling).

24         Relatedly, the Court again observes the size and complexity of this capital habeas case,

25  where the amended lodging of the record spans 10,820 pages including: the 204-page

26  supplemental opening brief stating 10 claims including subclaims; the California Supreme

27  Court's 68 page reasoned opinion affirming judgment of conviction and sentence on automatic

28  appeal; and the 213 page state habeas corpus petition stating 14 claims and subclaims supported

1   by 205 exhibits totaling 4109 pages. (*See e.g.*, Doc. 112 at 5.)

2       Furthermore, petitioner's counsel have sufficiently demonstrated ongoing and

3   anticipated reasonable diligence with regard to the extraordinary conditions raised by the

4   appointment and funding of Mr. Cooley. The Ninth Circuit has stated that:

> In determining whether reasonable diligence was exercised courts
> shall "consider the petitioner's overall level of care and caution in
> light of his or her particular circumstances," *Doe v. Busby*, 661
> F.3d 1001, 1013 (9th Cir. 2011), and be "guided by 'decisions
> made in other similar cases ... with awareness of the fact that
> specific circumstances, often hard to predict in advance, could
> warrant special treatment in an appropriate case.' " *Fue*, 842 F.3d
> at 654 (quoting *Holland*, 560 U.S. at 650, 130 S.Ct. 2549).

10  *Smith*, 953 F.3d at 599.

11      The Court, mindful of the specific circumstances in this case, previously observed that

12  "[p]etitioner had no control over the withdrawal of Mr. Murray, which occurred at a time when

13  the bulk of Mr. Murray's assigned claim investigation and development remained undone and

14  potentially colorable new claims remained undrafted." (Doc. 112 at 4.) The Court also observed

15  Mr. Cooley's informed estimate that he would need six months on the case to fully participate in

16  the preparation of the federal petition. (*See* Docs. 109 at 4-11; 109-1; *see also* Doc. 109-2.)

17  While petitioner's counsel timely initiated the process to get Mr. Cooley funded, they represent

18  the process came to fruition with only two weeks remaining until the current as tolled petition

19  filing deadline.

20      As noted above, respondent has stipulated to the requested further equitable tolling.

21  Nothing before the Court suggests that respondent would suffer any prejudice should the

22  requested period of additional tolling be granted. *See Smith*, 953 F.3d at 591 (citing *John R. Sand*

23  *& Gravel Co., v. U.S.*, 552 U.S. 130, 133 (2008)) (protecting defendants against stale or unduly

24  delayed claims is a core function of statutes of limitation).

25      For all the reasons stated, the Court finds that petitioner has carried his burden of

26  showing that notwithstanding the continuing exercise of reasonable diligence by petitioner and

27  his counsel, the present extraordinary circumstances raised by delay in funding replacement co-

28  counsel make it unlikely that a proper federal habeas petition in this case can be completed and

filed prior to August 1, 2023. *Holland*, 560 U.S. at 649-50; *Miranda*, 292 F.3d at 1065; *see also Grant*, 862 F.3d at 918; Rules Governing § 2254 Cases, Rule 2, 28 U.S.C.A. foll. § 2254. For the same reasons, the Court finds that were a motion for equitable tolling to accompany a federal habeas petition filed on August 1, 2023, petitioner would carry his burden on the motion.

Accordingly, the parties' stipulated request to further equitably toll the 28 U.S.C. § 2244(d) deadline (Doc. 124), and thereupon modify the case schedule, is GRANTED.

Petitioner shall file his federal habeas corpus petition not later than <u>August 1, 2023</u>. Petitioner shall file any motion to stay this federal proceeding pursuant to *Rhines v. Weber*, 544 U.S. 269 (2005), not later than <u>30 days</u> after filing the federal petition.

Respondent shall file his answer or other responsive pleading not later than <u>six months</u> after lifting of the *Rhines* stay, <u>or as otherwise ordered</u> by the court if petitioner does not request or receive a *Rhines* stay.

If respondent chooses to file an answer, petitioner shall file his reply not later than <u>six months</u> after the filing of the answer. If respondent chooses to file a responsive pleading other than an answer, petitioner and respondent will meet and confer and provide the court with a joint status report providing proposed scheduling, not later than <u>30 days</u> after filing of the responsive pleading other than an answer.

IT IS SO ORDERED.

Dated:   **January 26, 2023**

UNITED STATES DISTRICT JUDGE