UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JORGE CONTRERAS,<br><br>  Petitioner,<br><br>  v.<br><br>RON BROOMFIELD, Warden of California State Prison at San Quentin,<br><br>  Respondent.[1] | Case No. 1:19-cv-01523-JLT<br><br>DEATH PENALTY CASE<br><br>ORDER AND ORDER TO SHOW CAUSE |

On September 7, 2023, Petitioner Jorge Contreras, a condemned state prisoner, through appointed counsel, moved (1) to stay this federal habeas proceeding pursuant to *Rhines v. Weber*, 544 U.S. 269 (2005), so that he may present the state court with unexhausted claims contained in his 28 U.S.C. § 2254 habeas corpus petition filed on August 1, 2023, and (2) for leave to file a first amended petition. (Doc. 129.)

Court records reflect that Respondent Warden Ron Broomfield, represented herein by Deputy Attorney General Christina Simpson, has filed neither an opposition nor a statement of non-opposition to Petitioner's motion.  Local Rule 230(c) provides that opposition to the

---

[1] Ron Broomfield, appointed as warden of San Quentin State Prison in September 2021, is substituted as Respondent in place of his predecessor wardens. Fed. R. Civ. P. 25(d).

1

granting of a motion, or a statement of non-opposition thereto, must be served upon the moving party, and filed with this Court, no later than fourteen (14) days following the filed date of the motion or, in this instance, by September 21, 2023.

Local Rule 230(c) further provides that "[n]o party will be entitled to be heard in opposition to a motion at oral arguments if opposition to the motion has not been timely filed by that party[,]" and that "[a] failure to file a timely opposition may also be construed by the Court as a non-opposition to the motion."

Local Rule 110 provides that "[f]ailure of counsel or of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions authorized by statute or Rule or within the inherent power of the Court." *See e.g., Ghazali v. Moran*, 46 F.3d 52, 53 (9th Cir. 1995) ("Failure to follow a district court's local rules is a proper ground for dismissal."). The decision to award sanctions is a matter within the Court's sound discretion. *Moser v. Bret Harte Union High Sch. Dist.,* 366 F.Supp.2d 944, 949 (E.D. Cal. 2005).

ACCORDINGLY, good cause appearing, IT IS HEREBY ORDERED that:

1. Respondent shall show cause, in writing, no later than fourteen (14) days from issuance of this order, why sanctions should not be imposed for failure to timely file an opposition or a statement of non-opposition to the pending motion.

2. Respondent shall file an opposition to the motion, or a statement of non-opposition thereto, no later than fourteen (14) days from issuance of this order.

3. Failure of Respondent to file an opposition will be deemed a statement of non-opposition to the pending motion.

IT IS SO ORDERED.

Dated:   **October 3, 2023**

UNITED STATES DISTRICT JUDGE

2