UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JORGE CONTRERAS,<br><br>　　　　Petitioner,<br><br>　　v.<br><br>RON BROOMFIELD, Warden of California State Prison at San Quentin,<br><br>　　　　Respondent. | Case No. 1:19-cv-01523-JLT<br><br>DEATH PENALTY CASE<br><br>ORDER: (1) DISCHARGING ORDER TO SHOW CAUSE, (2) DIRECTING PARTIES TO FILE JOINT STATEMENT RE CLAIM EXHAUSTION STATUS, and (3) HOLDING IN ABEYANCE PETITIONER'S MOTION FOR *RHINES* STAY AND LEAVE TO AMEND |

I. INTRODUCTION

On September 7, 2023, Petitioner filed in this proceeding a Motion (1) to stay the case pursuant to *Rhines v. Weber*, 544 U.S. 269 (2005), to allow state court exhaustion of claims in his 28 U.S.C. § 2254 Petition filed August 1, 2023, and (2) for leave to amend the Petition upon conclusion of state exhaustion proceedings. (Doc. 129.)

On October 4, 2023, the Court issued an Order that Respondent respond to Petitioner's Motion and Show Cause why sanctions should not be imposed for Respondent's failure to respond to the Motion within the fourteen-day period provided by Local Rule 230(c). (Doc. 130.)

On October 11, 2023, Respondent, through counsel Deputy Attorney General Christina Simpson, responded to the Court's Order, stating her inadvertent failure to respond Petitioner's

1

1  Motion, and Respondent's non-opposition to it.[1]  (Doc. 131.)

2  The Court, having reviewed the foregoing, and the record, rules as follows.

## II. RETURN ON ORDER TO SHOW CAUSE

Ms. Simpson, in her response to the Order to Show Cause, represents that she was unaware of the requirements of Local Rule 230(c).  (Doc. 131 at 2.[2])

The Court, observing that Ms. Simpson previously failed to comply with a scheduling order in the case (*see* Docs. 15, 16, 20), accepts her representation of inadvertent failure to comply with the Local Rule.  The Court will discharge the Order to Show Cause.

## III. CLAIM EXHAUSTION STATUS AND PETITIONER'S MOTION

Petitioner, in his Motion, requests the Court determine which claims in the Petition are exhausted and which are not exhausted.  (*See* Doc. 129 at 24-25.)  Petitioner asserts the following claims and subclaims are unexhausted or potentially partially unexhausted: Claims 3, 7, 7(C), 7(D), 7( E), 7(F), 7(M), 7(N), 7(O), 7(P), 8, 9, 10, 11, 13, 15, 17, 20, 28, 29, 35, and 36. (*Id.* at 21-22.)

Respondent has not addressed the exhaustion status of the claims and subclaims in the Petition.  (*See* Doc. 131; *see also* 28 U.S.C. § 2254(b)(3) ("A State shall not be deemed to have waived the exhaustion requirement or be estopped from reliance upon the requirement unless the State, through counsel, expressly waives the requirement."); *Mosley v. Braughman*, No. CV 17-9149-PA (KS) 2018 WL 6112746, at *5 (C.D. Cal. Oct 16, 2018) *report and recommendation adopted Mosley v. Braughman,* No. CV 17-9149-PA (KS) 2018 WL 6106372 (C.D. Cal. Nov. 21, 2018) (respondent must expressly waive exhaustion); *cf. Menendez v. Terhune*, 422 F.3d 1012, 1026 n.5 (9th Cir. 2005) ("[B]ecause the State has not argued that the claim is unexhausted, we proceed to the claim on its merits.")

The court will hold Petitioner's Motion in abeyance until it makes its determination of the exhaustion status of the claims and subclaims presented in the Petition.  *See Leonard v. Davis*,

---

[1] Respondent's statement of non-opposition to the Motion appears directed solely to Petitioner's request for stay and abeyance pursuant to *Rhines*.  (*See* Doc. 131 at 2.)

[2] Reference to pagination is to CM/ECF system pagination.

No. 2:17-cv-0795 JAM AC DP 2019 WL 1772390, at *5 (E.D. Cal. Apr. 23, 2019), *report and recommendation adopted Leonard v. Davis*, No. 2:17-cv-0796 JAM AC DP 2019 WL 2162980 (E.D. Cal. May 17, 2019) ("It was incumbent upon petitioner to not submit an exhaustion petition until he learned which claims required further exhaustion in respondent's view, and until the federal court had an opportunity to weigh in on that question."); *Letner v. Davis*, No. 1:18-cv-01459 NONE SAB 2020 WL 2792980, at *6 (E.D. Cal. May 29, 2020), *report and recommendation adopted*, No. 118CV01459NONESAB, 2020 WL 3893691 (E.D. Cal. July 10, 2020) ("It is reasonable to wait to return to state court until respondent has made his position [on] exhaustion known and this court identifies which claims are exhausted and which are unexhausted.").

ACCORDINGLY,

1. The previously issued Order to Show Cause (Doc. 130) is hereby **DISCHARGED**, counsel for Respondent is **ADMONISHED** that any further noncompliance with an order of the Court or Local Rule will be closely scrutinized for imposition of sanctions.

2. Counsel for the parties, by not later than **THIRTY (30) DAYS** following the service date of this order, are directed to **MEET AND CONFER AND THEN FILE** a **JOINT STATEMENT** addressing their respective positions as to which claims and subclaims asserted in the Petition are exhausted, partially exhausted, or unexhausted. Thereafter, the Court will determine the exhaustion status of claims and subclaims in the Petition.

3. Petitioner's pending Motion to stay these proceedings pursuant to *Rhines* and for leave to amend the Petition following state court exhaustion will be **HELD IN ABEYANCE** until after the Court's determination with respect to claim exhaustion status. The Court will determine exhaustion status and rule on the instant Motion on the papers, unless it orders otherwise.

IT IS SO ORDERED.

Dated:   **October 27, 2023**

UNITED STATES DISTRICT JUDGE