UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JORGE CONTRERAS,<br><br>  Petitioner,<br><br>  v.<br><br>RON BROOMFIELD, Warden of California State Prison at San Quentin,<br><br>  Respondent. | Case No. 1:19-cv-01523-JLT<br><br>DEATH PENALTY CASE<br><br>ORDER: (1) DETERMINING CLAIM EXHAUSTION STATUS, (2) HOLDING FEDERAL PROCEEDINGS IN ABEYANCE OF STATE EXHAUSTION PROCEEDINGS, and (3) DENYING LEAVE TO FILE FIRST AMENDED PETITION |

I. INTRODUCTION

Counsel for Petitioner filed a motion (1) to stay the case pursuant to *Rhines v. Weber*, 544 U.S. 269 (2005), to allow state court exhaustion of claims in his 28 U.S.C. § 2254 petition filed August 1, 2023, and (2) for leave of the Court to file a federal first amended petition within thirty days of the conclusion of state exhaustion proceedings in order to correct inconsistent record citations and address future caselaw. (Doc. 129.) Counsel for Respondent filed a statement of non-opposition to the motion to the extent it seeks *Rhines* stay and abeyance. (Doc. 131 at 2.[1]) Respondent's statement of non-opposition does not address Petitioner's motion to the extent it seeks leave of the Court to file a first amended petition. (*Id.*) Thus, the Court ordered that: (i) the parties meet and confer and file a joint statement addressing their respective positions as to which

---
[1] All references to pagination are to CM/ECF system pagination.

1

claims (including subclaims) asserted in the petition are exhausted, partially exhausted, or unexhausted, and (ii) the motion be held in abeyance until the Court determines of the exhaustion status of claims in the petition. (Doc. 132.)

Counsel complied and filed a joint statement on exhaustion, agreeing therein that:

> Claims 1, 2, 4-6, 7(B, G-L), 8(A) [other than 8(A)(2)(f)], 8(B-F), 12, 14, 16, 18-19, 21-27, 30-34, and 38 are EXHAUSTED, and
>
> Claims 3, 7(C-F, M-P), 8(A)(2)(f), 9-11, 13, 15, 17, 20, 28-29, and 35-37 are UNEXHAUSTED.

(Doc. 133 at 2-8.)

The Court, having previously found the instant motion suitable to disposition on the papers (*see* Doc. 132 at 3), and having now considered the parties' filings, the record in this case, and the applicable legal authority, finds that: (i) claims 1, 2, 4-6, 7(B, G-L), 8(A) [other than 8(A)(2)(f)], 8(B-F), 12, 14, 16, 18-19, 21-27, and 30-34 are EXHAUSTED, (ii) claims 3, 7(C-F, M-P), 8(A)(2)(f), 9-11, 13, 15, 17, 20, 28-29, and 35-38 are partially or completely UNEXHAUSTED, (iii) Petitioner has satisfied the requirements for the granting of a stay pursuant to the Supreme Court's decision in *Rhines*; (iv) the federal habeas action shall be held in abeyance of exhaustion proceedings in state court, and (v) leave to file a federal first amended petition shall be denied without prejudice. The reasons for the Court's rulings are discussed below.

## II. BACKGROUND

On December 11, 1996, Petitioner was convicted of first degree felony murder and robbery, with the special circumstance of murder in the commission of the robbery, and sentenced to death. *See* Tulare County Superior Court Case No. 37619. He filed his automatic appeal, *People v. George Lopez Contreras*, California Supreme Court Case No. S058019, and then filed his state habeas corpus petition. *In re Jorge Contreras on Habeas Corpus*, California Supreme Court Case No. S199915. In 2013, the California Supreme Court affirmed Petitioner's judgment of conviction and sentence on appeal (*People v. George Lopez Contreras*, 58 Cal. 4th 123 (2013)) and in 2019, it summarily denied Petitioner's habeas corpus petition on the merits as to all claims, and on procedural grounds as to certain claims. *In re Jorge Contreras on Habeas Corpus*, Case No. S199915; (Doc. 48-12). On October 28, 2019, Petitioner commenced this federal habeas

proceeding pursuant to 28 U.S.C. § 2254 by filing pro se requests for the granting of in forma pauperis status and appointment of counsel. On August 1, 2023, through appointed counsel, Petitioner timely filed in this proceeding his 674-page habeas corpus petition stating 38 claims for relief (including subclaims), supported by 26 appended exhibits. (Docs. 126 through 126-26.)

### III. DISCUSSION

A.  Claim Exhaustion Status

Petitioner requests the Court determine the exhaustion status of claims in the federal petition. (Doc. 129 at 23-24 citing *In re Reno*, 55 Cal. 4th 428, 499 (2012), *superseded by statute as stated in In re Friend*, 11 Cal. 5th 720 (2021) (pre-Proposition 66 authority that exhaustion petitions are to include evidence that a federal court found claims therein to be unexhausted)[2]; *Leonard v. Davis*, No. 217CV0796JAMACDP, 2019 WL 1772390, at *5 (E.D. Cal. Apr. 23, 2019), *report and recommendation adopted*, No. 217CV0796JAMACDP, 2019 WL 2162980 (E.D. Cal. May 17, 2019) (petitioner not dilatory for purposes of *Rhines* by awaiting federal court determination of claims requiring further exhaustion).

A federal court may not grant habeas relief until the petitioner has exhausted available state remedies with respect to each claim. 28 U.S.C. § 2254(b); *Picard v. Connor*, 404 U.S. 270, 272 (1971). The exhaustion doctrine rests on principles of comity and federalism. *Rose v. Lundy*, 455 U.S. 509, 515 (1982). Exhaustion serves to: (i) protect the state court's role in the enforcement of federal law, (ii) prevent disruption of state court proceedings, and (iii) reduce piecemeal litigation. *Id.* at 518–20.

Federal habeas review under 28 U.S.C. § 2254(d)(1) is limited to the record that was before the state court that adjudicated the claim on the merits. *Cullen v. Pinholster*, 563 U.S. 170, 180-81 (2011) (concluding that the district court had erred in considering evidence introduced for first time in federal court); *Shinn v. Ramirez*, 596 U.S. 366, 378 (2022) (stating same and citing to *Pinholster*, 562 U.S., at 180).

AEDPA's exhaustion requirement and the doctrine of procedural default "generally

---

[2] Proposition 66, The Death Penalty Reform and Savings Act of 2016, was approved by the voters on November 8, 2016. Gen. Elec. (Nov. 8, 2016) § 1.

prevents federal courts from hearing any federal claim that was not presented to the state courts consistent with the State's own procedural rules." *Ramirez*, 596 U.S., at 378.  The United States Supreme Court recently made clear that "only rarely may a federal habeas court hear a claim or consider evidence that a prisoner did not previously present to the state courts in compliance with state procedural rules."  *Ramirez*, 596 U.S., at 375-76. The Court observes that:

> Under *Pinholster*, federal habeas review under 28 U.S.C. § 2254(d)(1) is limited to the record that was before the state court that adjudicated the claim on the merits. 563 U.S. at 181. Once a state court has decided a claim on the merits, "evidence later introduced in federal court is irrelevant." *Id.* at 1400. Under *Pinholster*, if a federal habeas petitioner wishes for a federal court to consider new evidence in deciding whether his claims survive review under Section 2254(d)(1), he must first present that evidence in state court. *See, e.g.*, *Gonzalez v. Wong*, 667 F.3d 965 (2011) (potentially meritorious *Brady* claim supported by newly-discovered materials obtained during federal habeas proceedings remanded to district court with instructions to stay proceedings to permit petitioner to present claim to California Supreme Court). The United States Supreme Court recently made clear that "only rarely may a federal habeas court hear a claim or consider evidence that a prisoner did not previously present to the state courts in compliance with state procedural rules." *Shinn v. Ramirez*, 142 S. Ct. 1718, 1730 (2022).

*Ervin v. Broomfield*, No. 00-CV-01228-VC, 2022 WL 6250820, at *2 (N.D. Cal. Sept. 27, 2022). Given *Pinholster*'s emphasis on the primary responsibility of the state court, Petitioner's new evidence must be presented to the state court before it can be considered on federal habeas review.

A federal constitutional claim is exhausted when it has been "fairly presented" to the highest state court and that court has had a meaningful opportunity to apply controlling legal principles to the facts underlying the claim.  *Picard*, 404 U.S., at 275-77.  A claim has been "fairly presented" if the petitioner described in state court both the legal theories and the operative facts on which he bases the claim.  *Id.* at 277-78; *accord Crotts v. Smith*, 73 F.3d 861, 865 (9th Cir. 1995), *superseded by statute on other grounds as stated in Zapata v. Vasquez*, 788 F.3d 1106, (9th Cir. 2015)).  To be fairly presented, a claim must also be raised in the petition itself, an accompanying brief, or another similar document filed with the state court.  *Gentry v. Sinclair*, 705 F.3d 884, 897-98 (9th Cir. 2013).

To fairly present the legal theory of a claim, a petitioner must alert the state court that he is

asserting a federal constitutional claim, either by citing the constitutional provision on which he relies or otherwise advising the court of the claim's federal basis. *Duncan v. Henry*, 513 U.S. 364, 365-66 (1995) (the petitioner failed to fairly present Fourteenth Amendment due process claim when he alleged only that prejudice outweighed the probative value of the admitted evidence); *Johnson v. Zenon*, 88 F.3d 828, 830 (9th Cir. 1996) (the petitioner did not fairly present a Fourteenth Amendment due process claim by asserting that the admission of prior act evidence "infringed on his right to present a defense and receive a fair trial"); *Picard*, 404 U.S. at 277-78 (a petitioner must present the state courts with same claim he urges upon the federal courts); *Baldwin v. Reese*, 541 U.S. 27, 33 (2004) (the petitioner did not fairly present an ineffective assistance of appellate counsel claim when he did not explicitly include those words, cite the relevant federal constitutional provisions, or otherwise cite to cases showing he was asserting such a federal claim); *Castillo v. McFadden*, 399 F.3d 993, 1002 (9th Cir. 2004) (the petitioner did not give the state appellate court a fair opportunity to rule on a federal due process claim by concluding his brief with the "scattershot citation of federal constitutional provisions" with no articulation of a federal legal theory for relief).

The factual basis of a claim has been found to be fairly presented as long as the facts subsequently alleged in federal court do not: (i) fundamentally alter the nature of the claim presented to the state court, (ii) place the claim in a significantly different and stronger evidentiary posture than it was when the state courts considered it, or (iii) substantially improve the evidentiary basis of the claim. *See Vasquez v. Hillery*, 474 U.S. 254, 260 (1986); *accord Chacon v. Wood*, 36 F.3d 1459, 1468 (9th Cir. 1994), *superseded by statute on other grounds as stated in United States v. Knabb*, 2021 WL 3674481 (9th Cir. 2021); *Aiken v. Spalding*, 841 F.2d 881, 883 (9th Cir. 1988).

Generally, a petitioner may add factual materials supportive of the factual basis already in the record without fundamentally altering his claim and rendering it unexhausted. *See e.g., Vasquez*, 474 U.S., at 260 (a statistical analyses of facts already in record does not render a claim unexhausted); *Chacon*, 36 F.3d, at 1468 (the factual basis of a claim that an interpreter mistranslated guilty plea proceedings was fairly presented where the state court understood that

5

the accuracy of the translation to be at issue).

However, if new facts substantially improve the claim, for example by contradicting evidence the state court already considered, then the new factual materials must be presented to the state court. *See e.g., Aiken*, 841 F.2d, at 883-84 & n.3 (new evidence consisting of decibel level studies of a tape recording of petitioner's confession, which conflicted with evidence that the state court had considered, substantially improved the evidentiary posture of claim and required exhaustion); *Dickens v. Ryan*, 740 F.3d 1302, 1317-18 (9th Cir. 2014) (new allegations regarding petitioner's fetal alcohol syndrome and organic brain damage in support of an ineffective assistance of counsel claim substantially improved the evidentiary posture of the claim and required exhaustion).

Of course, exhaustion may be excused where it would be futile. 28 U.S.C. § 2254(b)(1). Section 2254 provides two exceptions to the exhaustion requirement, e.g., where there is "an absence of available State corrective process," or where "circumstances exist that render such process ineffective to protect the rights of the applicant." 28 U.S.C. § 2254(b)(1)(B)(i-ii); *see e.g., Edelbacher v. Calderon*, 160 F.3d 582, 585 (9th Cir. 1998) (exhaustion is required absent an ineffective state process or other extraordinary circumstances showing futility); *Sweet v. Cupp*, 640 F.2d 233, 236 (9th Cir. 1981) (the exhaustion requirement may be avoided by showing that it would be futile in light of prevailing decisions of highest state court).

Here, the Court determines the exhaustion state of claims in the federal petition as follows and approves the parties' stipulation regarding exhaustion status (Doc. 133) to the extent consistent with the Court's determination. *See* L.R. 143.

1. The Following Claims are Exhausted

> Claims 1, 2, 4-6, 7(B, G-L), 8(A) [other than 8(A)(2)(f)], 8(B-F), 12, 14, 16, 18-19, 21-27, 30-34.[3]

(*See* Doc. 126 at 107, 113, 161, 177-78, 193, 200, 319, 484, 494, 511, 541-42, 554, 560, 566, 571,

---

[3] The Court finds that claim 30, while citing to cases, studies, reports, articles, and unspecified potential new evidence outside the state record, is nonetheless exhausted as to legal theory and factual basis. *See* Doc. 126 at 620; *cf.* Doc. 48-05 at 369; Doc. 48-06 at 594, 610, 743, 750, and 759.

6

574, 585, 590, 594, 605, 621, 631, 643, 650; Doc. 129 at 21-22; Doc. 133 at 2-6; Doc. 46-16; Doc. 47-17; E.D. Cal. Local Rule (hereinafter "L.R.") 143); *see also* e.g., *Castille v. Peoples*, 489 U.S. 346, 350 (1989) ("[O]nce the state courts have ruled upon a claim, it is not necessary for a petitioner to ask the state for collateral relief, based upon the same evidence and issues already decided by direct review."); *Ybarra v. McDaniel*, 656 F.3d 984, 991 (9th Cir. 2011) (a claim is exhausted where the state court has in fact ruled on its merits).

2.    The Following Claims are Partially Exhausted

   *a.    Partial Exhaustion by Incorporation of Exhausted Claims*

The following claims purport to incorporate certain of the above noted exhausted claims, and are partially exhausted to that extent:

> Claims 3, 7(C-F), 7(M-O), 8(A)(2)(f), 9, and 11.[4]

(*See* Doc. 126 at 134, 201, 319, 477, and 482); *see also e.g.*, *Ybarra v. McDaniel*, 2004 WL 7323457, at *18 (D. Nev., July 27, 2004) (a claim or ground that logically depends on some other claim or ground is exhausted only insofar as that other claim or ground is viable and exhausted).

   *b.    Partial Exhaustion on the State Record*

The following claims are partially exhausted on the state record:

> Claim 7(D), to the extent it raises trial counsel's ineffective assistance by failure to exclude testimony of prosecution witnesses Valencia and Vallejo (*see* Doc. 47-17 at 41, 50, 55-56, 63, 75);
>
> Claim 9, to the extent it raises trial counsel's ineffective assistance by failure to present mental health expert evidence (*see* Doc. 47-17 at 109, 167-70);
>
> Claim 10, to the extent it raises trial counsel's ineffective assistance by failure object to the death penalty on grounds of failure to narrow (*see* Doc. 47-17 at 196, 205-06);
>
> Claim 17, to the extent it raises the prosecution's misconduct by removing a prospective juror who was not substantially impaired under the standard set out in *Wainwright v. Witt*, 469 U.S. 412 (1985) (*see* Doc. 47-17 at 100-101);
>
> Claim 35, to the extent it raises the prosecution's misconduct by failure

---

[4] Rule 2 of the Rules Governing 28 U.S.C. § 2254 Cases ("Habeas Rules") provides that "[T]he petition must:(1) specify all the grounds for relief available to the petitioner; [and] (2) state the facts supporting each ground [….]"

7

to disclose exculpatory evidence of false statements made by witness Vallejo under the standard set out in *Brady v. Maryland, 373 U.S. 83* (1963) (*see* Doc. 47-17 at 100, 105-06);

Claim 36, to the extent it raises appellate counsel's ineffective assistance by failure to raise trial counsel's ineffective assistance during jury selection and death qualification (*see* Doc. 47-17 at 21-38, 100-09); and

Claim 37, to the extent it raises cumulative error raised in state appellate and post-conviction proceedings (*see* Doc. 47-17 at 208-10).

3. The Following Claims are Unexhausted

Except to any extent provided above, the following claims are unexhausted:

Claims 3, 7(C-F, M-P), 8(A)(2)(f), 9-11, 13, 15, 17, 20, 28-29, 35-38. (*See* Doc. 126 at 134, 200-01, 477, 480, 482, 487, 505, 526, 557, 598-604, 657, 659, 668; Doc. 129 at 21-22; Doc. 133 at 6-8; Doc. 46-16; Doc. 47-17); *see also Fields v. Waddington*, 401 F.3d 1018, 1020-22 (9th Cir. 2005) (the state court must have the opportunity to pass upon clearly identified federal issues, such that reference to broad constitutional principles is insufficient to establish exhaustion); *Aiken*, 841 F.2 at 883 (where federal habeas petitioner presents new evidence that places the case in significantly stronger evidentiary posture, state courts must be given opportunity to consider the evidence); *Dickens*, 740 F.3d at 1320-21 (discussing the *Martinez* exception to procedural bar); *Wooten v. Kirkland*, 540 F.3d 1019, 1025-26 (9th Cir. 2008) (stand-alone cumulative error claim must be exhausted); *accord Solis v. Garcia*, 219 F.3d 922, 930 (9th Cir. 2000); *Ybarra*, 2004 WL 7323457, at *18 (same).

Particularly, the Court finds that claim 38 (alleging ineffective assistance of state habeas counsel) is unexhausted to the extent it raises a constitutional claim.[5] (*See* Doc. 126 at 668-71; Doc. 129-1; *cf.* Doc. 133 at 6.) The parties support exhaustion of the claim by citing to the federal petition. (*See id.*) However, nothing in the federal petition, or the state record shows the constitutional theory and operative facts raised by claim 38 have been fairly presented to the state courts and that those courts had the opportunity to pass on the claim. *See Humphrey v. Cady*, 405

---

[5] Claim 38 alleges ineffective assistance of post-conviction both as a basis to show "cause" under *Martinez* (i.e. an equitable claim), and as a basis to show violation of federal rights (i.e. a constitutional claim), the latter being unexhausted. (*See* Doc. 126 at 668-71); *Martinez*, 566 U.S. at 15-18.

8

U.S. 504, 516 n.18 (1972) (claim is unexhausted where it may fairly be said that the state court had "no opportunity" to pass on the claim); *accord Scott v. Schriro*, 567 F.3d 573, 583 (9th Cir. 2009).

Additionally, as to all the unexhausted claims, Petitioner does not argue, and nothing before the Court suggests that state court exhaustion proceedings thereon would be futile and that on such grounds the claims should be deemed exhausted by this Court. 28 U.S.C. § 2254(b)(1), (c); *see also In re Friend,* 11 Cal. 5th at 724-25, 739-42, *as modified September 1, 2021* (the restrictions on successive habeas petitions promulgated in Proposition 66 do not apply to a newly available claim raised at the first opportunity). Instead, Petitioner agrees the Court should stay this federal habeas proceeding pending state court exhaustion proceedings on his unexhausted claims.

B.   *Rhines* Stay and Abeyance of the Federal Petition

Petitioner moves to stay and hold in abeyance these federal proceedings pursuant to *Rhines* so that he may present the state courts with unexhausted claims in his federal petition.  As noted at the outset, a federal court will not grant a state prisoner's application for a writ of habeas corpus unless "the applicant has exhausted the remedies available in the courts of the State." 28 U.S.C. § 2254(b)(1). A petitioner satisfies the exhaustion requirement by fairly presenting to the highest state court all federal claims before presenting those claims for relief to the federal court. *Reese,* 541 U.S., at 29; *Wooten,* 540 F.3d, at 1025.

Stay and abeyance of a federal habeas petition that includes both exhausted and unexhausted claims is appropriate in "limited circumstances" where (1) "the petitioner has good cause for his failure to exhaust," (2) "his unexhausted claims are potentially meritorious," and (3) "there is no indication that the petitioner engaged in intentionally dilatory litigation tactics." *Rhines,* 544 U.S., at 277-78. Such a stay allows the state courts the first opportunity to consider and address a state prisoner's habeas corpus claims. *Rhines,* 544 U.S., at 273–74 (citing *Lundy,* 455 U.S., at 518-19); *see also King v. Ryan,* 564 F.3d 1133, 1138 (9th Cir. 2009) ("Habeas petitioners have long been required to adjudicate their claims in state court - that is, 'exhaust' them before seeking relief in federal court."). The decision whether to grant a *Rhines* stay is

subject to the discretion of the district court. *Rhines*, 544 U.S. at 276; *see also Jackson*, 425 F.3d, at 661 (when the three *Rhines* factors are satisfied, however, "it likely would be an abuse of discretion for a district court to deny a stay[.]").

Here, the Court finds that Petitioner has satisfied the requirements of *Rhines* as to unexhausted claims 8(A)(2)(f), and 9, and that federal proceedings should be stayed and held in abeyance until Petitioner has filed an exhaustion petition and the state courts have acted on it. The Court's reasoning is discussed below.

1. Good Cause for Failure to Exhaust

Petitioner argues good cause for his failure to exhaust claims in the federal petition is provided by (1) the ineffective assistance of state post-conviction counsel, the Habeas Corpus Resource Center through attorney Shelley Sandusky, by failing to exhaust claims in the federal petition, and (2) the post-*Ramirez* need to present non-record evidence to the state courts. (*See* Doc. 129 at 16-21 citing *Martinez*, *Ramirez*; *see also* Doc. 129-1.)

As noted, Respondent has filed a statement of non-opposition to *Rhines* stay and abeyance. (Doc. 131.)

"Good cause" in the context of a *Rhines* stay turns on whether the petitioner can set forth a reasonable excuse, supported by sufficient evidence, to justify the failure to exhaust. *Jackson v. Roe*, 425 F.3d 654, 661-62 (9th Cir. 2005); *see also Pace v. DiGuglielmo,* 544 U.S. 408, 416-17 (2005) (reasonable confusion regarding the timeliness of a state filing ordinarily constitutes good cause); *Blake v. Baker*, 745 F.3d 977, 982 (9th Cir. 2014) ("legitimate reason" for the failure to exhaust satisfies the equitable "good cause" element of the *Rhines* test). The Ninth Circuit Court of Appeals has observed that:

> The caselaw concerning what constitutes "good cause" under *Rhines* has not been developed in great detail. *Blake v. Baker*, 745 F.3d 977, 980 (9th Cir. 2014) ("There is little authority on what constitutes good cause to excuse a petitioner's failure to exhaust.").
>
> […]
>
> We do know, however, that a petitioner has been found to demonstrate "good cause" where he meets the good cause standard announced in *Martinez v. Ryan*, 566 U.S. 1 (2012). *Blake*, 745 F.3d at 983–84. *Martinez* carved out an exception to the general rule, stated in *Coleman v. Thompson*, 501 U.S. 722, 753-54 (1991), that "ignorance or

10

> inadvertence" on the part of a petitioner's post-conviction counsel does not constitute cause to excuse a procedural default of a claim. Specifically, the *Martinez* Court concluded that "[w]here, under state law, claims of ineffective assistance of trial counsel must be raised in an initial-review collateral proceeding, a procedural default will not bar a federal habeas court from hearing a substantial claim of ineffective assistance at trial if, in the initial-review collateral proceeding, there was no counsel or counsel in that proceeding was ineffective." *Martinez*, 132 S. Ct. at 1320.
>
> In *Blake*, we concluded that the ineffective assistance of post-conviction counsel could constitute good cause for a *Rhines* stay, provided that the petitioner's assertion of good cause "was not a bare allegation of state post-conviction [ineffective assistance of counsel], but a concrete and reasonable excuse, supported by evidence." *Blake*, 745 F.3d at 983. The court further observed that "good cause under *Rhines*, when based on [ineffective assistance of counsel], cannot be any more demanding than a showing of cause under *Martinez* to excuse state procedural default." *Id.* at 983–84. We emphasized, in response to the idea that ineffective assistance of post-conviction counsel could always be raised, that *Rhines's* requirement that claims not be plainly meritless and that the petitioner not engage in dilatory litigation tactics "are designed ... to ensure that the *Rhines* stay and abeyance is not . . . available in virtually every case," *id.* at 982.

*Dixon v. Baker*, 847 F.3d 714, 720-21 (9th Cir. 2017).

Here, the Court finds that as to claims 8(A)(2)(f), and 9, state habeas counsel's alleged ineffective assistance meets the *Coleman*/*Martinez* "good cause" standard. *See Blake*, 745 F.3d at 983-84 & n.7 (the *Rhines* standard for ineffective assistance of counsel based cause is not any more demanding than the cause standard articulated in *Martinez*).

Petitioner proffers evidence that his state habeas counsel failed to independently investigate the facts underlying his potentially meritorious allegations in claims 8(A)(2)(f) and 9, that trial counsel provided ineffective assistance at the penalty phase of the trial by failing to investigate and present mitigating evidence and expert testimony regarding Petitioner's history of exposure to neurotoxins.

For example, in support of these ineffective assistance of trial counsel claims, Petitioner now points to undeveloped and unpresented evidence that during his infancy and early life in Mexico and Visalia, California, he suffered repeated exposures to toxic chemicals including pesticides, as well as lead poisoning, which affected his development and left him vulnerable to problems learning, adapting to social situations, controlling impulses, and making decisions. (*See*

11

1 Doc. 126 at 439-45, 477-80; Doc. 126-24.)  Petitioner argues that trial counsel unreasonably
2 failed to investigate such matters and present expert toxicology and mental state testimony that, as
3 a result of exposure to toxins, Petitioner likely suffered cognitive dysfunctions at the time of the
4 capital crime.  (*Id.* citing Doc. 126-24; *see also* Doc. 126-4; Docs. 126-11 to 126-19.)

5       Based on this evidence, Petitioner alleges that these omissions and failures by his trial
6 counsel were prejudicially deficient. (Doc. 126 at 444-45, 470-75, 480; Doc. 126-24.)  In support
7 of his contention that he received ineffective assistance of counsel in connection with his state
8 habeas proceedings, Petitioner points to evidence that: (i) state habeas counsel did not
9 independently investigate and present the above discussed colorable claim of ineffective
10 assistance of trial counsel (Doc. 126-24; Doc. 129-1) (ii) state habeas counsel's omissions were
11 not motivated by legal tactics, but instead were attributable to  state habeas counsel's heavy
12 caseload and lack of resources (Doc. 126 at 669; Doc. 129-1), and (iii) state habeas counsel's
13 omissions and/or failures were prejudicially deficient (Doc. 126 at 444-45, 470-75, 480; Doc.
14 126-24; *Strickland v. Washington*, 466 U.S. 668, 694 (1984)).  *See Roe v. Flores-Ortega*, 528
15 U.S. 470, 481 (2000) ("The relevant question is not whether counsel's choices were strategic, but
16 whether they were reasonable."); Guideline 10.7, *American Bar Association Guidelines for the*
17 *Appointment and Performance of Defense Counsel in Death Penalty Cases*, 31 HOFSTRA L.
18 REV. 913, 1015-27 (2003) (counsel handling state collateral proceedings must undertake a
19 thorough investigation into the facts surrounding all phases of the case).

20       As this Court has observed:

> Courts in this circuit have found good caused based on a similar showing. *See* [*Cruz v. Mitchell*, No. 13-cv-2792-JST, 2015 WL 78779 (N.D. Cal. Jan. 5, 2015) ] (petitioner's showing that current counsel uncovered evidence of jury misconduct that could have been uncovered, and raised, by state habeas counsel is sufficient showing of ineffective assistance of counsel for *Rhines* stay).

25 *Ervine v. Warden, San Quentin State Prison*, No. 2:15-CV-1916 TLN DB, 2018 WL 372754, at
26 *3 (E.D. Cal. Jan. 10, 2018), *report and recommendation adopted,* No. 2:15-CV-01916-TLN-DB,
27 2018 WL 1173959 (E.D. Cal. Mar. 6, 2018); *cf. Barrera v. Muniz*, No. 2:14-CV-2260 JAM DAD
28 P, 2015 WL 4488235, at *3 (E.D. Cal. July 23, 2015), *report and recommendation adopted*, 2015

WL 6736813 (E.D. Cal. Nov. 4, 2015) (no good cause found where petitioner submitted no evidence in support of ineffective assistance of counsel).

Respondent's non-opposition to *Rhines* stay and abeyance implicitly concedes "good cause," e.g., that state habeas counsel's ineffective failure to investigate and present the above noted substantial claim of trial counsel's ineffective failure to discover, develop and present mitigating neurotoxic evidence and expert testimony constitutes a substantial claim under *Martinez*. (*See* Doc. 126 at 439-45, 470-75, 480; Doc. 131 at 2); L.R. 230(c); *see also Storey v. Paramo*, No. 17CV0023-LAB(MSB), 2019 WL 1317792, at *35 (S.D. Cal. Mar. 22, 2019), *report and recommendation adopted*, No. 17CV23-LAB (MSB), 2019 WL 4040701 (S.D. Cal. Aug. 27, 2019), citing *Martinez*, 566 U.S., at 14 (holding that a claim is "substantial" if the petitioner can show that "the claim has some merit.").

### 2. Potentially Meritorious Claims

Petitioner argues that "examination of the unexhausted and potentially partially unexhausted claims contained in [his] habeas petition show that they are not frivolous[.]" (Doc. 129 at 21.) For example, he suggests the above discussed ineffective assistance of state habeas counsel would avoid or provide excuse for procedurally defaulted claims of ineffective assistance of trial counsel. (*See* Doc. 129 at 20 citing *In re Robbins*, 18 Cal. 4th 770 (1998), *In re Sanders*, 21 Cal. 4th 697 (1999)); *see also Blake*, 745 F.3d at 983.

Here, the Court finds that unexhausted claims 8(A)(2)(f), and 9 are potentially meritorious under *Rhines*. These allegations implicate federal constitutional grounds for habeas relief including the effective assistance of penalty phase counsel, the fundamental fairness of Petitioner's trial, and the reliability of his conviction and sentence, and are at least colorable and not hopeless upon consideration of the state record and non-record proffer. *See Dixon*, 847 F.3d at 722 ([I]n determining whether a claim is "plainly meritless," principles of comity and federalism demand that the federal court refrain from ruling on the merits of the claim unless "it is perfectly clear that the petitioner has no hope of prevailing."); *see also Cruz v. Mitchell*, No. 13-CV-2792-JST, 2015 WL 78779, at *3 (N.D. Cal. Jan. 5, 2015) (petitioner's unexhausted claims are potentially meritorious where they are not "vague, conclusory, or patently frivolous");

*Strickland*, 466 U.S., at 694 (federal habeas relief for ineffective assistance of counsel is available where, absent counsel's deficient conduct, there is a reasonable probability of a different outcome).  The Ninth Circuit has made clear that the federal court should not usurp the state court's right to first address the merits of a "colorable federal claim."  *Dixon,* 847 F.3d, at 722.

The Court observes that in seeking stay and abeyance under *Rhines*, Petitioner need not prove that he received ineffective assistance under the *Strickland* standard.  *See Ervine,* 2018 WL 372754, at *3.  Under *Blake*, a petitioner need only provide a "concrete and reasonable excuse, supported by evidence" that his counsel failed to discover, investigate, and present to the state courts the new claim.  *Id.*; *see also Martinez*, 566 U.S., at 14.  Petitioner has carried this burden, for the reasons stated above.  *See Blake*, 745 F.3d, at 983.  Respondent's non-opposition to *Rhines* stay and abeyance implicitly concedes that Petitioner's unexhausted claims are potentially meritorious.

        3.      Intentionally Dilatory Conduct

Petitioner argues that he has not engaged in intentionally dilatory litigation tactics.  He points to his compliance with case management deadlines, and his intention to file his state court exhaustion petition within sixty-days of the Court's granting stay and abeyance under *Rhines*.  (Doc. 129 at 22-23.)  He also points out the Court has yet to determine the exhaustion status of claims in the federal petition.  (Doc. 129 at 24 and cases cited therein.)

Here, the Court finds nothing in the record suggesting that Petitioner has engaged in intentionally dilatory litigation tactics, either prior to or after filing his federal petition.  Particularly, it appears that Petitioner has investigated and ascertained his unexhausted claims and sought stay and abeyance of this action so that he may pursue state court exhaustion of those unexhausted claims, consistent with the Court's case management process and scheduling orders.  As discussed above, Petitioner is not dilatory in waiting for the federal court to rule on claim exhaustion status before filing a petition in state court.  *See Lucas v. Davis*, No. 15CV1224-GPC (WVG), 2017 WL 1807907, at *10–11 (S.D. Cal. May 5, 2017); *Leonard,* 2019 WL 1772390, at *5.  Respondent's non-opposition to *Rhines* stay and abeyance implicitly concedes that Petitioner has not engaged in intentionally dilatory litigation tactics.

C.     Leave to File a First Amended Petition

Petitioner moves for leave of the Court to file a federal first amended petition within thirty-days of conclusion of state exhaustion proceedings to (1) correct inconsistent record citations in the federal petition filed in this proceeding, and (2) provide updates addressing the impact of future caselaw.  (Doc. 129 at 25-32.)

Petitioner argues that leave of the Court is necessary to make these unspecified changes to the federal petition before Respondent files his answer, in the interest of justice.  (*See* Doc. 129 at 27, 31-32 citing Fed. R. Civ. P. 15(a)(2)).  He argues that absent leave of the Court, "he cannot clean up and update the petition before Respondent's response."  (Doc. 129 at 32.)

The record reflects that under current case scheduling, Respondent's answer or other responsive pleading is required and due not later than six months after lifting of the *Rhines* stay, or as otherwise ordered by the Court if Petitioner does not receive a *Rhines* stay.  (Doc. 125 at 7.)  As noted, Respondent has not opposed or otherwise responded to the motion for leave to file a federal amended petition.

In pertinent part, Rule 15 provides that:

> (a) Amendments Before Trial.
>
> (1) *Amending as a Matter of Course.* A party may amend its pleading once as a matter of course no later than:
> (A) 21 days after serving it, or
> (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier.
>
> (2) *Other Amendments.* In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires.

Rule 15 applies to habeas cases such as this one.  28 U.S.C. § 2242; Habeas Rule 12; *see also James v. Giles*, 221 F.3d 1074, 1077-78 (9th Cir. 2000) (applying Rule 15(a) in a habeas proceeding).

The Ninth Circuit construes Rule 15(a)(1) as bestowing upon the parties "a 'right' to amend," so long as the amendment is brought within the timeframe prescribed by the Rule.  *Ramirez v. Cty. of San Bernadino*, 806 F.3d 1002, 1007 (9th Cir. 2015) (citing *inter*

*alia*, *Lacey v. Maricopa Cty.*, 693 F.3d 896, 927 (9th Cir. 2012) (parties have twenty-one days 'to amend as of right' ")). When an amendment is as of right, the opposing party's consent to that amendment is irrelevant. *Cf.* Fed. R. Civ. P. 15(a)(1) *with* 15(a)(2); *see, e.g.*, *Maung NG We & Massive Atl. Ltd. v. Merrill Lynch & Co., Inc.*, No. 99 Civ. 9687 CSH, 2000 WL 45440, at *2 (S.D.N.Y. Jan. 19, 2000) (noting that a defendant has no right to oppose an amendment properly brought pursuant to Rule 15(a)(1)). However, when brought pursuant to Rule 15(a)(2), a plaintiff must obtain either the defendant's consent or the court's leave to amend. Fed. R. Civ. P. 15(a)(2). "[A] plaintiff may amend in whatever order he [or she] sees fit, provided he complies with the respective requirements found within [Rules] 15(a)(1) and 15(a)(2)." *Ramirez,* 806 F.3d at 1007.

Under Rule 15(a)(2), granting leave to amend rests within the trial court's sound discretion. *Swanson v. U.S. Forest Serv.*, 87 F.3d 339, 343 (9th Cir. 1996). However, "[i]n exercising its discretion, a court must be guided by the underlying purpose of Rule 15, i.e. to facilitate decision[s] on the merits rather than on the pleadings or technicalities." *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 186 (9th Cir. 1987).

The policy underlying Rule 15, that courts should freely grant leave to amend "is to be applied with extreme liberality." *Morongo Band of Mission Indians v. Rose*, 893 F.2d 1074, 1079 (9th Cir. 1990). "[S]ince Rule 15 favors a liberal policy towards amendment, the nonmoving party bears the burden of demonstrating why leave to amend should not be granted." *Genentech, Inc. v. Abbot Labs.*, 127 F.R.D. 529, 530–31 (N.D. Cal. 1989) (citing *Senza-Gel Corp. v. Seiffhart*, 803 F.2d 661, 666 (Fed. Cir. 1986)). As a court in this Circuit has observed:

> Even though Rule 15 is applied with extreme liberality, this does not mean leave to amend is granted automatically. *Jackson v. Bank of Hawaii,* 902 F.2d 1385, 1387 (9th Cir.1990).
>
> Five factors are frequently used to determine when granting leave to amend is appropriate: 1) bad faith; 2) undue delay; 3) prejudice to the opposing party; 4) futility of amendment; and 5) whether plaintiff has previously amended his complaint. *Allen v. City of Beverly Hills,* 911 F.2d 367, 373 (9th Cir.1990).

*Brown v. Rumsfeld*, 211 F.R.D. 601, 605 (N.D. Cal. 2002); *see also Nunes v. Ashcroft*, 375 F.3d 805, 808 (9th Cir. 2004) (discussing *Allen's* five factors).

Here, to the extent Petitioner requests leave to amend to update for impacts of future

16

1 caselaw, the request is entirely speculative and denied on that basis. To the extent Petitioner
2 requests leave to amend to order to correct inconsistent record citations in the federal petition
3 filed in this proceeding, the request is unsupported by the requisite proposed amended pleading.
4 *See* L.R. 137(c); *see also e.g., Brown v. Mims*, No. 1:11-CV-01601 MJS HC, 2011 WL 6202889,
5 at *1 (E.D. Cal. Dec. 13, 2011) (denying without prejudice a motion to amend a habeas petition
6 where the petitioner did not provide an amended petition with the motion).  In this regard, nothing
7 before the Court suggests Local Rule 137(c) conflicts with Rule 15(a).  *See Ramirez*, 806 F.3d at
8 1008, citing *Colgrove v. Battin,* 413 U.S. 149, 161 n.18, (1973) ("If in conflict, the Local Rule
9 must yield to the federal rule, here Rule 15.").  The Court notes that the district court in *Ramirez*
10 erred by applying a local rule deeming non-opposition to a motion as a basis to grant dismissal of
11 the action, without considering an amended pleading proffered under Rule15(a).  (*Id.*)  Here, the
12 application of L.R. 137(c) facilitates consideration of an amended petition and is not inconsistent
13 with the liberal amendment policy underlying Rule 15(a)(2).

14 Moreover, in the absence of a proposed amended petition, the Court cannot adequately
15 assess the most important of the *Allen* factors, prejudice to Respondent should relief be granted.
16 *See Jackson,* 902 F.2d, at 1387.  While Respondent's failure to respond to the motion to amend
17 might be construed as non-opposition thereto (*see* Doc. 131; L.R. 230(c)), the Court declines to
18 construe non-opposition here because the motion is itself deficient, as discussed above.

19 Of course, to the extent Petitioner may amend the federal petition as a matter of course,
20 leave of the Court is not necessary.  *See* Fed. R. Civ. P. 15(a)(1); *Ramirez*, 806 F.3d at 1007; *see*
21 *also Mondragon v. R T Farm Lab., Inc.*, No. 122CV01259JLTBAM, 2023 WL 5806562, at *2
22 (E.D. Cal. Sept. 7, 2023) citing *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 607 (9th
23 Cir. 1992) ("Under Rule 15(a), leave to amend should be granted as a matter of course, at least
24 until the defendant files a responsive pleading.").  Also, to the extent Respondent may consent in
25 writing to amendment of the federal petition, leave of the Court is not necessary.  Fed. R. Civ. P.
26 15(a)(2). Thus, on the present showing, the Court **DENIES** leave to amend without prejudice to
27 renewal, for the reasons discussed below.
28 ///

D.     Conclusions

The Court finds that: (i) claims 1, 2, 4-6, 7(B, G-L), 8(A) [other than 8(A)(2)(f)], 8(B-F), 12, 14, 16, 18-19, 21-27, and 30-34 are **EXHAUSTED**, (ii) claims 3, 7(C-F, M-P), 8(A)(2)(f), 9-11, 13, 15, 17, 20, 28-29, and 35-38 are partially or completely **UNEXHAUSTED**, (iii) Petitioner's motion is GRANTED IN PART as to the request this federal habeas action be stayed and held in abeyance of state exhaustion of claims in his 28 U.S.C. § 2254 petition filed August 1, 2023 pursuant to *Rhines* (Doc. 129 at 9-25), and DENIED IN PART without prejudice as to the request for leave to file a federal first amended petition within thirty days of the conclusion of state exhaustion proceedings (Doc. 129 at 25-32).

All currently scheduled dates in this federal habeas proceeding are hereby vacated. Petitioner shall file his state exhaustion petition within 60 days from the date of this order, file notice thereof in this proceeding within 30 days of filing the state exhaustion petition and shall inform this Court within 30 days of a final decision by the state courts on the exhaustion petition.

The Court need not determine whether a *Rhines* stay is appropriate as to each of Petitioner's unexhausted claims. A federal habeas petitioner need only show that <u>one</u> of his unexhausted claims is not "plainly meritless" to obtain a stay under *Rhines*. 544 U.S., at 277; *see also Horning v. Martel*, No. 2:10-CV-1932 JAM GGH DP, 2011 WL 5921662, at \*\*2-3 (E.D. Cal. Nov. 28, 2011), *report and recommendation adopted*, 2012 WL 163784 (Jan. 19, 2012) ("One claim requiring a stay acts as an umbrella for all claims."); *Jackson v. CSP-Solano*, No. 2:14-CV-2268 MCE-DB P, 2017 WL 404583, at \*5 (E.D. Cal. Jan. 30, 2017), *report and recommendation adopted*, 2017 WL 896325 (E.D. Cal. Mar. 6, 2017) (same). Because Petitioner has satisfied the requirements of *Rhines* as to unexhausted claims 8(A)(2)(f), and 9, federal proceedings should be stayed and held in abeyance until Petitioner has filed an exhaustion petition and the state courts have acted on it.[6]

Of course, a *Rhines* stay may not be indefinite or without reasonable time limits established for Petitioner's return to state court. 544 U.S., at 277–78. Although the duration of the stay of

---

[6] The Court expresses no opinion on the ultimate merits of the unexhausted claims.

these federal habeas proceedings is dependent upon how long the exhaustion petition is pending before the state courts, it will conclude upon the rendering of a final decision in the state courts on the exhaustion petition.[7]

IT IS SO ORDERED.

Dated:   **January 8, 2024**

UNITED STATES DISTRICT JUDGE

---

[7] The *Rhines* analysis conducted above also strongly favors the issuance of the requested stay under the Court's inherent power to manage its dockets and stay proceedings. *See Ryan v. Gonzales,* 568 U.S. 57, 73-74 (2013) (citing *Schriro v. Landrigan,* 550 U.S. 465, 473 (2007)). Particularly, on the facts and circumstances of this case, granting a stay of these federal habeas proceedings pending exhaustion will eliminate the possibility of piecemeal litigation, *see Calderon v. U.S. District Court (Taylor),* 134 F.3d 981, 987-88 (9th Cir. 1998), *abrogated on other grounds by Jackson*, 425 F.3d, at 660-62, and will also promote comity, *see Lundy,* 455 U.S., at 518.