UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JORGE CONTRERAS,<br><br>   Petitioner,<br><br>   v.<br><br>RAUL MORALES, Acting Warden of the California Substance Abuse Treatment Facility,<br><br>   Respondent.[1] | Case No.  1:19-cv-01523-JLT<br><br>DEATH PENALTY CASE<br><br>ORDER DIRECTING THE FILING OF POST-EXHAUSTION STATUS CONFERENCE STATEMENT(S) |

On September 6, 2024, petitioner, through appointed counsel, filed a status update regarding his state exhaustion petition.  (Doc. 136.)  Therein, petitioner advised that "[t]he California Supreme Court denied [his] petition for review on July 31, 2024[,] *[s]ee In re George Lopez Contreras on Habeas Corpus*, Case No. S285502[,] and that "[t]he state exhaustion proceedings are now completed; however, a petition pursuant to the California Racial Justice Act remains pending in the California Court of Appeal[,] *[s]ee In re George Lopez Contreras on Habeas Corpus*, 5th District Case No. F088110."  (*Id.* at 2.)

The record in the case reflects that on January 8, 2024, following petitioner's filing of his

---

[1] The Court takes notice that California Department of Corrections and Rehabilitation records reflect petitioner is incarcerated at the California Substance Abuse and Treatment Facility, 900 Quebec Avenue, Corcoran, CA 93212. *See* https://ciris.mt.cdcr.ca.gov/results?lastName, last visited on September 16, 2024; Fed. R. Evid. 201. Accordingly, Acting Warden Raul Morales shall be substituted as Respondent.  28 U.S.C. § 2242; Rules Governing § 2254 Cases, Rule 2(a); Fed. R. Civ. P. 25(d).

1

federal habeas corpus petition on August 1, 2023, this federal proceeding was stayed and held in abeyance of the above noted state court exhaustion proceeding.[2] (*See* Docs 134, 126, respectively); *see also Lawrence v. Florida.*, 549 U.S. 327, 329-36 (2007) (state post-conviction application remains pending [for purposes of 28 U.S.C. § 2244(d)(2)] until final resolution through the state's postconviction procedures; *Carothers v. Rhay*, 594 F.2d 225, 228 (9th Cir. 1979) (state remedies are exhausted upon fair presentation to the state courts, and merits disposition of the claims by the highest state court).

Accordingly, the parties are directed to meet and confer and file a joint status report **within thirty (30) days of the date of this order** regarding post-exhaustion proceedings. The Court anticipates the parties will discuss in the report(s): (1) their respective positions regarding petitioner's compliance with the statute of limitations and the exhaustion status of the federal petition (including as to the noted California Racial Justice Act claim(s) pending in the state court of appeal), (2) their respective positions regarding lifting of the exhaustion stay, and (3) any desired changes in the current post-exhaustion case schedule.

IT IS SO ORDERED.

Dated:   **September 16, 2024**

UNITED STATES DISTRICT JUDGE

---

[2] The Court, in its order granting the exhaustion stay, directed that petitioner's counsel inform it within 30 days of a final decision by the state courts on the exhaustion petition. (*See* Doc. 134 at 18.)