UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JORGE CONTRERAS,<br><br>    Petitioner,<br><br>    v.<br><br>RAUL MORALES, Acting Warden of the California Substance Abuse Treatment Facility,<br><br>    Respondent. | Case No. 1:19-cv-01523-JLT<br><br>DEATH PENALTY CASE<br><br>ORDER: (1) GRANTING MOTION TO WITHDRAW BY CO-COUNSEL CRAIG M. COOLEY, and (2) REFERRING CASE TO THE SELECTION BOARD FOR RECOMMENDATION OF REPLACEMENT COUNSEL |

On April 1, 2025, appointed Criminal Justice Act co-counsel Craig M. Cooley, admitted to appear *pro hac vice*, moved to withdraw from representation of Petitioner in this 28 U.S.C. § 2254 habeas corpus proceeding.[1] (Doc. 140.) The Court, having reviewed the motion, the record, and the applicable law finds the matter amenable to decision without a hearing. E.D. Cal. L.R. 230(g).

## BACKGROUND

The facts of this case, reflected in the Court's docket, are summarized below:

- On December 11, 1996, Petitioner was convicted of first degree felony murder and robbery, with the special circumstance of murder in the commission of the

---

[1] Criminal Justice Act of 1964, as amended, 18 U.S.C. § 3006A.

1

1 robbery, and sentenced to death.  Tulare County Superior Court Case No.
2 37619.
3 - The California Supreme Court affirmed Petitioner's conviction on appeal, and
4   summarily denied on the merits his petition for writ of habeas corpus.
5 - On October 28, 2019, Petitioner began this federal proceeding pursuant to 28
6   U.S.C. § 2254.
7 - On December 6, 2019, the Court appointed as co-counsel Brian M. Pomerantz,
8   Esq., and Ken Murray, Esq., to represent Petitioner in the case for all purposes,
9   pursuant to 18 U.S.C. § 3599.
10 - Mr. Murray filed notice of withdrawal as co-counsel on April 22, 2022; the
11   Court appointed Craig M. Cooley as replacement co-counsel on June 28, 2022.
12 - On August 1, 2023, Petitioner filed his § 2254 petition stating 38 claims for
13   relief (including subclaims), supported by 26 appended exhibits. (Docs. 126
14   through 126-26.)
15 - On January 8, 2024, the Court stayed this proceeding and held it in abeyance
16   pending the Petitioner's exhausting his petition in state court.  (*See* Docs 126,
17   134).
18 - On October 22, 2024, the Court lifted the exhaustion stay subject to previously
19   ordered post-exhaustion scheduling.  (Doc. 139 at 2.)

## DISCUSSION

Mr. Cooley states as grounds for withdrawal that his family and parenting circumstances regularly require his presence in Toronto, Canada, and prevent adequate and effective representation in this case.

The local rules of this district require an attorney who would withdraw and leave his or her client without representation to obtain leave of the Court upon motion noticed to the client and all parties, in conformity with the requirements of the California Rules of Professional Conduct.  E.D. Cal. L.R. 182(d).  In such a case, the decision to grant or deny counsel's motion to withdraw is committed to the Court's discretion upon consideration of the reasons for

2

1  withdrawal, potential delay in resolution of the case, and potential prejudice to the litigants and
2  the administration of justice.  *See Copeland v. Challenge Sec. Servs., Inc.*, 2020 WL 315997, at
3  *1 (E.D. Cal. Jan. 21, 2020).

4        Federal courts often look to applicable state rules in determining whether adequate
5  grounds exist to excuse counsel from further representation.[2]  *Stewart v. Boeing Co.*,  2013 WL
6  3168269, at *1 (C.D. Cal. June 19, 2013) (citing *Denney v. City of Berkeley,* 2004 WL
7  2648293, at *2-*3 (N.D. Cal. Nov.18, 2004)) (looking to the California Code of Professional
8  Conduct when determining counsel's motion to withdraw).

9        Here, the Court finds good cause to grant Mr. Cooley's request that he be relieved as
10 counsel.  *See* CA ST RPC Rule 1.16(b)(10) (a lawyer may withdraw from representing a client
11 if "the lawyer believes in good faith, in a proceeding pending before a tribunal, that the tribunal
12 will find existence of other good cause for withdrawal").  Nothing before the Court suggests
13 that Petitioner will suffer delay or prejudice by virtue of Mr. Cooley's  withdrawal.  *See* CA ST
14 RPC Rule 1.16(d) (counsel may not withdraw unless he "has taken reasonable steps to avoid
15 reasonably foreseeable prejudice to the rights of the client.").  Notably, co-counsel Brian
16 Pomerantz continues to represent Petitioner for all purposes in the case, which is not yet at
17 issue.

18       The Court will refer the matter to the Selection Board for recommendation of suitable
19 replacement counsel.  Petitioner remains entitled to counsel pursuant to 18 U.S.C. § 3599(e).[3]
20 The Court finds appointment of counsel to be appropriate in this case.  E.D. Cal. L.R. 191(c).

---

[2] See Local Rule 180(e), which provides that "Every member of the Bar of this Court, and any attorney permitted to practice in this Court under (b), shall become familiar with and comply with the standards of professional conduct required of members of the State Bar of California and contained in the State Bar Act, the Rules of Professional Conduct of the State Bar of California, and court decisions applicable thereto, which are hereby adopted as standards of professional conduct in this Court. . . ."

[3] 18 U.S.C. § 3599(e) provides that "Unless replaced by similarly qualified counsel upon the attorney's own motion or upon motion of the defendant, each attorney so appointed shall represent the defendant throughout every subsequent stage of available judicial proceedings, including pretrial proceedings, trial, sentencing, motions for new trial, appeals, applications for writ of certiorari to the Supreme Court of the United States, and all available post-conviction process, together with applications for stays of execution and other appropriate motions and procedures, and shall also represent the defendant in such competency proceedings and proceedings for executive or other clemency as may be available to the defendant."

In this district, the Selection Board, as appointing authority, makes all recommendations for appointment of counsel in capital § 2254 matters. *See* E.D. Cal. General Order 677; E.D. Cal. L. R. 191(c). Therefore, the Court **ORDERS**,

1. The motion to withdraw by appointed co-counsel Craig M. Cooley (Doc. 140) is GRANTED.
2. This matter is REFERRED to the selection board for their recommendation of replacement counsel. Assistant Federal Defender David Harshaw shall submit the Board's recommendation of counsel to the Court under seal by emailing it to ApprovedSealed@caed.uscourts.gov, promptly upon issuance.
3. The Clerk of the Court is directed to SERVE this order upon: (i) counsel for the parties, (ii) the Selection Board, through David Harshaw, Assistant Federal Defender, 801 I Street, Third Floor, Sacramento, CA 95814, (Email) david_harshaw@fd.org, and (iii) Connie Garcia, CJA Panel Administrator, Federal Defender's Office, 2300 Tulare Street, Suite 330, Fresno, CA 93721, Connie_Garcia@fd.org.
4. Counsel for Petitioner shall PROVIDE him with a copy of this order.

IT IS SO ORDERED.

Dated:   **April 2, 2025**

UNITED STATES DISTRICT JUDGE